GREGORY M. HESS (UT #5611)
BENTLEY J. TOLK (UT #6665)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
Facsimile: 801-532-7750
Email: ghess@parrbrown.com
       btolk@parrbrown.com

Attorneys for Eleutian Technology, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH (CENTRAL DIVISION)**

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ELLUCIAN COMPANY, L.P., <br><br> Defendant. | **COMPLAINT** <br><br><br> Civil Action No. _____ <br><br> **(Jury Trial Demanded)** |

Plaintiff Eleutian Technology, Inc. ("Eleutian") brings this action against Defendant Ellucian Company, L.P. ("Ellucian") for injunctive relief and damages under the trademark laws of the United States and under the laws of the State of Utah, including the common law.

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction of this civil action under of 28 U.S.C. Section 1331 (federal question), 15 U.S.C. Section 1121 (trademarks), and 28 U.S.C. Section

1338(a) (trademarks) in that Claims 1 through 5 arise under the Trademark Act, 15 U.S.C. Section 1114(1) (trademark infringement), 15 U.S.C. Section 1125(a) (false designation of origin), 15 U.S.C. Section 1125(c) (trademark dilution), and/or 15 U.S.C. Section 1119 (cancelation of registrations) and/or other federal law.

2. This Court has supplemental jurisdiction over Claims 6 through 8 under 28 U.S.C. Section 1367(a) because they arise from the common nucleus of operative facts complained of in Claims 1 through 5.

3. Venue is proper in this judicial district under 28 U.S.C. Section 1391(b) because Ellucian resides in this judicial district, a substantial part of the events giving rise to Eleutian's claims occurred in this judicial district, and/or Ellucian's actions giving rise to this suit have had a substantial effect on parties in this judicial district.

4. The Court has personal jurisdiction over Ellucian because Ellucian resides in this judicial district, a substantial part of the events giving rise to Eleutian's claims occurred in this judicial district, and/or Ellucian knew that its acts and omissions as alleged herein would have a substantial impact on parties in this judicial district.

## **PARTIES**

5. Eleutian is a Delaware corporation with its principal place of business in Cody, Wyoming.

6. Eleutian also does business in Utah and has an office in Lehi, Utah.

7. Ellucian is a Delaware limited partnership with its principal place of business in Fairfax, Virginia.

8.     Ellucian also does business in Utah and has an office in Salt Lake City, Utah.

## ELEUTIAN'S BUSINESS

9.     Eleutian began on or about November 8, 2005, and was operated by Brian Holiday and Kent Holiday.  On or about March 16, 2006, Eleutian was formed into a limited liability company called Eleutian Technology, LLC.  Eleutian Technology, LLC merged with and into Eleutian Technology, Inc. (Eleutian) on or about November 23, 2010.

10.    Since its inception, Eleutian has been involved in conceptualizing and then designing, developing, and providing its customers access to computer-based programs for teaching and learning English.  In addition, since 2008, Eleutian has continually offered a Learning Management System ("LMS") to the schools, colleges and universities with which it does business.

11.    With over two million tutoring sessions taught, Eleutian is a market leader in the $100 Billion per year language education and LMS space.

12.    Specifically, Eleutian is the industry leader of online language instruction for global business and education entities.

13.    Eleutian is an active partner with many corporations and schools in the development and delivery of custom English learning programs to meet their unique student needs.

14.    Eleutian uses the mark ELEUTIAN (the "ELEUTIAN Mark") as the flagship brand for its business, and the ELEUTIAN Mark has attained considerable value and goodwill.

3

15. Eleutian first began using the ELEUTIAN Mark to provide computer-based English learning solutions in the form of downloadable software at least as early as April 28, 2006, and the ELEUTIAN Mark has been used continuously since that time by Eleutian Technology, LLC and Eleutian Technology, Inc. Eleutian's first use of the ELEUTIAN Mark in connection with online courses was at least as early as April 2006. The ELEUTIAN Mark has been used continuously since that time by Eleutian Technology, LLC and Eleutian Technology, Inc. in connection with online courses.

16. In addition to its common law rights in the ELEUTIAN Mark, Eleutian is the owner of United States Trademark Registration No. 4,649,191 for the ELEUTIAN Mark for educational services, namely conducting on-line programs in the field of language instruction, namely English; and providing courses of instruction, namely English-language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing (the "Second ELEUTIAN Mark"). The Second ELEUTIAN Mark was filed on April 28, 2014. A copy of the registration for the Second ELEUTIAN Mark is attached as Exhibit A. The registration for the Second ELEUTIAN Mark is valid, subsisting, and in full force.

17. Eleutian was also the owner of United States Trademark and Service Mark Registration No. 3,279,732 for the mark ELEUTIAN (the "First ELEUTIAN Mark") for computer software for use in language instruction that may be downloaded from a global computer network; educational services, namely conducting on-line programs in the field of language instruction, namely English; and providing courses of instruction, namely English-

language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing. The First ELEUTIAN Mark was filed on April 28, 2006. A copy of the registration for the First ELEUTIAN Mark is attached as Exhibit B.

18. Although the First ELEUTIAN Mark was cancelled on March 21, 2014, it was cancelled due to inadvertence, and Eleutian never stopped using the ELEUTIAN Mark. Very soon after Eleutian discovered that the First ELEUTIAN Mark had been cancelled due to inadvertence, Eleutian caused the Second ELEUTIAN Mark to be filed. At no time was there a gap or a disruption in Eleutian's use of the ELEUTIAN Mark.

19. Since Eleutian's initial use of the ELEUTIAN Mark, Eleutian has made a substantial investment in marketing and promoting its good and services under the ELEUTIAN Mark. Thus, Eleutian has used, advertised, and promoted goods and services using its ELEUTIAN Mark, with the result that Eleutian's customers, potential customers, and the general public have come to know and recognize the ELEUTIAN Mark and to associate it with Eleutian and its goods and services.

20. Eleutian's marketing and promotional efforts using the ELEUTIAN Mark have included, among other things, television, radio, newspaper, magazine, Internet, social media, and other media, such that Eleutian has built up extensive, valuable goodwill in the ELEUTIAN Mark.

21. As a result, the ELEUTIAN Mark is widely recognized by the general consuming public throughout the United States and the world as a designation of source of the services and

5

goods provided by Eleutian. Thus, the ELEUTIAN Mark has become famous within the meaning of 15 U.S.C. Section 1125(c)(2) in the United States generally.

## DEFENDANT'S CONDUCT

22. On March 14, 2012, Ellucian filed application serial number 85/569,141 under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), to register the mark ELLUCIAN for computer software used to manage, support and deliver administrative and academic record keeping capabilities to colleges and universities; and computer software for use by colleges and universities, namely, software used by higher education administrators, instructors, students, prospective students, alumni, donors and vendors to access student, financial, financial aid, academic, human resources, educational and personnel records, and instructional tools, course materials and resource materials.

23. Ellucian was not yet using the ELLUCIAN mark in commerce when it filed application serial number 85/569,141.

24. On August 6, 2013, application serial number 85/569,141 was granted, and United States Trademark Registration No. 4,380,887 was issued to Ellucian. A copy of that registration is attached as Exhibit C.

25. On March 14, 2012, Ellucian filed application serial number 85/569,153 under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), to register the mark ELLUCIAN for printed instructional materials and manuals in the field of computer software.

26. Ellucian was not yet using the ELLUCIAN mark in commerce when it filed application serial number 85/569/153.

27.     On August 6, 2013, application serial number 85/569,153 was granted, and United States Trademark Registration No. 4,380,888 was issued to Ellucian. A copy of that registration is attached as Exhibit D.

28.     On March 14, 2012, Ellucian filed application serial number 85/569,168 under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), to register the mark ELLUCIAN for (1) human resource management consulting services; business consulting services, namely, organizational readiness and change management services; business process improvement services; strategic planning services; business intelligence services; business research services; market research services; grants management services; business process analysis services; and providing business operational assistance services regarding computer software; (2) financial aid consulting services and financial management consulting services; and (3) educational services, namely, conducting training, workshops, individual instruction, and seminars in the field of computer software; student enrollment and educational performance management services; and educational assessment services.

29.     Ellucian was not yet using the ELLUCIAN mark in commerce when it filed application serial number 85/569,168.

30.     On April 2, 2013, application serial number 85/569,168 was granted, and United States Trademark Registration No. 4,314,534 was issued to Ellucian. A copy of that registration is attached as Exhibit E.

31.     On March 14, 2012, Ellucian filed application serial number 85/569,185 under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b), to register the mark ELLUCIAN for

computer software development, design, consulting, support, hosting, installation and maintenance services; quality assurance services; computer services, namely, data recovery services; computer technical support services, namely, troubleshooting of computer software problems; computer services, namely, remote and on-site management of information technology personnel, information technology systems and proprietary and third party software applications for others; computer systems administration services; computer programming services in the field of education; computer technology support services, namely, help desk services; custom design, modification and configuration of computer software and systems; application service provider services featuring computer software for use by colleges and universities, namely, provider services featuring computer software for use by colleges and universities, and, namely, software for use by higher education administrators, instructors, students, prospective students, alumni, donors and vendors to access student, financial, financial aid, academic, human resources, educational and personnel records, and associated instructional tools, course materials and resource materials; application service provider services, namely, hosting, systems management, development, analysis, design, operation, consulting, installation, data mapping and conversion, error correction and release application, localization, database administration; operation and support of proprietary and third party software for others in the educational field; consulting services in the field of computer software, namely, administration, planning, modification and configuration services; and consulting services in the areas of technology management and planning services.

32. Ellucian was not yet using the ELLUCIAN mark in commerce when it filed application serial number 85/569,185.

33. On April 9, 2013, application serial number 85/569,185 was granted, and United States Service Mark Registration No. 4,318,616 was issued to Ellucian. A copy of that registration is attached as Exhibit F.

34. On April 1, 2013, Ellucian filed application serial number 85/892,101, under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), to register the mark ELLUCIAN GO for downloadable software in the nature of a mobile application for use by higher education administrators, instructors, students, prospective students, alumni, donors and vendors to access student, financial, financial aid, academic, human resources, educational and personnel information and records.

35. Ellucian claims that it first began using the mark ELLUCIAN GO in commerce on March 29, 2013.

36. On December 3, 2013, application serial number 85/892,101 was granted, and United States Trademark Registration No. 4,443,019 was issued to Ellucian. A copy of that registration is attached as Exhibit G.

37. Eleutian has priority of use of the ELEUTIAN Mark over Ellucian's use of the ELLUCIAN and ELLUCIAN GO marks registered by Ellucian. Ellucian's use of the ELLUCIAN marks and the ELLUCIAN GO mark therefore violates Eleutian's rights in the ELEUTIAN Mark. The ELLUCIAN marks and the ELLUCIAN GO mark are nearly identical to the ELEUTIAN Mark in appearance, sound, connotation, and commercial impression.

38. Ellucian has been on notice of the Eleutian Mark and Eleutian's services since at least November 26, 2012.

39. Ellucian's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Ellucian's services and products. Consumers have been and are likely to be confused into thinking that Ellucian's services and products originate from, are associated or affiliated with, or are otherwise authorized by Eleutian.

40. In addition, or in the alternative, consumers are likely to be confused into thinking that Eleutian's services and products originate from, are associated or affiliated with, or are otherwise authorized by Ellucian, thereby causing reverse confusion.

41. Ellucian has marketed, advertised and promoted its goods and services under the ELLUCIAN marks and the ELLUCIAN GO mark through use of the Internet and, on information and belief, other targeted advertising, which are among the same promotional trade channels used for the ELEUTIAN Mark.

42. Ellucian offers and sells its goods and services under the ELLUCIAN marks and the ELLUCIAN GO mark to the educational and college and university market, which market is the same as the market for many of the services offered by Eleutian under the ELEUTIAN Mark.

43. Ellucian's adoption and use of the ELLUCIAN marks and the ELLUCIAN GO mark were unauthorized by, and without the consent of, Eleutian.

44. Ellucian has continued to use the ELLUCIAN marks and the ELLUCIAN GO mark, despite full knowledge of the ELEUTIAN Mark, Eleutian's extensive marketing,

advertising, and other promotional efforts using the ELEUTIAN Mark, and the famous nature of the ELEUTIAN Mark.

45.     On information and belief, Ellucian has conducted business using the ELLUCIAN marks and the ELLUCIAN GO mark with the intent to trade on the valuable goodwill and fame of the ELEUTIAN Mark.

46.     For these reasons, Ellucian's use of the ELLUCIAN marks and the ELLUCIAN GO mark constitutes trademark infringement and the use of false designations of origin.

47.     Also, because of the strong similarity in appearance, sound, connotation, and commercial impression of the ELLUCIAN marks and the ELLUCIAN GO mark to the ELEUTIAN Mark, Ellucian's use of the ELLUCIAN marks and the ELLUCIAN GO mark is likely to dilute the strength of the ELEUTIAN Mark by blurring.

48.     Moreover, any problem with the services provided by Ellucian under the ELLUCIAN marks and the ELLUCIAN GO mark may reflect poorly upon and injure the good and valuable reputation that Eleutian has established for its services and goods provided under the ELEUTIAN Mark, thereby causing dilution of the ELEUTIAN Mark by tarnishment.

49.     Furthermore, Ellucian's conduct constitutes unfair and deceptive business practices and the use of unfair, deceptive, untrue, and misleading representations.

50.     On information and belief, Eleutian has suffered damages, and/or Ellucian has earned illegal profits, in an amount to be proven at trial, as a result of the aforementioned acts.

51.     Ellucian has adopted and used and/or continued to use the ELLUCIAN marks and the ELLUCIAN GO mark willfully and maliciously and/or with knowing and reckless

indifference toward, and a disregard of, the rights of Eleutian to the ELEUTIAN Mark. Eleutian is therefore entitled to recover an award of enhanced damages and punitive damages from Ellucian in amounts to be determined at trial.

52. In addition, unless restrained and enjoined by this Court, Ellucian's conduct will cause Eleutian irreparable harm, for which Eleutian has no adequate remedy at law.

## FIRST CLAIM
### (Infringement of Plaintiff's Service Mark Certificate of Registration No. 4,649,191)

53. Eleutian realleges and incorporates by reference paragraphs 1 through 52, inclusive, as if fully set forth herein.

54. Ellucian's unauthorized use in interstate commerce of the ELLUCIAN marks and the ELLUCIAN GO mark as described above is likely to cause confusion (and has already caused actual confusion), mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55. Ellucian has infringed and is willfully infringing Eleutian's registered service mark shown in U. S. Service Mark Registration No. 4,649,191.

56. Eleutian has been, is, and is likely to be irreparably damaged by such acts, and damage will continue unless the acts are enjoined by this Court. Eleutian has no adequate remedy at law.

57. By reason of the foregoing, Eleutian asserts a claim against Ellucian for injunctive and monetary relief pursuant to Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM
### (Unfair Competition in Violation of Section 43(a)(1)(A) of the Lanham Act)

58. Eleutian realleges and incorporates by reference paragraphs 1 through 57 inclusive, as if fully set forth herein.

59. Eleutian is informed, believes, and thereon alleges that Ellucian has used in commerce a false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive, as to whether Ellucian is affiliated, connected, or associated with Eleutian and/or as to whether Eleutian sponsored or approved of Ellucian's goods, services or commercial activities, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

60. In addition, or in the alternative, Ellucian has used in commerce a false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive, as to whether Eleutian is affiliated, connected, or associated with Ellucian and/or as to whether Ellucian sponsored or approved of Eleutian's goods, services or commercial activities, causing reverse confusion, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61. By reason of the foregoing, Eleutian is entitled to damages and injunctive relief against Ellucian's unfair competition.

13

## THIRD CLAIM
### (False Advertising in Violation of
### Section 43(a)(1)(B) of the Lanham Act)

62. Eleutian realleges and incorporates by reference paragraphs 1 through 61 inclusive, as if fully set forth herein.

63. Eleutian is informed, believes, and thereon alleges that Ellucian has used in commerce a false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact as to the nature, characteristics, and/or qualities of its services and/or goods, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

64. By reason of the foregoing, Eleutian is entitled to injunctive relief against Ellucian's false advertising and damages.

## FOURTH CLAIM
### (Dilution of Famous Mark in Violation of
### Section 43(c) of the Lanham Act)

65. Eleutian realleges and incorporates by reference paragraphs 1 through 64 inclusive, as if fully set forth herein.

66. The ELEUTIAN Mark is a famous mark that has been in use for years, and it is a strong and inherently distinctive mark that is widely recognized by the general consuming public in the United States as a designation of source of Eleutian's services and goods.

67. Ellucian's use and sale of services and goods that are confusingly similar to the ELEUTIAN Mark, after the ELEUTIAN Mark became famous, have caused dilution of the distinctive quality of the ELEUTIAN Mark, in violation of 15 U.S.C. § 1125(c), by decreasing

the capacity of the ELEUTIAN Mark to identify and distinguish Eleutian's services (blurring) and also by tarnishing the value of the ELEUTIAN Mark.

68. Ellucian's conduct as set forth above has caused Eleutian to suffer injury to its reputation and has diluted the distinctive quality of the famous ELEUTIAN Mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

69. Such actions by Ellucian were committed willfully and with intent to trade on Eleutian's reputation and/or to dilute Eleutian's famous mark.

70. By reason of the foregoing, Eleutian is entitled to injunctive relief, damages and attorneys' fees pursuant to 15 U.S.C. § 1125(c).

**FIFTH CLAIM**
**(Cancelation of the Registrations for the ELLUCIAN marks**
**and the ELLUCIAN GO mark under Section 37 of the Lanham Act)**

71. Eleutian realleges and incorporates by reference paragraphs 1 through 70, inclusive, as if fully set forth herein.

72. This action involves a registered mark.

73. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the Court may order the cancelation of the registrations for the ELLUCIAN marks and the ELLUCIAN GO mark.

74. The ELLUCIAN marks and the ELLUCIAN GO mark so resemble the ELEUTIAN Mark as to be likely, when used on or in connection with the goods and services of Ellucian, to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. §§ 1052 and 1053.

75. The ELEUTIAN Mark has priority of use with respect to the ELLUCIAN marks and the ELLUCIAN GO mark.

76. Eleutian is therefore entitled to cancelation of the registrations for the ELLUCIAN marks and the ELLUCIAN GO mark pursuant to 15 U.S.C. § 1119.

## SIXTH CLAIM
### (Common Law Trademark and Trade Name Infringement)

77. Eleutian realleges and incorporates by reference paragraphs 1 through 76, inclusive, as if fully set forth herein.

78. Eleutian has used the ELEUTIAN Mark for many years and therefore has service mark rights to it under the common law of the United States and of the State of Utah.

79. Ellucian has used the ELLUCIAN marks and the ELLUCIAN GO mark in interstate commerce in a manner likely to cause confusion (and which has already caused actual confusion), mistake or deception, leading members of the public to believe falsely that Ellucian's services and products are sponsored, endorsed, licensed, approved by, or in some way connected with Eleutian, to the irreparable injury of Eleutian and the public.

80. In addition, or in the alternative, Ellucian has used the ELLUCIAN marks and the ELLUCIAN GO mark in interstate commerce in a manner likely to cause confusion (and which has already caused actual confusion), mistake or deception, leading members of the public to believe falsely that Eleutian's services and products are sponsored, endorsed, licensed, approved by, or in some way connected with Ellucian, to the irreparable injury of Eleutian and the public.

81. Ellucian has infringed and is willfully infringing the ELEUTIAN Mark.

82. Ellucian's conduct has harmed and continues to harm Eleutian's name and reputation and continues to cause confusion among members of the public.

83. Eleutian has been, is, and is likely to be irreparably damaged by such acts of infringement in an amount that cannot be determined without an accounting, and damage will continue unless the acts are enjoined by this Court. Eleutian has no adequate remedy at law.

84. By reason of the foregoing, Eleutian asserts a claim against Ellucian for injunctive and monetary relief for trademark and trade name infringement under the common law of the State of Utah.

**SEVENTH CLAIM**
**(Unfair Competition in Violation of**
**Utah Code Annotated Sections 13-5a-101 - 103)**

85. Eleutian realleges and incorporates by reference paragraphs 1 through 84 inclusive, as if fully set forth herein.

86. Eleutian is informed, believes, and thereon alleges that Ellucian has used in commerce false or misleading descriptions of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive, as to whether Ellucian is affiliated, connected, or associated with Eleutian and/or as to whether Eleutian sponsored or approved of Ellucian's activities, in violation of Utah Code Annotated Sections 13-5a-101 through -103.

87. In addition, or in the alternative, Eleutian is informed, believes, and thereon alleges that Ellucian has used in commerce false or misleading descriptions of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive,

as to whether Eleutian is affiliated, connected, or associated with Ellucian and/or as to whether Ellucian sponsored or approved of Eleutian's activities, or reverse confusion, in violation of Utah Code Annotated Sections 13-5a-101 through -103.

88. Ellucian's acts constitute an intentional business act or practice that is unlawful, unfair, or fraudulent, leads to a material diminution in value of intellectual property, and is infringement of a trademark or trade name.

89. By reason of the foregoing, Eleutian is entitled to injunctive relief and damages against Ellucian, including an award of costs, attorneys' fees, and punitive damages.

## EIGHTH CLAIM
### (Trademark Dilution in Violation of Utah Code Annotated Section 70-3a-403)

90. Eleutian realleges and incorporates by reference paragraphs 1 through 89 inclusive, as if fully set forth herein.

91. Ellucian has used in commerce imitations of Eleutian's famous ELEUTIAN Mark in connection with the sale, offering for sale, distribution, and/or advertising of products and/or services, and such use is likely to cause injury to Eleutian's business reputation and/or to cause dilution of the distinctive quality of the ELEUTIAN Mark, in violation of Utah Code Annotated Section 70-3a-403 and the common law.

92. Such actions by Ellucian were committed willfully and with intent to trade on Eleutian's reputation and/or to dilute its famous ELEUTIAN Mark.

93. By reason of the foregoing, Eleutian is entitled to injunctive relief, damages, and punitive damages, under Utah Code Annotated Sections 70-3a-403 and -404.

**PRAYER FOR RELIEF**

WHEREFORE, Eleutian demands judgment in its favor and against Ellucian, as follows:

1.      Awarding Eleutian compensatory damages in an amount to be determined at trial, plus trebled, enhanced or any other damages that the Court deems appropriate under the circumstances of the case;

2.      Permanently enjoining Ellucian, and those participating or acting in concert with it, from infringing the ELEUTIAN Mark;

3.      Permanently enjoining Ellucian, and those participating or acting in concert with it, from using any mark that is a copy, counterfeit or colorable imitation of the ELEUTIAN Mark;

4.      Permanently enjoining Ellucian, and those participating or acting in concert with it, from making false designations of origin and false descriptions and representations, from unfair competition and from injuring and diluting the distinctiveness of the ELEUTIAN Mark; and from otherwise deceiving, confusing, or misleading the public by use of marks confusingly similar to the ELEUTIAN Mark;

5.      Requiring Ellucian to account for and pay to Eleutian, in accordance with 15 U.S.C. Section 1117, treble damages and attorneys' fees on those claims asserted pursuant to 15 U.S.C. Section 1114(1);

6.      Requiring Ellucian to account for and pay to Eleutian, in accordance with 15 U.S.C. Section 1117, treble damages on those claims asserted under 15 U.S.C. Section 1125(a) and/or a willful violation of 15 U.S.C. Section 1125(c);

7. Requiring that all infringing articles and all means by which copies of same may be reproduced, be impounded and destroyed pursuant to 15 U.S.C. Section 1118;

8. Canceling the registrations for the ELLUCIAN marks and the ELLUCIAN GO mark pursuant to 15 U.S.C. Section 1119;

9. Awarding Eleutian prejudgment interest at the rate established under 26 U.S.C. Section 6621(a)(2) from the date of service of this complaint through the date of judgment;

10. Awarding Eleutian punitive damages;

11. Awarding prejudgment and post-judgment interest as allowed by law;

12. Awarding Eleutian its allowable costs;

13. Awarding Eleutian its reasonable attorneys' fees; and

14. Awarding Eleutian such other and further relief as is just and equitable in the premises.

## JURY DEMAND

Eleutian hereby demands a trial by jury on all issues triable to a jury as a matter of right.

DATED this 9th day of September, 2015.

PARR BROWN GEE & LOVELESS

By: /s/ Bentley J. Tolk
Gregory M. Hess, Esq.
Bentley J. Tolk, Esq.
Attorneys for Plaintiff
Eleutian Technology, Inc.

4849-3888-0552 v. 1