John E. Delaney (UT #8481)
Erik A. Christiansen (UT #7372)
PARSONS BEHLE & LATIMER
#1800, 201 Main Street
Salt Lake City, UT  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

*Attorneys for Ellucian Company, L.P.*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC., <br><br>     Plaintiff, <br><br> v. <br><br> ELLUCIAN COMPANY, L.P., <br><br>     Defendant. | **MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** <br><br> Case No. 2:15-CV-00649-BSJ <br><br> Judge Bruce S. Jenkins |

Defendant Ellucian Company, L.P. ("Ellucian") by and through its counsel of record in this matter, hereby submits this Motion To Dismiss For Late Service of Process Pursuant to Rules 12(b)(5) and (4)(m) and For Failure to State a Claim Under Federal Rules of Civil Procedure 12(b)(6) and 8.

**Table of Contents**

PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION ....................1

FACTS ..................................................................................................................................2

INTRODUCTION .................................................................................................................4

     I.     ETI Files Its Complaint...............................................................................4

     II.    ETI Does Not Timely Serve Its Complaint And Then Engages In *Ex Parte*
     Motion Practice To Obtain An Extension...................................................5

LEGAL AUTHORITY ..........................................................................................................6

ARGUMENT .........................................................................................................................8

     I.     The Court Should Dismiss The Whole Of The Complaint Pursuant To
     Rule 12(b)(5)............................................................................................8

          A.     ETI Failed to Effect Service Within the Time Period Allotted by the
          Federal Rules of Civil Procedure ..................................................8

          B.     There Is No Good Cause for ETI's Failure to Make Timely Service..........8

          C.     ETI Does Not Deserve a Permissive Extension...........................9

          D.     Alternative Relief.......................................................................14

     II.    The Court Should Dismiss ETI's False Advertising, Utah Unfair
     Competition, And Tarnishment Claims Because The Facts Alleged In Its
     Complaint Do Not Plead A Basis Of Liability ......................................15

          A.     The Complaint Does Not Allege Sufficient Facts to Support The False
          Advertising and Utah Unfair Competition Claims Because It Fails to
          Allege Either a "Material False or Misleading Representation of Fact" or
          an "Unlawful, Unfair, or Fraudulent" Business Practice...........................15

          B.     The Court Should Dismiss the Tarnishment Claims Under Both the
          Lanham Act and Utah State Law ...............................................17

CONCLUSION.....................................................................................................................19

# Table of Authorities

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009).................................................................. 7, 16, 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................ 7

*Bethley v. City of Spencer, Okla.,*
    No. 94-6110, 1994 WL 573765 (10th Cir. 1994) ................................ 9

*Brown v. Zavaras,*
    63 F.3d 967 (10th Cir. 1995) ............................................................. 7

*Cloyd v. Andersen & Co., Inc.,*
    No. 93-4199, 1994 WL 242184 (10th Cir. June 7, 1994)................... 13

*Cloyd v. Arthur Anderson & Co.,*
    151 F.R.D. 407 (D. Utah 1993) .......................................................... 8

*Commodities Future Trading Comm'n v. Wall Street Underground, Inc.,*
    221 F.R.D. 554 (D. Kan. 2004)....................................................... 9, 10

*Cottrell, Ltd. v. Biotrol Int'l, Inc.,*
    191 F.3d 1248 (10th Cir. 1999) ......................................................... 15

*Despain v. Salt Lake Area Metro Gang Unit,*
    13 F.3d 1436 (10th Cir. 1994) ...................................................... 10, 13

*Espinoza v. United States,*
    52 F.3d 838 (10th Cir. 1995) ............................................................ 13

*GFF Corp. v. Associated Wholesale Grocers, Inc.,*
    130 F.3d 1381 (10th Cir. 1997) .......................................................... 7

*Hall v. Bellmon,*
    935 F.2d 1106 (10th Cir. 1991) .......................................................... 7

*Harris Research, Inc. v. Lydon,*
    505 F. Supp. 2d 1161 (D. Utah 2007)................................................ 18

*In re Kirkland,*
    86 F.3d 172 (10th Cir. 1996) ............................................................. 8

*In re Langston*,
    319 B.R. 667 (D. Utah 2005) ............................................................................ 9

*Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*,
    __ Fed. Appx. __, 2016 WL 523613 (10th Cir. Feb. 9, 2006) ................................... 7, 15, 16

*Jordache Enters., Inc. v. Hogg Wyld, Ltd*,
    828 F.2d 1482 (10th Cir. 1987) ......................................................................... 17

*Klein-Becker USA, LLC v. Home Shopping Network, Inc.*,
    No. 2:05-cv-00200, 2005 WL 2265007 (D. Utah Aug. 31, 2005) ................................ 15, 17

*Krueger v. Doe*,
    No. 98-6144, 1998 WL 717286 (10th Cir. Oct. 14, 1998) ...................................... 13

*McDonald v. Wise*,
    769 F.3d 1202 (10th Cir. 2014) ......................................................................... 7

*N.Y. Stock Exch., Inc. v. New York, N.Y. Hotel LLC*,
    293 F.3d 550 (2d Cir. 2002) ............................................................................. 18

*Navajo Nation v. Urban Outfitters, Inc.*,
    935 F. Supp. 2d 1147 (D.N.M. 2013) ................................................................... 18

*Peel v. Rose*,
    No. 2:09–cv–01017, 2010 WL 2629804 (D. Utah May 28, 2010) ............................... 10

*Petrashov v. Hit Web Design*,
    No. 2:14-cv-00269, 2015 WL 8541660 (D. Utah Nov. 12, 2015) ................................ 6

*Rees v. Bd. of Cty. Comm'rs of Adams Cty.*,
    No. 07-cv-00230, 2008 WL 3285256 (D. Colo. Aug. 7, 2008) .................................. 9

*Rich Media Club, LLC v. Mentchoukov*,
    No. 2:11-cv-1202, 2012 WL 1119505 (D. Utah Apr. 3, 2012) ................................... 15, 17

*Ruiz v. McDonnell*,
    299 F.3d 1173 (10th Cir. 2002) ......................................................................... 7

*Tines v. PepsiAmericas, Inc.*,
    265 F.R.D. 285 (W.D. Tenn. 2010) ..................................................................... 13, 14

*Vincent v. Utah Plastic Surgery Soc.*,
    621 Fed. Appx. 546 (10th Cir. 2015) ................................................................... 16

*Womble v. Salt Lake City Corp.*,
    84 Fed. Appx. 18 (10th Cir. 2003) ............................................................ 6

## Statutes

Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B) ................................ 1, 16

Lanham Act § 43(c), 15 U.S.C. § 1125(c) ...................................................... 1

Utah Code Annotated § 70-3a-403 .................................................................. 1

Utah Code Annotated §§ 13-5a-101–103 ....................................................... 1

Utah Code Annotated § 13-5a-102(4)(a) ................................................. 15, 17

## Rules

Federal Rule of Civil Procedure 4 ......................................................... *passim*

Federal Rule of Civil Procedure 5 ......................................................... 6, 12

Federal Rule of Civil Procedure 8 ...................................................... 1, 5, 18

Federal Rule of Civil Procedure 12(b)(5) .............................................. *passim*

Federal Rule of Civil Procedure 12(b)(6) .......................................... 1, 7, 18

## PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION

Ellucian hereby moves the Court to dismiss Eleutian Technology, Inc.'s ("ETI"'s) Complaint without prejudice pursuant to the Federal Rules of Civil Procedure 12(b)(5) and 4(m). The grounds for this motion are (1) the Complaint was not served upon Ellucian within the time allotted by Federal Rule of Civil Procedure 4(m); (2) ETI never engaged in settlement discussions with Ellucian following the filing of its Complaint; (3) there is no good cause for ETI's tardiness in effecting service; (4) there is no evidence that Ellucian was on actual notice of this action; (5) Ellucian is prejudiced by an extension of ETI's time to serve because Ellucian made investments in, relied on, and accrued goodwill in its trademarks while ETI delayed service; (6) ETI failed to serve its January 26 Motion for extension on Ellucian; (7) the fact that ETI's cause of action may be barred if it is forced to refile does not merit a permissive extension; and (8) there is no evidence that Ellucian evaded service.

Ellucian also hereby moves the Court to dismiss with prejudice (1) the Third Claim in the Complaint for False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act (the "False Advertising Claim"); (2) the Seventh Claim in the Complaint for Unfair Competition in Violation of Utah Code Annotated Sections 13-5a-101–103 (the "Utah Unfair Competition Claim"); (3) the Fourth Claim in the Complaint for Dilution of a Famous Mark in Violation of Section 43(c) of the Lanham Act by tarnishment (the "Tarnishment Claim"); and (4) the Eighth Claim in the Complaint for Trademark Dilution in Violation of Utah Code Annotated Section 70-3a-403 by tarnishment (the "Utah Dilution Claim" and, together with the Tarnishment Claim, the "Tarnishment Claims") pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 8.

The grounds for dismissal of the False Advertising Claim and the Utah Unfair Competition Claim are that ETI failed to allege any facts about any false or misleading representation of fact or any other unlawful, unfair, or fraudulent act (aside from trademark infringement) by Ellucian.  The grounds for dismissal of the Tarnishment Claims are that ETI failed to allege that Ellucian's use of its allegedly infringing marks are linked to products of shoddy quality or portrayed in an unwholesome or unsavory context.

## FACTS

1. On September 9, 2015, ETI filed its Complaint.  [*See* ECF No. 2.]

2. The time period allotted by Federal Rule of Civil Procedure 4(m) for service expired on January 7, 2016.  [*See* ECF No. 6 at 2.]

3. On January 26, 2016, ETI moved this Court for an extension of time to serve (the "January 26 Motion"), stating that it did not "serve Ellucian with the Complaint because [ETI] was hoping to engage Ellucian in talks to try to resolve the dispute."  [*See id.* at 2.]

4. At no time between September 9, 2015, and the filing of this motion did Ellucian or its counsel receive any communications from ETI relating to settlement talks.  [*See* Decl. of Brandon C. Martin, which is attached as Exhibit "1" at ¶ 2; Decl. of Kevin M. Boyce, which is attached as Exhibit "2" at ¶ 2.]

5. ETI did not serve a copy of its motion on Ellucian or transmit it to Ellucian's counsel [*see* Ex. 1 at ¶ 4], despite having ready access to Ellucian's counsel's contact information [*see* ECF No. 6-1 at 2].

6. Ellucian never had an opportunity to oppose or respond to ETI's January 26 Motion. [*See* Ex. 1 at ¶ 4.]

2

7.  On January 28, 2016, the Court granted ETI's January 26 Motion with a one-paragraph order.  [*See* ECF No. 7.]

8.  On January 29, 2016, ETI served the Complaint and Summons on Ellucian's registered agent in Utah.  [*See* ECF No. 9.]

9.  At no time did ETI approach Ellucian or its counsel to request a waiver of service.  [*See* Ex. 2 at ¶ 3; Ex. 1 at ¶ 3.]

10. Ellucian provides technology solutions and services to higher education institutions.  [*See* Ex. 2 at ¶ 4.]

11. On December 28, 2015, Ellucian announced a partnership with Amazon.com, Inc. ("Amazon") to provide Ellucian software solutions in the cloud to allow institutions across the world to benefit from Ellucian's higher education product portfolio.  [*See* Ex. 2 at ¶ 5.]

12. Achieving the partnership with Amazon required significant investment of Ellucian's time and resources.  [*See id.* at ¶ 6.]

13. On January 29, 2016, Ellucian announced that University Business Magazine had named the "Ellucian eTranscripts" product to its list of "Readers' Choice Top Products" for 2016.  [*See id.* at ¶ 7.]

14. Ellucian eTranscripts is a software product that Ellucian offers to university and college registrars for the purpose of processing transcript requests.  [*See id.* at ¶ 8.]

15. Garnering recognition from its consumers and the press for Ellucian eTranscripts represents an enhancement of the goodwill associated with the name of Ellucian's business.  [*See id.* at ¶ 9.]

16. Since November 2012, Ellucian has invested in excess of $10,000,000 in marketing its technology products and services under its registered marks, including investing approximately $445,000 in marketing this year alone.  [*See id.* at ¶ 10.]

## INTRODUCTION

### I.   ETI Files Its Complaint

ETI commenced this action on September 9, 2015, filing a twenty-page Complaint alleging eight different claims—all of which allegedly stem from Ellucian's use of its registered marks, ELLUCIAN and ELLUCIAN GO, in the market.  However, the Complaint says very little about Ellucian's acts in the market.  Of the one-hundred-and-seven paragraphs in the Complaint, only three make factual allegations about Ellucian's acts in the marketplace.  Those allegations are as follows:

- "Ellucian claims it first began using the mark ELLUCIAN GO in commerce on March 29, 2013."  [*See* ECF No. 2 at ¶ 35.]

- "Ellucian has marketed, advertised and promoted its goods and services under the ELLUCIAN marks and the ELLUCIAN GO mark through use of the Internet and, on information and belief, other targeted advertising . . . ."  [*See id.* at ¶ 41.]

- "Ellucian offers and sells its goods and services under the ELLUCIAN marks and the ELLUCIAN GO mark to the educational and college and university market . . . ."  [*See id.* at ¶ 42.]

Which specific "goods and services" ETI alleges that Ellucian "offers and sells" and specifically how it has "marketed, advertised and promoted" them is left unsaid.[1]  Nor do any of

---

[1] ETI recites the categories of "goods and services" for which Ellucian's trademarks are registered.  [*Compare* ECF No. 2 at ¶¶ 22, 25, 28, 31 and 34 *with id.* at Exs. C–G.]  There are dozens of these, and they include, e.g., "human resource management consulting services," "data recovery services," and "downloadable software in the nature of a mobile application for use by higher education administrators, instructors, students, prospective students, alumni, donors and vendors to access student, financial, financial aid, academic, human resources, educational and

the allegations in the Complaint identify a statement of fact made by Ellucian, let alone one that might be considered a false or misleading statement of fact made in commerce, as required to adequately plead the False Advertising Claim. Nor does the Complaint identify any particular unlawful, fraudulent, or unfair act by Ellucian, which is required to adequately plead the Utah Unfair Competition Claim.

Similarly, ETI's claims of dilution by tarnishment, both under the Lanham Act and under Utah state law, rest on pure speculation. The Complaint alleges only that "any problem with the services provided by Ellucian under the ELLUCIAN marks and the ELLUCIAN GO mark *may* reflect poorly upon and injure the good and valuable reputation that [ETI] has established. . . thereby causing dilution of the ELEUTIAN Mark by tarnishment." [*See* ECF No. 2 at ¶ 48 (emphasis added).] The Complaint does not allege that Ellucian's "services"[2] have "problem[s]" or what those "problem[s]" might be. Federal Rule of Civil Procedure 8 requires more.

## II.    ETI Does Not Timely Serve Its Complaint And Then Engages In *Ex Parte* Motion Practice To Obtain An Extension

ETI did not serve its Complaint in a timely fashion. Instead, after the Rule 4(m) deadline had passed, it filed its January 26 Motion asking for more time. The entrée to ETI's January 26 Motion is that it did not serve Ellucian because it was planning on engaging in settlement discussions. [*See* ECF No. 6 at 2.] ETI did not engage Ellucian or Ellucian's counsel in any discussions (settlement or otherwise). [*See* Ex. 2 at ¶ 2. Ex. 1 at ¶ 2.] Ellucian and its counsel

---

personnel information and records." [*See id.* at ¶¶ 28, 31, and 34.] The Complaint's recitations of descriptions of categories of goods and services from Ellucian's Registrations do nothing to inform Ellucian of which actual Ellucian products and/or services it is accused of falsely advertising.

[2] The Complaint further fails to identify specific Ellucian services and instead recites the "goods and services" for which Ellucian's trademarks are registered. *See supra*, n. 1.

first learned of the plan to engage in settlement discussions by reading about it in ETI's January 26 Motion *after* the motion was granted—ETI did not serve its motion on Ellucian, depriving Ellucian of the opportunity to respond.  [*See* Ex. 1 at ¶ 4.]  *See* Fed. R. Civ. P. 5(a)(1)(D) (requiring service of "a written motion . . . on every party").  In fact, ETI did not email the January 26 Motion to Ellucian's counsel [*see* Ex. 1 at ¶ 4], though it argued in its motion that emailing the Complaint to Ellucian's counsel was sufficient to put Ellucian on actual notice of this matter [ECF No. 6 at 4–5].

## LEGAL AUTHORITY

Where, as here, a plaintiff has no good cause for failing to serve its complaint within the time period prescribed by Rule 4(m), a district court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) need only "consider whether a permissive extension of time may be warranted."  *Womble v. Salt Lake City Corp.*, 84 Fed. Appx. 18, 20 (10th Cir. Dec. 11, 2003) (unpublished).  In determining whether a permissive extension is warranted, the District of Utah "generally considers" whether (1) plaintiff attempted to effect service properly; (2) whether defendant was on notice of the suit; (3) prejudice to the defendant; (4) whether the statute of limitations would bar plaintiff's case if it were forced to refile; and (5) whether defendant has evaded service.  *See Petrashov v. Hit Web Design*, No. 2:14-cv-00269, 2015 WL 8541660, at *1–2 (D. Utah Nov. 12, 2015) (unpublished); Fed R. Civ. P. 4(m) Advisory Committee Note to 1993 Amendments.[3]

---

[3] The Court also considers whether a pro se plaintiff is having difficulty due to the complexity of the Federal Rules of Civil Procedure.  *Petrashov*, 2015 WL 8541660, at *2.  This consideration is irrelevant here.

In addition, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Plaintiffs as the nonmoving party.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court need not, however, consider allegations that are conclusory or that "do not allege the factual basis" for the claim.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").  "Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, __ Fed. Appx. __, 2016 WL 523613, at *3 (10th Cir. Feb. 9, 2016) (unpublished) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, in order to survive a motion to dismiss, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Ultimately, in order to satisfy this facial-plausibility standard, 'a complaint requires more than labels and conclusions because a formulaic recitation of the elements of a cause of action will not do.'" *Intermountain Stroke Ctr.*, 2016 WL 523613 at *3 (citing *McDonald v. Wise*, 769 F.3d 1202, 1219 (10th Cir. 2014) (internal citations omitted)).

7

## ARGUMENT

I.   **The Court Should Dismiss The Whole Of The Complaint Pursuant To Rule 12(b)(5)**

A.   **ETI Failed to Effect Service Within the Time Period Allotted by the Federal Rules of Civil Procedure**

ETI does not dispute that it did not comply with Rule 4.  Under Rule 4(c), the "plaintiff is responsible for having the summons and complaint served [on the defendant] within the time allowed by Rule 4(m)."  Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action."[4]  ETI filed its Complaint on September 9, 2015.  [ECF No. 2.]  It waited 142 days, until January 29, 2016, to serve the Complaint.  [ECF No. 9.]  Plaintiff therefore failed to heed this Court's advice to treat the time limit imposed by Rule 4(m) "with the respect reserved for a time bomb."  *See Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407, 414 (D. Utah 1993).  The fact that service has now been completed does not prevent the suit from being dismissed.  *See In re Kirkland*, 86 F.3d 172, 173–176 (10th Cir. 1996) (granting 12(b)(5) motion after service was made one day late).

B.   **There Is No Good Cause for ETI's Failure to Make Timely Service**

ETI does not assert that there is good cause for its failure to make timely service [*see* ECF No. 6 at 4], and indeed, there is no good cause.  **First**, despite its claim that it did not immediately "serve Ellucian with the Complaint because [ETI] was hoping to engage Ellucian in talks to try to resolve the dispute" [*see* ECF No. 6 at 2 and No. 6-1 at 2], ETI has done nothing of

---

[4] The new version of Rule 4(m), which went into effect on December 1, 2015, requires service in 90 days.  The reduction in time to make service reflects growing impatience with dilatory plaintiffs: the time period was shortened to "reduce delay at the beginning of litigation."  *See* Fed. R. Civ. P. 4(m) Advisory Committee Note on 2015 Amendments.

the kind.  Neither Ellucian nor its outside counsel received any sort of overture from ETI.[5]  [*See* Ex. 1 at ¶ 2 and Ex. 2 at ¶ 2.]  ***Second***, there can be no excuse for not serving Ellucian.  The address for its agent for service in Utah is clearly listed on the Utah Secretary of State's website, *see* Ex. 1, at ¶ 5; its Utah offices are located a less-than-ten-minute drive from the offices of ETI's counsel, *see id.* at ¶ 6; and the address of its corporate headquarters is listed clearly on the face of Exhibits C, D, E, F, and G to ETI's Complaint.  [*See* ECF No. 2 at Exs. C-G.]  ***Third***, ETI has not explained why, over the course of more than 140 days, it never served the Complaint.  Although counsel states that he did not serve the Complaint "immediately" after filing because he hoped to engage in settlement discussions, ETI has offered no explanation for its ongoing failure to serve over the following four months.  Without a rationale for its tardiness, ETI cannot possibly have "good cause."

### C.     ETI Does Not Deserve a Permissive Extension

#### 1.     Email of the Complaint to Ellucian's counsel does not constitute actual knowledge of the suit for Ellucian

"[T]he Tenth Circuit has not attributed actual notice to a defendant where another individual [other than plaintiff] might have informed defendant of the lawsuit."  *Commodities Future Trading Comm'n v. Wall Street Underground, Inc.*, 221 F.R.D. 554, 557 (D. Kan. 2004) (citing *Bethley v. City of Spencer, Okla.*, No. 94-6110, 1994 WL 573765, at *4–5 (10th Cir. 1994) (unpublished) (fact that defendant "was represented by the same attorney as the other

---

[5] Failure to serve a complaint due to actual, "ongoing settlement negotiations" does not constitute good cause for missing the Rule 4(m) deadline.  *See In re Langston*, 319 B.R. 667, 669, 671 (D. Utah 2005); *see also Rees v. Bd. of Cty. Comm'rs of Adams Cty.*, No. 07-cv-00230, 2008 WL 3285256, at *2 (D. Colo. Aug. 7, 2008) (unpublished) ("this Court rejects the basic premise that negotiations to resolve an action can constitute good cause for failing to serve").

defendants" in lawsuit was not enough to satisfy service of process requirements)). "[T]he court cannot conclude that a defendant had actual notice of a lawsuit against him, much less waive the requirements of Rule 4, merely because defendant engaged the services of an attorney." *Commodities Future Trading*, 221 F.R.D. at 557.

This rule is not contrary to *Peel v. Rose*, No. 2:09-cv-01017, 2010 WL 2629804 (D. Utah May 28, 2010) (unpublished), which ETI relied on in its January 26 Motion. [*See* ECF No. 6 at 4–5.] ETI argued that, "[a]s in *Peel*, [ETI] should be granted a permissive extension due to the fact that Ellucian's outside counsel received a copy of the filed Complaint on the day it was filed." [*Id.* at 5.] But *Peel* is not on point because the defendant in that case had no counsel—he appeared *pro se*. *See* 2010 WL 2629804 at *1. The *Peel* court held that the defendant had "actual notice of the action against him *as demonstrated through his filing of numerous pleadings which evidence a clear awareness of the claims against him*." *Id.* at *2 (portion of quotation omitted by ETI in its January 26 Motion italicized). *Peel* therefore does not stand for the proposition that providing a complaint to defendant's outside counsel constitutes actual notice to the defendant.

There is thus no basis in the record for finding that Ellucian was on actual notice. Even if there were, Tenth Circuit law is clear that "actual notice is not equivalent to a showing of good cause" for failure to timely effect service. *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994).

2.   Ellucian is prejudiced by an extension because ETI's delay in asserting its alleged trademark rights led to Ellucian investing in and relying on the publicity of its marks

ETI asserts in its January 26 Motion that its "preliminary investigation" revealed that it first learned of Ellucian's application to register the ELLUCIAN mark in November of 2012.[6] [*See* ECF No. 6 at 5.]  During that nearly three-year delay between ETI's alleged discovery and the date on which it filed suit, Ellucian made significant investments in the goodwill associated with its name while ETI sat on its rights.   During that time, Ellucian invested more than $10,000,000 in marketing its products and services under the Ellucian name.  [*See* Ex. 2 at ¶ 10.]

That nearly three-year delay is compounded by the 142 days during which ETI delayed serving its Complaint in the purported hope of settlement talks that it did nothing to initiate. Ellucian's investments in its business as "Ellucian" have been ongoing—Ellucian has already invested more than $445,000 in marketing its products and services under the Ellucian name this year.  [*See id.*]  Similarly, on December 28, 2015, more than three months after the Complaint was filed, Ellucian announced a partnership with Amazon to offer Ellucian solutions, including Ellucian Recruiter, Ellucian Mobile, Ellucian Pilot, Ellucian Elevate, and Ellucian eTranscripts from the cloud.   [*See id.* at ¶ 5; *see also* Ellucian News (Dec. 28, 2015), *available at* http://www.ellucian.com/News/Ellucian--Amazon-Web-Services-Collaborate-to-Bring-Cloud-Enabled-Solutions-to-Higher-Education/].   Achieving this partnership required a significant investment of resources and time on the part of Ellucian.  [*See* Ex. 2 at ¶ 6.]  Indeed, goodwill accrued to the Ellucian name in the days after ETI failed to meet the Rule 4(m) deadline.  As

---

[6] Ellucian reserves all rights to argue that ETI knew or should have known of Ellucian's applications at an earlier date.

Ellucian announced on January 29, 2016, University Business Magazine named the Ellucian eTranscripts product to its list of "Readers' Choice Top Products" for 2016.  [*See id.* at ¶ 7; *see also* Ellucian News (Jan. 29, 2016), *available at* http://www.ellucian.com/News/Ellucian-e-Transcripts-named-a-Readers-Choice-Top-Product-by-University-Business-readers/.]    Ellucian eTranscripts is a software product that Ellucian offers to institutions of higher learning for use by registrars in processing transcript requests.  [*See* Ex. 2 at ¶ 8.]  Garnering recognition from the press and its customers for its eTranscripts product represents a significant enhancement of the goodwill associated with Ellucian's name.  [*See id.* at ¶ 9.]  An extension of the deadline to serve therefore would prejudice the investments made by Ellucian in its marks and its reliance thereon in the marketplace.

### 3.    ETI's conduct does not merit an extension

ETI has demonstrated selective use of the Federal Rules of Civil Procedure.  ETI failed to serve Ellucian within the time allotted by Rule 4(m)—a failure that remains unexplained other than by reference to an unrealized intent to start settlement negotiations.  Ellucian was then prevented from informing the Court that there were no efforts at settlement because, apparently neglecting Rule 5, ETI failed to serve its January 26 Motion for an extension on Ellucian.  ETI also failed to email the motion to Ellucian's counsel [*see* Ex. 1 at ¶ 4] despite having access to counsel's email address [*see* ECF No. 6-1 at 2 and Ex. A].  Nonobservance of the Rules should not be rewarded with a permissive extension.

### 4.    That ETI's action may time-barred if its delay forces it to refile is not sufficient reason to grant a permissive extension

Under Tenth Circuit law, the fact "[t]hat a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of

12

time under [then] new Rule 4(m)." *Cloyd v. Andersen & Co., Inc.*, No. 93-4199, 1994 WL 242184 (10th Cir. June 7, 1994) (unpublished); *see also Despain*, 13 F.3d at 1439. "This factor alone is not determinative," *Krueger v. Doe*, No. 98-6144, 1998 WL 717286, at *2 (10th Cir. Oct. 14, 1998) (unpublished), and it certainly should not be determinative where, as here, all of the other factors weigh in favor of dismissal **and** the plaintiff tries to have it both ways—seeking a permissive extension because the statute of limitations may bar its claims while maintaining that there is "a good argument" that its claims would survive. [*See* ECF No. 6 at 5.]

ETI argues only that "[a]n argument could potentially be made" that "some or all" of its Lanham Act claims may be barred if forced to refile. [*See id.*] That is not sufficient under the test suggested by the Advisory Committee and adopted by the Tenth Circuit in *Espinoza v. United States*, 52 F.3d 838, 841–42 (10th Cir. 1995). The Advisory Committee Note to the 1993 Amendment to Rule 4(m) states that "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." ETI's conjecture that  "[a]n argument could potentially be made" falls short of that standard. In a similar vein, ETI asserts that the Utah Savings Statute would likely preserve its claims. [*See* ECF No. 6 at 5.] Instead of arguing that the "applicable statute of limitations would bar [its] refiled action," ETI claims merely that statute of limitation issues would require "the Court's time and attention" to resolve. [*Id.*]

Nor does ETI argue that its common law or Utah statutory claims would be barred by any statute of limitations. Courts have held that where the plaintiff does not argue that each cause of action would be barred, "the underlying action would not be totally barred as the Advisory Committee Note contemplates" and a permissive extension is not warranted. *See, e.g., Tines v.*

13

*PepsiAmericas, Inc.*, 265 F.R.D. 285, 288 (W.D. Tenn. 2010) (dismissing for failure to serve where only some causes of action would be barred by statute of limitations).

Whether ETI's claims are barred by a statute of limitations is an issue that should be addressed by the Court after ETI has refiled its Complaint, after discovery has taken place on the issue, and after full briefing by the parties.

5.  Ellucian has done nothing to complicate service

The 1993 Advisory Committee Note states that one of the factors the Court should consider in determining whether to grant a permissive extension is whether Defendant has attempted to evade service.  ETI has not alleged that Ellucian tried to evade service.  Indeed, there are no facts to support such an allegation because (1) ETI, by its own admission, never attempted service within the deadline [*see* ECF No. 6 at 2] and (2) ETI never approached Ellucian or its counsel about waiver of service [*see* Ex. 1 at ¶ 3; Ex. 2 at ¶ 3].  Ellucian therefore comes to the Court with clean hands.

**D.    Alternative Relief**

Ellucian does not wish to burden the clerk, this Court, or ETI with unnecessary costs. Therefore, if in the interests of justice, the Court finds it to be more expedient than a dismissal, pursuant to Rule 12(b)(5), Ellucian alternatively requests that this Court deem January 29, 2016 (the date that Ellucian was served), to be the filing date of the Complaint.

**II.**   **The Court Should Dismiss ETI's False Advertising, Utah Unfair Competition, And Tarnishment Claims Because The Facts Alleged In Its Complaint Do Not Plead A Basis Of Liability**

**A.**   **The Complaint Does Not Allege Sufficient Facts to Support The False Advertising and Utah Unfair Competition Claims Because It Fails to Allege Either a "Material False or Misleading Representation of Fact" or an "Unlawful, Unfair, or Fraudulent" Business Practice**

To state a claim for false advertising under the Lanham Act, a plaintiff "must plausibly allege: (1) that the defendant *made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product*; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff." *Intermountain Stroke Ctr.*, 2016 WL 523613 at *5 (quoting *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999)) (emphasis added). Similarly, to state a claim for unfair competition under Utah state law, a plaintiff must plausibly allege "an intentional business act or practice that . . . is *unlawful, unfair, or fraudulent*; and . . . leads to a material diminution in value of intellectual property; and . . . is . . . infringement of a . . . trademark." *See Klein-Becker USA, LLC v. Home Shopping Network, Inc.*, No. 2:05-cv-00200, 2005 WL 2265007, at *6 (D. Utah Aug. 31, 2005) (unpublished) (emphasis added) (quoting Utah Code Ann. § 13-5a-102(4)(a)); s*ee also Rich Media Club, LLC v. Mentchoukov*, No. 2:11-cv-1202, 2012 WL 1119505, at *4 (D. Utah Apr. 3, 2012) (unpublished).

Some of the elements of each claim overlap with trademark infringement. But, both claims require that ETI allege something beyond trademark infringement. They require that ETI allege some additional act by Ellucian—"material false or misleading representations of fact in connection with commercial advertising or promotion of its product" in the case of the False

15

Advertising Claim and an "unlawful, unfair, or fraudulent" business practice in the case of the Utah Unfair Competition Claim.  ETI failed to plead facts that support these elements.

The Complaint does not allege Ellucian made a "material false or misleading representation[ ] of fact in connection with the commercial advertising or promotion of its product."  *See Intermountain Stroke Ctr.*, 2016 WL 523613 at *5; *see also* § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  The Complaint makes the general allegation that "Ellucian has marketed, advertised and promoted its goods and services under the ELLUCIAN marks and the ELLUCIAN GO mark through use of the Internet and, on information and belief, other targeted advertising . . . ."  [*See* ECF No. 2 at ¶ 41.]  Aside from alleging that Ellucian "claims that it first began using the mark ELLUCIAN GO in commerce on March 29, 2013," [*see id.* at ¶ 35],[7] the Complaint does not identify a representation of fact or even a single statement, factual or otherwise, made by Ellucian, in any context at all.  Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to give Ellucian notice of the nature of the claim against it.  *See Iqbal*, 556 U.S. at 678. The Complaint does not answer the basic question: what "false or misleading representation of fact" does ETI allege that Ellucian has made?[8]

---

[7] Ellucian does not waive its rights to deny or otherwise challenge this or any other allegations in the Complaint.

[8] Even if the Complaint alleged a factual statement by Ellucian, it would still be insufficient to state a claim because it "does not allege [that any of Ellucian's] statements are literally false," *Vincent v. Utah Plastic Surgery Soc.*, 621 Fed. Appx. 546, 549 (10th Cir. Aug. 31, 2015) (unpublished), or make a "specific factual allegation on the issue of actual consumer deception." *Id.* at 550 (internal quotation omitted).  Nor does the Complaint "contain sufficient facts to *prove*" that any such statements caused ETI to suffer injury, which is also required.  *Id.* at 550–51 (emphasis original).

Similarly, to survive a motion to dismiss its Utah Unfair Competition Claim, ETI must allege that Ellucian engaged in some "practice that is unlawful, unfair, or fraudulent" in addition to alleging that Ellucian engaged in trademark infringement.  *See Klein-Becker*, 2005 WL 2265007 at *6.  The only "business practice[s]"[9] the Complaint alleges Ellucian has engaged in are (1) "using the mark ELLUCIAN GO in commerce [starting] on March 29, 2013," [ECF No. 2 at ¶ 35]; (2) marketing and promoting its goods and services on the Internet [*see id.* at ¶ 41]; and (3) offering and selling "its goods and services . . . to the educational and college and university market" [*id.* at ¶ 42].  The Complaint does not allege that any of these acts, absent ETI's allegation of trademark infringement, are "unlawful, unfair, or fraudulent."[10]  ETI "must plead something to have a viable claim . . . beyond simply 'trademark infringement.'"  *Klein-Becker*, 2005 WL 2265007 at *6.  It has not done so, and thus the Utah Unfair Competition Claim should be dismissed.

**B.    The Court Should Dismiss the Tarnishment Claims Under Both the Lanham Act and Utah State Law**

The Tenth Circuit has held that a "mark can be tarnished if it is used in an unwholesome context."[11]  *Jordache Enters., Inc. v. Hogg Wyld, Ltd*, 828 F.2d 1482, 1489 (10th Cir. 1987).

---

[9] As noted, ETI recites the categories of "goods and services" for which Ellucian's trademarks are registered, *see supra*, n. 1, but does state which ones are marketed or promoted on the Internet or sold to the educational and college and university market, much less allege which these are "unlawful, unfair or fraudulent."

[10] Nor does the Complaint allege sufficient facts showing how, specifically, such "unlawful, unfair, or fraudulent act" caused a "material diminution in value of [ETI's] intellectual property." *See Rich Media Club*, 2012 WL 1119505, at *4 (quoting Utah Code Ann. § 13-5a-102(4)(a)) (dismissing claim for failure to provide sufficient "factual enhancement" of damages element).

[11] Ellucian does not concede that ETI's mark is "famous" and reserves all rights to challenge ETI's allegation that it is.

17

District courts within the Tenth Circuit have described dilution by tarnishment as an "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark," *Harris Research, Inc. v. Lydon*, 505 F. Supp. 2d 1161, 1166 (D. Utah 2007), and "'where a trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context, with the result that the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods,'" *Navajo Nation v. Urban Outfitters, Inc.*, 935 F. Supp. 2d 1147, 1168 (D.N.M. 2013) (quoting *N.Y. Stock Exch., Inc. v. New York, N.Y. Hotel LLC*, 293 F.3d 550, 558 (2d Cir. 2002)). But the Complaint does not allege Ellucian's products or services are of shoddy quality. It merely speculates that "any problem with the services provided by Ellucian under the ELLUCIAN marks and the ELLUCIAN GO mark *may* reflect poorly upon and injure the good and valuable reputation that [ETI] has established. . . thereby causing dilution of the ELEUTIAN Mark by tarnishment," but it does not say what those "problems" could be. [ECF No. 2 at ¶ 48 (emphasis added).] Nor does ETI allege that Ellucian portrays its marks in an unwholesome or unsavory context. Indeed, the Complaint says only that Ellucian has marketed its "goods and services" with its marks "through the Internet" and that Ellucian sells them to the "educational and college and university market." [*Id.* at ¶¶ 41–42.]

The Complaint therefore fails to inform Ellucian what conduct it is that "has caused [ETI] to suffer injury to its reputation" [*see id.* at ¶ 68], and thus the Tarnishment Claims amount to no more "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and speculation. *See Iqbal*, 556 U.S. at 678. That does "not suffice" and the claims should be dismissed. *See id.*

18

## **CONCLUSION**

For the foregoing reasons, Ellucian respectfully requests that the Court grant its Motion To Dismiss For Late Service of Process Pursuant to Rules 12(b)(5) and (4)(m) and For Failure to State a Claim Under Federal Rules of Civil Procedure 12(b)(6) and 8, and that the Court dismiss (1) the False Advertising and Utah Unfair Competitions Claims, found in the Third and Seventh claims in the Complaint, with prejudice; (2) the Tarnishment Claims, found in the Fourth and Eighth claims in the Complaint, with prejudice; and (3) the remainder of the Complaint without prejudice, or alternatively, deem January 29, 2016, to be the filing date of the Complaint.

Dated: March 11, 2016

Respectfully submitted,

/s/ John E. Delaney
John E. Delaney (UT #8481)
Erik A. Christiansen (UT #7372)
PARSONS BEHLE & LATIMER
#1800, 201 Main Street
Salt Lake City, UT  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: jwhite@parsonsbehle.com
Email:  echristiansen@parsonsbehle.com

/s/ Brandon C. Martin
Jeffrey E. Ostrow (*pro hac vice*)
Brandon C. Martin (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5030
Facsimile: (650) 251-5002
Email: jostrow@stblaw.com
Email: bmartin@stblaw.com

*Attorneys for Defendant Ellucian Company, L.P.*

19

## <u>CERTIFICATE OF SERVICE</u>

On this 11th day of March 2016, I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

*/s/ John E. Delaney*

20