Gregory M. Hess (UT #5611)
Bentley J. Tolk (UT #6665)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
Facsimile: 801-532-7750
ghess@parrbrown.com
btolk@parrbrown.com

Attorneys for Eleutian Technology, Inc.

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ELLUCIAN COMPANY, L.P.,<br><br>Defendant. | **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P 12(b)(5) AND 4(m) AND FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8**<br><br>Civil No. 2:15-CV-00649-BSJ<br><br>Judge Bruce S. Jenkins |

Plaintiff Eleutian Technology, Inc. ("Eleutian"), by and through its counsel of record in this matter, hereby submits this Memorandum in Opposition to the Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and For Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (the "Motion to Dismiss").

## INTRODUCTION

In its Motion to Dismiss, Ellucian Company, L.P. ("Ellucian") disregards the fact that Magistrate Judge Pead exercised his discretion to enter an order granting Eleutian an additional fourteen days to serve a Summons and a copy of the Complaint on Ellucian and that the order must be reviewed under the "clearly erroneous or contrary to law" standard. Ellucian cannot meet that standard. It is undisputed, for example, that Ellucian's counsel had actual notice of this lawsuit from its inception, because counsel received a courtesy copy of the Complaint by email on the date it was filed. Dismissing the Complaint and requiring it to be refiled would therefore have served no purpose other than to waste time and resources. In addition, if Magistrate Judge Pead had not extended the time for Eleutian to formally serve the Complaint, potential statute of limitations issues could have arisen. Judge Pead therefore properly exercised his discretion and extended the time. Any objections by Ellucian to Magistrate Judge Pead's order are untimely in any event, because Ellucian failed to object within fourteen days after having notice of the order. Finally, the Complaint contains sufficient factual allegations to support Eleutian's claims for false advertising under the Lanham Act, unfair competition under Utah Law, and dilution by tarnishment under both the Lanham Act and Utah law.

## STATEMENT OF FACTS

1.      On September 9, 2015, Eleutian filed the Complaint (Dkt. 2) in this action.

2.      The Complaint contains causes of action under the Lanham Act, a common law cause of action, and two state law statutory causes of action.

3.      On September 9, 2015, outside counsel for Eleutian emailed a copy of the filed Complaint to Lori E. Lesser of Simpson Thacher & Bartlett LLP, which is outside counsel for Ellucian.  [*See* Declaration of Bentley J. Tolk ("Tolk Decl."), attached as Exhibit "1," at ¶ 3.]

4.      Eleutian did not immediately proceed to formally serve Ellucian with the Summons and Complaint because Eleutian had notified Ellucian's counsel of the dispute and thought that Ellucian might engage Eleutian in talks to try to resolve it. [*Id.* at ¶ 4.]

5.      Specifically, counsel for Eleutian anticipated that either Ellucian or Simpson Thacher & Bartlett LLP might contact Eleutian or outside counsel for Eleutian about the filed Complaint and that such a communication might lead to settlement discussions. [*Id.* at ¶ 5.]

6.      Unfortunately, no such discussions appear to have taken place.  [*Id.* at ¶ 6.]

7.      Eleutian first learned of Ellucian's filing of federal applications to register "Ellucian" as a trademark in November of 2012.  [*See* Declaration of Brian Holiday ("Holiday Decl."), which is attached as Exhibit "2," at ¶ 3.]

8.      On November 26, 2012, Brian Holiday of Eleutian sent an email to Mindy Lok at Ellucian's outside counsel in this matter (Simpson Thacher & Bartlett LLP) in which he stated: "It has come to my attention that you have recently filed trademark requests on behalf of Ellucian Company, LP."  [*See id.* at ¶ 4.]

9.      Mr. Holiday also stated in that email: "I am General Counsel at Eleutian.  We provide software and services to the education market and have done so since 2006."  [*Id.* at ¶ 5.]

10.      Finally, Mr. Holiday stated: "Please note that your clients['] newly-registered marks have a likelihood to cause confusion in the marketplace, thus Eleutian respectfully

requests your client withdraw its registration and cease[] to operate under the name Ellucian, or any other similar name.  Thank you for promptly addressing this matter."  [*Id.* at ¶ 6.]

11.     On or about November 30, 2012, Lori E. Lesser of Simpson Thacher & Bartlett LLP sent a letter to Mr. Holiday in which she stated: "[t]his firm represents Ellucian Company, LP and its affiliated companies ('Ellucian'), and I write in response to the November 26, 2012 e-mail you sent to my colleague Mindy Lok."  [*Id.* at ¶ 7.]  Ms. Lesser's letter then explained why "Ellucian firmly believes that its use of the ELLUCIAN trademark does not infringe the trademark rights of Eleutian Technology, Inc. . . . ."  [*Id.* at ¶ 8.]

12.     One hundred and twenty (120) days from September 9, 2015 (the filing date of the Complaint) was January 7, 2016.

13.     On January 26, 2016, Eleutian filed a Motion for Extension of Time to Serve Complaint (Dkt. 6) (the "Motion for Extension").

14.     On January 28, 2016, Magistrate Judge Pead entered a Ruling and Order Extending Time to Serve Complaint (Dkt. 7) (the "Order Extending Time to Serve Complaint").

15.     Pursuant to the Order Extending Time to Serve Complaint, Eleutian had fourteen (14) day from January 28, 2016 to serve a Summons and a copy of the Complaint on Ellucian.

16.     On January 29, 2016, Eleutian served a Summons and a copy of the Complaint on Ellucian.  [*See* filed Summons and Return of Service (Docs. 8-9).]

17.     On March 11, 2016, Ellucian filed a Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and For Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Dkt. 20) (the "Motion").

4849-3555-6913 v. 1

18.     On March 23, 2016, the Court entered an Order Extending Time for Eleutian to Respond to Ellucian's Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and For Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Dkt. 24), pursuant to which the Court extended the deadline to May 2, 2016.

19.     Even a quick review of publicly available information shows that several Ellucian consumers or reviewers have given Ellucian a poor 1-star or 2-star rating, and Ellucian has received various other negative reviews.  [Tolk Decl. at ¶¶ 7-8.]

20.     For example, when one consumer was asked what it disliked about an Ellucian software product, the consumer responded: "Everything!  It is not user-friendly or intuitive.  It often freezes…It's a hassle to use…The customer service is also lacking in actual customer service.  They are rude and never know how to help us."  [*Id.* at ¶ 9.]

21.     Another consumer commented on one of Ellucian's products by stating: "I have worked for 4 different schools while encountering 6 different software systems among them. Ellucian Colleague is the absolute worst I've ever seen, unquestionably."  [*Id.* at ¶ 10.]

## ARGUMENT

Magistrate Judge Pead's exercise of his discretion to grant the Order Extending Time to Serve Complaint should be upheld under the "clearly erroneous or contrary to law" standard of review.  In addition, the facts contained in the Complaint are sufficient to support Eleutian's claims for false advertising under the Lanham Act, unfair competition under Utah Law, and dilution by tarnishment under both the Lanham Act and Utah law.

## I.      THE COMPLAINT SHOULD NOT BE DISMISSED UNDER RULE 12(b)(5).

On January 28, 2016, Magistrate Judge Pead entered the Order Extending Time to Serve Complaint, pursuant to which he ordered that "the deadline for Eleutian to serve a Summons and a copy of the Complaint on Defendant Ellucian Company, L.P. in this matter is extended to fourteen (14) days from the date of the entry of this Order."  On January 29, 2016, Eleutian served a Summons and a copy of the Complaint on Ellucian.  Thus, pursuant to the Order Extending Time to Serve Complaint, Eleutian served the Summons and a copy of the Complaint on Ellucian in timely fashion.  Ellucian, however, has disregarded and failed to challenge Magistrate Judge Pead's Order Extending Time to Serve Complaint.

### A.      Magistrate Judge Pead's Order Extending Time to Serve Complaint Should Be Upheld Under the "Clearly Erroneous or Contrary to Law" Standard.

In the Motion to Dismiss, Ellucian fails to challenge the Order Extending Time to Serve Complaint.[1]  That failure is significant, because Ellucian attempts to ignore the discretion that Judge Pead properly exercised in granting Eleutian's Motion for Extension.  For "non-dispositive pretrial matters," a district court in the District of Utah reviews a Magistrate Judge's order or ruling "under a 'clearly erroneous or contrary to law' standard of review."  *Phillip M. Adams &*

---

[1] Relegating the argument to its "Introduction" (as opposed to its "Argument"), Ellucian half-heartedly observes that Eleutian did not serve its Motion for Extension on Ellucian, "depriving Ellucian of the opportunity to respond."  [*See* Motion at 6.]  However, it is "'[b]y appearing at any time in the action'" that "'a party becomes entitled to have his attorney notified of all subsequent proceedings and receive copies of all papers . . . .'"  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citation omitted).  Moreover, courts have routinely granted *ex parte* motions for extension of time to serve a complaint.  *See, e.g.*, *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92, 94-95 (D. Minn. 1995) (noting that "[i]n an age when service can be effected by mailing a copy of the Summons and Complaint to the Defendant, we see little of substantive concern in securing the authorization to perform the same, or a similarly effective act of service, without the presence of the opposing party"); *Littlefuse, Inc. v. Pacific Engineering Corp., et al.*, 2013 WL 7045053, *1 (E.D. Mich. June 21, 2013).

*Associates, LLC v. Winbond*, 2010 WL 2574151, *1 (D. Utah June 24, 2010) (citation omitted);

*see also In re Nature's Sunshine Products Securities Litigation*, 2008 WL 4442151, *1 (D. Utah

Sep. 23, 2008); Fed. R. Civ. P. 72(a).  Under the "clearly erroneous standard," a district court in

Utah "will affirm the Magistrate Judge's ruling 'unless it on the entire evidence is left with the

definite and firm conviction that a mistake has been committed.'"  *Phillip M. Adams &*

*Associates*, 2010 WL 2574151 at *1 (citations omitted); *see also In re Nature's Sunshine*

*Products Securities Litigation*, 2008 WL 4442151 at *1.  Rather than squarely addressing and

objecting to Magistrate Judge Pead's Order Extending Time to Serve Complaint, Ellucian chose

largely to disregard the Order and to pretend that the applicable standard of review does not

apply.  Pursuant to the "clearly erroneous or contrary to law" standard of review (or any other

standard of review), and as set forth below, Magistrate Judge Pead's exercise of discretion to

grant a permissive extension should be upheld.

> **B.**     **Any Objections to the Order Extending Time to Serve Complaint Are Untimely in Any Event.**

When a "pretrial matter not dispositive of a party's claim or defense is referred to a

magistrate judge to hear and decide," the magistrate judge may "issue a written order."  Fed. R.

Civ. P. 72(a).  A "party may serve and file objections to the order within 14 days after being

served with a copy," and a "party may not assign as error a defect in the order not timely

objected to."  *Id.*  A "district judge in the case must consider timely objections and modify or set

aside any part of the order that is clearly erroneous or is contrary to law."  Id.  It is ironic that

Ellucian is complaining about the timing of the service of Eleutian's Complaint in this matter,

when Ellucian failed to serve and file any objections to the Order Extending Time to Serve

Complaint within 14 days after becoming aware of the Order.

In *Carling v. Peters*, 760 F. Supp.2d 400, 401 (S.D.N.Y. 2011), the court noted that a district court "is not required to review any portion of a Magistrate Judge's order that is not the subject of a timely objection."  The court noted that the defendant in that case "did not file timely objections to the Order."  *Id.* at 402.  The court also noted that after the date the Order "was entered into the public record," notice "of the Order and access to it were available to the parties through the Court's Electronic Case Filing system as of that date," and that the 14 days for filing an objection to the Order ran from that date.  *Id.*  Since the defendant in *Carling* was approximately fifteen days late in filing any objections to the Order, the court noted that "such objections were untimely," and that the court was "not obligated to consider them in ruling [on] the appropriateness of the Order . . . ."  *Id.*  Even if the objections had been timely, the court noted that it was "persuaded by its own review of the entire record pertaining to the matter before it that sufficient legal and factual basis" existed to support the Magistrate Judge's Order.  *Id.* at 403.

The *Carling* case demonstrates that Ellucian's objections to the Order Extending Time to Serve Complaint are untimely and do not need to be considered.  Although Eleutian did not serve the Order Extending Time to Serve Complaint on Ellucian because it was not required to do so (as set forth in more detail in footnote 1), the Order was publicly available when Eleutian was served on January 29, 2016.  Thus, Eleutian is deemed to have had notice on January 29, 2016 of the Order Extending Time to Serve Complaint, and Eleutian had access to it through the Court's electronic docket.  Moreover, in light of the filing date of the Complaint and the date that the Complaint was served, it seems untenable that counsel for Ellucian would not have checked the docket to see whether Eleutian had authorization to serve its Complaint at the time it was served.  Ellucian filed its Motion to Dismiss on March 11, 2016, and that Motion references the Order

Extending Time to Serve Complaint.  It would be surprising if Ellucian did not become aware of the Order Extending Time to Serve Complaint more than fourteen days prior to March 11, 2016, and if it did not become aware of the order before then, it had only itself to blame.

Thus, under *Carling*, any objections by Ellucian to the Order Extending Time to Serve Complaint are untimely and need not be considered by this Court.  As in *Carling*, however, even if Ellucian's objections had been timely, Magistrate Judge Pead's Order Extending Time to Serve Complaint should be upheld under the "clearly erroneous or contrary to law" standard of review.

### C.   Ellucian Has Incorrectly Limited the Discretion Accorded to Magistrate Judge Pead's Order.

It is settled that a "permissible extension of time within the district court's discretion" may be granted to a plaintiff that has not served a summons and complaint within the required time frame.  *See Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995).  In the exercise of that discretion, a court may potentially examine – but is not required to examine – various factors. *See Petrashov v. Hit Web Design*, 2015 WL 8541660, *1-2 (D. Utah Nov. 12, 2015).[2]  As Ellucian has conceded, certain potential factors are not relevant in this case.

Under the circumstances at issue in connection with Eleutian's Motion for Extension of Time to Serve Complaint, the following factors[3] were and are relevant: (1) whether the defendant

---

[2] Ellucian has misquoted the standard from *Petrashov*, which does not list "whether defendant has evaded service," and which lists "[e]xpiration of the statutes of limitations" and does not list "whether the statute of limitations would bar plaintiff's case if it were forced to refile."  *See Petrashov*, 2015 WL 8541660 at *1-2.

[3] Despite Ellucian's constant references to a lack of good cause, Eleutian never claimed that it was entitled to a mandatory extension of time, only a permissive extension.  *See* Motion for Extension of Time to Serve Complaint at 4 (noting that "Eleutian does not seek a mandatory extension of time due to good cause, even though it originally had a reasonable motive for not formally serving the Complaint and summons on Eleutian right away").

was on notice of the lawsuit; and (2) whether the applicable statute of limitations would bar the refiling of this action.  *See Rees v. Board of County Commissioners of Adams County*, 2008 WL 3285256, *2-3 (D. Colo. Aug. 7, 2008); *Peel v. Rose*, 2010 WL 2629804, *2 (D. Utah May 28, 2010).  In considering whether a permissive extension is warranted, "courts prefer to decide cases on their merits rather than on technicalities."  *Allen v. Cavalry SPV I, LLC*, 2007 WL 675649, *2 (D. Kan. Mar. 1, 2007); *see also Waddy v. Unified Gov't of Wyandotte County*, 2002 WL 31527858, *1 (D. Kan. Nov. 5, 2002).

> **1.     Ellucian does not dispute that on the date the Complaint was filed, Ellucian's outside counsel received notice of this lawsuit.**

As set forth in the facts, outside counsel for Eleutian emailed a copy of the filed Complaint to outside counsel for Ellucian on the date that the Complaint was filed.  Thus, Ellucian was on notice of this lawsuit from the date it was filed.  In *Peel v. Rose*, 2010 WL 2629804, *2 (D. Utah May 28, 2010), the District of Utah noted that "despite an absence of service, the defendant has in fact had actual notice of the action against him . . . ."  As a result, the court granted the plaintiff a permissive extension of 30 days to serve the summons and a copy of the complaint.  *Id.*  As in *Peel*, a permissive extension was proper in this case due to the fact that Ellucian's outside counsel received a copy of the filed Complaint on the day it was filed.  Since the District of Utah only considered actual notice in *Peel*, the fact that Ellucian had actual notice on the filing date of the Complaint is sufficient in and of itself to support Magistrate Judge Pead's Order Extending Time to Serve Complaint.

Ellucian unconvincingly attempts to argue that *Peel* is supposedly not on point because it involved a *pro se* defendant.  However, the court in *Peel* did not mention the defendant's *pro se* status when explaining the court's decision to grant plaintiff an extension of time to effect

-10-

service.  *Peel*, 2010 WL 2629804 at *2.  The court simply explained that it granted a permissive

extension because "it appear[ed] that despite an absence of service, the defendant ha[d] in fact

had actual notice of the action against him as demonstrated through his filing of numerous

pleadings which evidence a clear awareness of the claims against him."  *Id.*  The dispositive fact

in *Peel* was the defendant's clear awareness of the claims against him – not his lack of outside

counsel – and it is undisputed that Ellucian had actual notice of the Complaint in this case.

Ellucian's cited cases for a supposed "rule" regarding notice in the permissive extension

context are distinguishable, and Ellucian's reliance on them is misleading.  Ellucian relies on

*Commodities Future Trading Com'n v. Wall Street Underground, Inc.*, 221 F.R.D. 554, 557 (D.

Kan. 2004), which cites *Bethley v. City of Spencer, Okla.*, 37 F.3d 1509, 1994 WL 573765, at *4

(10th Cir. 1994).  However, all of the language and analysis that Ellucian cites from *Wall Street

Underground* and *Bethley* comes from an analysis of whether the plaintiff has satisfied Rule 4's

service of process requirements simply based on the defendant's actual knowledge of the suit.

Eleutian has never argued that it satisfied Rule 4's service of process requirements based on

Ellucian's actual knowledge of this suit.  Rather, Eleutian sought – and Magistrate Judge Pead

granted – an extension of time for Eleutian to effect proper service under Rule 4 based in part on

Eleutian's argument that it had provided Ellucian with actual notice of the suit.  After the

extension was granted, Eleutian then served Ellucian with process in accordance with Rule 4.

Ellucian also cites *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th

Cir. 1994) for the proposition that actual notice does not demonstrate good cause for failure to

timely effect service.  However, *Despain* was issued just 10 days after the 1993 amendment to

Rule 4 went into effect, and it analyzed the parties' arguments under the prior rule, which did not

give courts the discretion to grant permissive extensions and only allowed for mandatory

extensions under the "good cause" standard.  Thus, *Despain* is not on point and does not apply.

> **2.      If the Order Extending Time to Serve Complaint had not been granted, potential statute of limitations issues could have arisen.**

An argument could potentially be made that a three-year statute of limitations applies to

some or all Eleutian's claims under the Lanham Act.  *See ICON Health & Fitness, Inc. v. The*

*Nautilus Group, Inc.*, 2004 WL 6031124, *19 (D. Utah Dec. 21, 2004) (parties agreed that the

three-year fraud statute of limitations, as provided in Utah Code Annotated § 78-12-26(3),

applies to Lanham Act claims in Utah").  Eleutian first learned of Ellucian's filing of federal

applications to register "Ellucian" as a trademark in November of 2012 and informed Ellucian of

Eleutian's prior use of, and federal trademark registration for, "Eleutian" and requested that

Ellucian cease attempting to register "Ellucian" as a trademark.  [*See* Holiday Decl. at ¶¶ 3-6]  If

that is considered notice for statute of limitations purposes, and the statute of limitations is three

years for Eleutian's Lanham Act claims, then the Complaint was originally filed well within that

three-year period, but a refiled complaint would not be.

While Eleutian would have a good argument that the Utah Savings Statute would

preserve those claims in the event of a dismissal for failure to serve within the time allotted by

Rule 4(m), *see* Utah Code Ann. § 78B-2-111(1), the dismissal and refiling of the Complaint

could raise statute of limitations issues that would needlessly occupy the Court's time and

attention.  Thus, Magistrate Judge Pead appropriately exercised his discretion to promote the

efficient resolution of the dispute and the interests of justice by granting Eleutian a short

extension to serve the Complaint.  *See* Fed. R. Civ. P. 1 (the Rules "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and

inexpensive determination of every action and proceeding."); *Allen*, 2007 WL 675649, *2 (courts prefer to decide cases on the merits).

Ellucian's cases that that are supposedly to the contrary are unpersuasive. *Cloyd* and *Despain*, as Ellucian concedes, stand for the proposition that a time bar does not *mandate* an extension.  Eleutian has not argued it is entitled to a mandatory extension.  At issue in this case is whether a time bar is one of various factors that can contribute to justifying a *permissive* extension.  In addition, *Despain* analyzed the pre-1993 version of Rule 4, and it thus does not discuss the relevance of the time bar in the context of permissive extensions.  *See Despain*, 25 F.3d at 1438 n.4.  In *Krueger v. Doe*, 162 F.3d 1173, 1998 WL 717286, at *2 (10th Cir. 1998) (unpublished table decision), the Tenth Circuit observed that the fact that the plaintiff "would probably be time-barred from failing a subsequent claim . . . counsels against dismissal," but that a probable time bar "alone is not determinative."  *Id.*  *Krueger* supports Magistrate Judge Pead's exercise of discretion, because it shows that a probable time bar "counsels against dismissal."  Eleutian has never argued that the potential time bar at issue alone is determinative, and Ellucian is wrong to argue that all of the other factors supposedly weigh in favor of dismissal.

Thus, *Krueger*, which was decided approximately three years after *Espinoza*, directly contradicts Ellucian's argument about the *Espinoza* case.  In *Espinoza*, the Tenth Circuit noted that "several factors should guide the district court" in determining whether to exercise its discretion to grant a permissive extension.  *Espinoza*, 52 F.3d at 842.  One of those factors is "the limitations period."  *Id.*  Eleutian does not know how a district court would decide the potential statute of limitations issue, and it makes sense that Eleutian should not be forced to make a definitive pronouncement on how a district court would rule on the potential time bar issue.

Although Ellucian complains that Eleutian is supposedly trying "to have it both ways," Ellucian does the same thing and undermines its own argument when it states: "[w]hether [Eleutian's] claims are barred by a statute of limitations is an issue that should be addressed by the Court after [Eleutian] has refiled its Complaint, after discovery has taken place on the issue, and after full briefing by the parties."  [Motion at 13-14.]

Finally, Ellucian half-heartedly argues at the end of its statute of limitations section that permissive extensions are supposedly inappropriate unless all of the plaintiff's claims would be time-barred, based on *Tines v. PepsiAmerica, Inc.*, 265 F.R.D. 285, 288 (W.D. Tenn. 2010). *Tines* is not binding because it is not a Tenth Circuit decision, as it is from the Western District of Tennessee.  *Id.* at 285.  The court's discussion in *Tines* of the Advisory Committee note is therefore dicta.  *Id.*  In addition, *Tines* is the only case cited for the proposition that all claims must be time-barred, and *Tines*' analysis is erroneous and should be rejected.

### 3. The Order Extending Time to Serve Complaint does not prejudice Ellucian in any way.

Without citing any cases in the section of the Motion addressing purported prejudice, Ellucian simply argues that the service delay of approximately 22 days somehow caused Ellucian to market its marks in a way that it otherwise would not have done – in an amount exceeding $10,000,000.  Although Ellucian argues that Eleutian delayed for over three years before asserting its rights, that argument fails as a matter of law.  If the statute of limitations for Eleutian's claims was three years, then Eleutian had until November 2015 to file a lawsuit against Ellucian.  Eleutian filed that lawsuit on September 9, 2015.  According to Ellucian, the deadline for Eleutian to serve the Complaint in this matter was January 7, 2016.  Per the Order

-14-

Extending Time to Serve Complaint, Eleutian served the Complaint on Ellucian on January 29, 2016 – 22 days after the initial deadline.

Moreover, Ellucian is incorrect that Eleutian purportedly "sat on its rights" for approximately three years while Ellucian "made significant investments in the goodwill associated with its name." [*See* Motion at 11.] Over three years ago, on November 26, 2012, Brian Holiday of Eleutian sent an email to Mindy Lok at Ellucian's outside counsel in this matter (Simpson Thacher & Bartlett LLP) in which he stated: "It has come to my attention that you have recently filed trademark requests on behalf of Ellucian Company, LP." [Holiday Decl. at ¶ 4.] Mr. Holiday also stated in that email: "I am General Counsel at Eleutian. We provide software and services to the education market and have done so since 2006." [*Id.* at ¶ 5.] Finally, Mr. Holiday stated: "Please note that your clients['] newly-registered marks have a likelihood to cause confusion in the marketplace, thus Eleutian respectfully requests your client withdraw its registration and cease[] to operate under the name Ellucian, or any other similar name. Thank you for promptly addressing this matter." [*Id.* at ¶ 4.] Thus, Ellucian has been on actual notice of problems with its selection of an infringing mark since at least as early as November 26, 2012.

On or about November 30, 2012, Lori E. Lesser of Simpson Thacher & Bartlett LLP sent a letter to Mr. Holiday in which she stated: "[t]his firm represents Ellucian Company, LP and its affiliated companies ('Ellucian'), and I write in response to the November 26, 2012 e-mail you sent to my colleague Mindy Lok." [*Id.* at ¶ 7.] Thus, Ellucian clearly knew of Eleutian's objections at that time. If Ellucian proceeded with multi-million dollar advertising expenditures without resolving the serious issues Eleutian had raised, Ellucian has only itself to blame.

-15-

For the same reason, the Court should reject Ellucian's arguments that the delay between November 2012 and the September 9, 2015 filing of the Complaint in this matter purportedly caused Ellucian to invest "more than $10,000,000 in marketing its products and services under the Ellucian name," and that Ellucian "compounded" the delay by waiting 142 days to serve the Complaint.  [*See* Motion at 11.]  To the extent that Ellucian invested more than $10,000,000 to market a disputed trademark, it did so at its own peril.  Moreover, Ellucian's reference to a 142-day delay is misleading, because Eleutian was initially entitled to 120 days to effect service in any event.  That initial deadline was subsequently extended for a short additional period by Magistrate Judge Pead. In addition, although Ellucian claims prejudice due to its decision to invest over $445,000 in 2016 to market a disputed trademark, Ellucian also did so at its own peril because its counsel had received a copy of the Complaint in this matter on September 9, 2015.

Furthermore, at all times during 2016, Ellucian was aware (through its counsel having received a copy of the Complaint) that there was an active lawsuit filed against it for trademark infringement and related causes of action relating to Ellucian's name and mark.  To the extent that Ellucian and Amazon may have entered into "partnership" on December 28, 2015, Ellucian did so knowing that a lawsuit had been filed against it for trademark infringement and related causes of action and knowing that the time for service of the Complaint had not expired.  Finally, any recognition that Ellucian may have received for its products in January 2016 occurred while Ellucian was on notice that an active lawsuit had been filed against it regarding Ellucian's mark, and while Ellucian was on notice of a dispute regarding the Ellucian mark.  Accordingly, Ellucian's arguments about prejudice, goodwill, and investments of millions of Dollars are unconvincing and should be rejected.

4849-3555-6913 v. 1

### 4.      Ellucian's other arguments in opposition to the Order Extending Time to Serve Complaint should also be rejected.

Ellucian argues that Magistrate Judge Pead wrongfully exercised his discretion because Eleutian's "conduct" supposedly "does not merit an extension." [*See* Motion at 12.]  In an attempt to support that argument, Ellucian references Eleutian's delay of 22 days (which Magistrate Judge Pead allowed) in serving the Complaint.  [*See id.*]  In light of the fact that Ellucian's counsel was on notice of the filing of the Complaint on the day it was filed, the discretion exercised in granting the Order Extending Time to Serve Complaint should be upheld.  Although Ellucian emphasizes the fact that Eleutian did not approach Ellucian about settlement after the Complaint was filed, counsel for Eleutian anticipated that either Ellucian or Simpson Thacher & Bartlett LLP might contact Eleutian or outside counsel for Eleutian about the filed Complaint and that such a communication might lead to settlement discussions.  [*See* Tolk Decl. at ¶¶ 4-5.]

Eleutian does not dispute that Ellucian did nothing to complicate service, but that factor (like the other factors) is not dispositive and does not somehow render Judge Pead's exercise of discretion "clearly erroneous or contrary to law."  Finally, Ellucian's request for Alternative Relief on page 14 of the Motion should be rejected.  Ellucian provides no legal support or support of any other kind for its alternative request that the Court ignore the Order Extending Time to Serve Complaint and simply "deem January 29, 2016 (the date that Ellucian was served), to be the filing date of the Complaint." [See Motion at 14.]  Ellucian's request for Alternative Relief appears to be nothing more than an unsupported and unjustified effort to manufacture a potential statute of limitations problem, and the request should be rejected.

II.   **THE COMPLAINT CONTAINS SUFFICIENT FACTS TO SUPPORT ELLUCIAN'S CLAIMS FOR FALSE ADVERTISING UNDER THE LANHAM ACT, UTAH UNFAIR COMPETITION, AND DILUTION BY TARNISHMENT.**

Ellucian moves to dismiss for failure to state a claim Eleutian's false advertising claim under the Lanham Act, unfair competition claim under Utah law, and dilution by tarnishment claims under both the Lanham Act and Utah law.  Ellucian's Motion regarding failure to state a claim should be denied because Eleutian has plead sufficient facts to support the claims at issue.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Further, "[d]etailed factual allegations are not required" and the plaintiff merely needs to provide "sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  In ruling on a motion to dismiss, a district court must assume the factual statements alleged in the complaint are true and must view those factual allegations in the light most favorable to the nonmoving party.  *Cooper v. Pate*, 378 U.S. 546, 546 (1964); *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1226, 1236 (10th Cir. 2001).

A.   **Eleutian Has Alleged Sufficient Facts to Support its False Advertising Claim under Section 43(a)(1)(B) of the Lanham Act.**

To succeed on a false advertising claim under the Lanham Act, a plaintiff must establish the following elements:

(1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.

*Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 980 (10th Cir. 2002) (citing *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999)).  Also, "the Lanham Act encompasses more than literal falsehoods, because otherwise, clever use of innuendo, indirect intimations, and ambiguous suggestions could shield the advertisement from scrutiny precisely when protection against such sophisticated deception is most needed."  *Cottrell*, 191 F.3d at 1252 (internal quotations omitted).

Thus, in proving falsity within the Lanham Act, a plaintiff may show that the statement was literally false or that the statement was literally true but likely to confuse or mislead consumers. *Zoller Labs., LLC v. NBTY, Inc.*, 111 F. App'x 978, 982 (10th Cir. 2004) (unpublished) (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  In addition, "[a] Lanham Act claim may be brought by any person who believes that he or she is *or is likely to be* damaged by such act."  *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, No. 14-4045, 2016 WL 523613, at *5 (10th Cir. Feb. 9, 2016) (emphasis added).

In the Motion, Ellucian erroneously claims that Eleutian fails to allege that Ellucian made a materially false or misleading representation of fact in connection with the commercial advertising or promotion of its product.  [Motion at 15.]  However, Eleutian alleges that Ellucian made false or misleading representations of fact as to whether Ellucian is affiliated, connected, or associated with Eleutian and/or as to whether Eleutian sponsored or approved of Ellucian's goods, services or commercial activities.  [Complaint at ¶ 59.]  Eleutian also alleges that Ellucian made false or misleading representations of fact as to whether Eleutian is affiliated with Ellucian and as

to whether Ellucian sponsored or approved of Eleutian's commercial activities.  [*Id.* at ¶ 60.][4]

Eleutian further alleges that Ellucian's practice of false advertising has and will continue to confuse consumers into thinking that Ellucian's services and products are somehow affiliated with, or are otherwise authorized by, Eleutian.  [*Id.* at ¶¶ 39-40.]  In addition, the Complaint alleges that the fact that the ELLUCIAN marks and the ELEUTIAN mark are so similar in sound, appearance, connotation, and commercial impression lends weight to the allegation that Ellucian has improperly advertised its products as being related to or sponsored by Eleutian. [*See id.* at ¶¶ 47, 59, 60.]  The strikingly similar characteristics of the marks increases the likelihood that Eleutian "is likely to be damaged by [Ellucian's] act," thus justifying Eleutian's allegations and entitlement to remedial measures under the Lanham Act.  *See Intermountain Stroke Ctr.*, 2016 WL 523613 at *5.  Eleutian has alleged sufficient facts to state a plausible claim for relief for false advertising under the Lanham Act.

### B.    Eleutian Has Alleged Sufficient Facts to Support its Unfair Competition Claim under Utah Law.

Under the Utah Unfair Competition Act (the "UUCA"), a plaintiff bringing a claim for unfair competition must allege that an intentional business act or practice was "unlawful, unfair, or fraudulent," that such act lead to a material diminution in the value of plaintiff's intellectual property, and that the act infringed a trademark.  Utah Code Ann. § 13-5a-102(4)(a).  Utah courts have not been specific in construing the meaning of "unlawful, unfair, or fraudulent" under the UUCA.  *See Klein-Becker USA, LLC v. Home Shopping Network, Inc.*, 2005 WL 2265007, at *6 (D. Utah Aug. 31, 2005) (denying defendant's motion to dismiss for failure to state a claim under

---

[4] Eleutian also realleged and incorporated by reference paragraphs 1 through 61 inclusive for its false advertising claim under the Lanham Act.  [Complaint at ¶ 62.].

the UUCA but granting plaintiff's motion to amend its claims under the UUCA). What is clear, however, is that a claim under the UUCA for unfair competition does require the plaintiff to plead something beyond mere trademark infringement. *See id.* Eleutian has done so.

In *Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, the plaintiff brought an unfair competition claim under the UUCA and alleged that the defendant engaged in an intentional business practice of stealing and copying the plaintiff's patents, as well as the plaintiff's time, talent and efforts that went into creating and developing the patents. 2015 WL 164607, at *3-4 (D. Utah Jan. 13, 2015). Specifically, the plaintiff alleged competition between the two entities in similar markets, the defendant's intentional practice of stealing the plaintiff's created material "without having to engage in any of the associated work or expenditures," and the ongoing nature of the infringement. *Id.* at *3. The court denied the defendant's motion to dismiss for failure to state a claim under the UUCA and noted that the allegations at issue were sufficient because the alleged intentional business practice "ha[d] an additional element not found in the federal" cause of action but which met the "unlawful, unfair, or fraudulent" standard of the UUCA. *Id.*

In the Motion to Dismiss, Ellucian claims that Eleutian failed to allege any unlawful, unfair, or fraudulent business conduct by Ellucian. [Motion at 15.] In the Complaint, however, Eleutian alleges multiple actions taken by Ellucian that are unlawful, unfair and fraudulent. First, as discussed above, Eleutian alleges that Ellucian unlawfully and unfairly advertised its services implicitly as being affiliated with Eleutian and/or approved or sponsored by Eleutian. [*See* Complaint at ¶¶ 39-40, 59-60.][5] Second, Eleutian alleges that Ellucian continues to use the

---

[5] Eleutian realleges and incorporates by reference paragraphs 1 through 84 inclusive for its unfair competition claim under the UUCA. [Complaint at ¶ 85].

ELLUCIAN and ELLUCIAN GO marks despite full knowledge of the ELEUTIAN mark and Eleutian's efforts in marketing, advertising and promoting the ELEUTIAN mark.  [*Id.* at ¶ 44.] Eleutian alleges that Ellucian took such efforts intentionally in a deliberate business decision to trade on the valuable goodwill and fame of the ELEUTIAN mark, and the Ellucian did so in a willful and malicious disregard for Eleutian's rights.  [*Id.* at ¶¶ 45, 51.]

Eleutian also alleges that Ellucian used false or misleading descriptions of fact as to whether Ellucian is affiliated with Eleutian and as to whether Eleutian sponsored or approved of Ellucian's activities, and vice versa.  [*Id.* at ¶¶ 86, 87.]  Eleutian's allegations of Ellucian's intentional business practice of deliberately using infringing marks to misappropriate the goodwill generated by Eleutian and of falsely advertising its services as affiliated with and sponsored by Eleutian are beyond mere trademark infringement and are sufficient for an unfair competition claim under the UUCA.  *See Icon Health*, 2015 WL 164607 at *3-4 (holding allegations of "intentional business practice" of infringing on protected material were sufficient to state unfair competition claim under the UUCA).  Thus, Eleutian has alleged sufficient facts to state a plausible claim for relief for unfair competition under the UUCA.

**C.     Eleutian Has Alleged Sufficient Facts to Support its Dilution by Tarnishment Claim under the Lanham Act.**

Under the Lanham Act, an owner of a famous mark that is distinctive may bring a cause of action for dilution by blurring or dilution by tarnishment against another person who uses a mark "in commerce that is *likely* to cause dilution . . . ."  15 U.S.C.A. § 1125(c) (emphasis added). Dilution by tarnishment is defined as an "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark."  15 U.S.C.A. § 1125(c)(2)(C).  To establish a claim for dilution under the Lanham Act, a plaintiff must show that:

> (1) its mark is famous; (2) its mark is distinctive; (3) the defendant began using its mark or trade name after the plaintiff's mark became famous; (4) the defendant's use of his mark is in commerce; and (5) the defendant's mark must be *likely* to cause dilution to the plaintiff's mark.

*Gen. Motors Co. v. Urban Gorilla, LLC*, 2010 WL 5395065, at *4 (D. Utah Dec. 27, 2010) (emphasis added).  Thus, as is clear from the plain language of the Lanham Act and interpreting case law, the threat of likely future dilution is sufficient to support a claim for dilution.  *See id.* (granting plaintiff "injunctive relief to preclude *likely* dilution and *future infringement* of its marks" (emphasis added)); 15 U.S.C.A. § 1125(c)(2)(C) (allowing relief for use of mark "that is *likely* to cause dilution by blurring or dilution by tarnishment" (emphasis added)); *Intermountain Stroke*, 2016 WL 523613 at *5 ("A Lanham Act claim may be brought by any person who believes that he or she is *or is likely to be* damaged by such act" (internal quotations omitted) (emphasis added)).

Eleutian has sufficiently alleged a likelihood of dilution by tarnishment of its famous mark by Ellucian's marks.  As admitted by Ellucian, Eleutian has alleged that the Ellucian marks "***may*** reflect poorly upon and injure the good and valuable reputation that Eleutian has established . . . thereby causing dilution of the ELEUTIAN Mark by tarnishment."  [Motion at 18 (emphasis in original) (citing Complaint at ¶ 48).]  Once again, the alleged strikingly similar characteristics of the marks increases the likelihood that Ellucian's conduct "is likely to cause…dilution by tarnishment."  15 U.S.C.A. § 1125(c)(2)(C); [Complaint at ¶¶ 47-48.]

In addition to likely tarnishment, Eleutian alleges that its mark has already been tarnished by Ellucian's actions.  For example, Eleutian alleges that Ellucian's "use and sale of services and goods that are confusingly similar to the ELEUTIAN Mark . . . have caused dilution . . . by tarnishing the value of the ELEUTIAN Mark" and that Ellucian's conduct "has caused Eleutian

to suffer injury to its reputation."  [Complaint at 67-68.]  Accordingly, Ellucian's request to dismiss Eleutian's dilution by tarnishment claim under the Lanham Act must be denied.

>       **D.       Eleutian Has Alleged Sufficient Facts to Support its Dilution by Tarnishment Claim under Utah Law.**

Under Utah law, a party has a viable dilution claim if another person's commercial use of a mark "(i) begins after the mark has become famous; and (ii) causes dilution to the distinctive quality of the [plaintiff's] mark."  Utah Code Ann. § 70-3a-403(1)(a).  Note that this Utah statute does not require allegations that the defendant's "products or services are of shoddy quality," or that the defendant "portrays its marks in an unwholesome or unsavory context," as Ellucian wrongfully asserts.  [*See* Motion at 18.]  Ellucian attempts to impose upon Eleutian an element of a claim that is not contained in the Utah statute.  Eleutian's dilution by tarnishment claim under Utah law is plead sufficiently.

Nevertheless, Eleutian submits that Ellucian has, in fact, provided goods and services of shoddy or subpar quality.  Several Ellucian consumers or reviewers have given Ellucian a poor 1-star or 2-star rating, and Ellucian has received various negative reviews that are available on the Internet.  [Tolk Decl. at ¶¶ 7-10.]  For example, when one consumer was asked what it disliked about Ellucian, the consumer responded: "Everything!  It is not user-friendly or intuitive.  It often freezes…It's a hassle to use…The customer service is also lacking in actual customer service.  They are rude and never know how to help us."  [*Id.* at ¶ 9.]  Another consumer commented: "I have worked for 4 different schools while encountering 6 different software systems among them. Ellucian Colleague is the absolute worst I've ever seen, unquestionably."  [*Id.* at ¶ 10.]  Although Eleutian does not believe that an amendment is necessary, Eleutian could amend its Complaint to add allegations of Ellucian goods and services that are of shoddy or subpar quality.

-24-

Finally, Eleutian also has brought claims under both Utah law and the Lanham Act for dilution by blurring.  [Complaint at ¶¶ 47, 67, 91].  Ellucian has not moved to dismiss, and has not addressed, Eleutian's dilution by blurring claims.  [*See* Motion at 17-18.]  As a result, the Motion has no effect on Eleutian's dilution by blurring claims.

## **CONCLUSION**

For the foregoing reasons, Eleutian respectfully requests that the Court deny Ellucian's Motion to Dismiss in its entirety.

DATED this 2nd day of May, 2016.

PARR BROWN GEE & LOVELESS, P.C.

By:   /s/ Gregory M. Hess
        Gregory M. Hess, Esq.
        Bentley J. Tolk, Esq.
        Attorneys for Plaintiff Eleutian Technology, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of May, 2016, a true and correct copy of the

foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LATE**

**SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P 12(b)(5) AND 4(m) AND FOR**

**FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** was served via

CM/ECF electronic notification service on the following:

> John E. Delaney
> Erik A. Christiansen
> PARSONS BEHLE & LATIMER
> #1800, 201 Main Street
> Salt Lake City, UT 84111

/s/ Gregory M. Hess

4849-3555-6913 v. 1