John E. Delaney (UT #8481)
Erik A. Christiansen (UT #7372)
PARSONS BEHLE & LATIMER
#1800, 201 Main Street
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

*Attorneys for Ellucian Company, L.P.*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC., <br><br> Plaintiff, <br> v. <br><br> ELLUCIAN COMPANY, L.P., <br><br> Defendant. | **ELLUCIAN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** <br><br> Case No. 2:15-CV-00649-BSJ <br><br> Judge Bruce S. Jenkins |

Defendant Ellucian Company, L.P. ("Ellucian") by and through its counsel of record in this matter, hereby submits this Reply In Support Of Its Motion To Dismiss For Late Service of Process Pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(5) and (4)(m) and For Failure to State a Claim Under Rules 12(b)(6) and 8.

4828-5023-7233 v1

## Table of Contents

Additional Facts ............................................................................................................. i

I. Ellucian's Rule 12(b)(5) Arguments Must Be Considered ....................................... 1

    A. It is doubtful that Rule 72(a) applies ............................................................. 1

    B. If not reviewed *de novo*, the Order was dispositive of certain defenses ....... 1

    C. The Court must decide the merits without deference to the Order ............... 2

    D. There are many ways for the Court to reach Ellucian's arguments ............. 4

II. ETI Has Not Shown That It Should Be Given A Permissive Extension ................. 5

    A. ETI does not prove that Ellucian had "actual notice" or explain its delay .. 5

    B. ETI is unable to refute Ellucian's showing of prejudice ............................... 5

    C. ETI does not argue that all of its claims will be barred by the SOL ............ 6

    D. A permissive extension of time to serve is an abuse of discretion ............... 6

III. ETI Does Not Identify Allegations To Support The False Advertising And Utah Unfair Competition Claims ............................................................................. 7

IV. ETI Does Not Identify Allegations Supporting Its Tarnishment Claims ................ 9

4828-5023-7233 v1

# Table of Authorities

## Cases

*Allendale Mut. Ins. Co. v. Rutherford*,
  178 F.R.D. 1 (D. Me. 1998) .................................................................................................. 1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 9, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 10

*Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224 (D. Kan.
  Mar. 7, 2008) ..................................................................................................................... 7

*Carling v. Peters*,
  760 F. Supp. 2d 400 (S.D.N.Y. 2011) ............................................................................... 4

*Crowley v. Factor 5, Inc.*,
  No. C 11-05528 SBA, 2014 WL 1868851 (N.D. Cal. May 7, 2014) ......................... 5, 6, 7

*David v. District of Columbia*,
  252 F.R.D. 56 (D.D.C. 2008) ......................................................................................... 3, 4

*DeFazio v. Wallis*,
  459 F. Supp. 2d 159 (E.D.N.Y. 2006) ............................................................................... 4

*Gen. Motors Co. v. Urban Gorilla, LLC*,
  No. 2:06-CV-00133 BSJ, 2010 WL 5395065 (D. Utah Dec. 27, 2010) .......................... 10

*Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*,
  No. 1:10-CV-00209-DN-DBP, 2015 WL 164607
  (D. Utah Jan. 13, 2015) ..................................................................................................... 9

*In re Nature's Sunshine Prods. Sec. Litig.*,
  No. 2:06-CV-267 TS, 2008 WL 4442151 (D. Utah Sept. 23, 2008) ................................. 4

*Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*,
  No. 14-4045, 2016 WL 523613 (10th Cir. Feb. 9, 2016) ............................................. 9, 10

*Jeffrey S. v. State Bd. Of Educ. of State of Ga.*,
  896 F.2d 507 (11th Cir. 1990) ........................................................................................ 3, 4

*Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173 (3d Cir. 1994) ...................................................... 1

*Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074 (D.
   Kan. Feb. 27, 2015).................................................................................................. 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950).................................................................................................. 3

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ................................................ 2, 3

*Ocelot Oil Corp. v. Sparrow Indus.*,
   847 F.2d 1458 (10th Cir. 1988) ........................................................................... 1, 3, 4

*Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co.*,
   2012 WL 115422 (D. Md. Jan. 13, 2012) ............................................................... 4

*Peel v. Rose*,
   No. 2:09–cv–01017, 2010 WL 2629804 (D. Utah May 28, 2010) ......................... 5

*Phillip M. Adams& Assocs., LLC v. Winbond*, No. 1:05-CV-64 TS, 2010
   WL 2574151 (D. Utah June 24, 2010).................................................................... 4

*Riddle v. Wichita Pub. Sch., Unified, Sch.
   Dist. No. 259*, No. Civ.A.04-1400-MBL, 2005 WL 1563444
   (D. Kan. June 30, 2005) ...................................................................................... 6, 7

*Rollerblade, Inc. v. Rappelfeld*,
   165 F.R.D. 92 (D. Minn. 1995)................................................................................ 4

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ................................................................................. 9

*Tines v. PepsiAmericas, Inc.*,
   265 F.R.D. 285 (W.D. Tenn. 2010) ......................................................................... 6

*Tuke v. United States*,
   76 F.3d 155 (7th Cir. 1996) ..................................................................................... 6

*Utah Republican Party v. Herbert*, No. 2:14-cv-00876-DN-DBP, 2015
   WL 6395587 (D. Utah Oct. 22, 2015) ................................................................... 10

*Vincent v. Utah Plastic Surgery Soc.*,
   621 F. App'x 546 (10th Cir. 2015) .......................................................................... 8

*Wady v. Provident Life & Accident Ins. Co. of Am.*,
   216 F. Supp. 2d 1060 (C.D. Cal. 2002) ................................................................. 10

*Zoller Labs., LLC v. NBTY, Inc.*,
    No. 2:03-cv-578-TC (D. Utah June 27, 2003), ECF No. 1 ............................................................ 9

**Statutes**

28 U.S.C. § 636(b)(1) .................................................................................................................. 1, 3

Utah Code Ann. § 70-3a-102(1) ..................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(d) ....................................................................................................................... 10

Fed. R. Civ. P. 4 ................................................................................................................................ 5

Fed. R. Civ. P. 4(m) ..................................................................................................................... 6, 7

Fed. R. Civ. P. 5(a)(2) ...................................................................................................................... 2

Fed. R. Civ. P. 12(b)(5) .................................................................................................................... 1

Fed. R. Civ. P. 56 ............................................................................................................................ 10

Fed. R. Civ. P. 60(b) ......................................................................................................................... 4

Fed. R. Civ. P. 72(a) ......................................................................................................................... 1

DUCiv R 15-1 ................................................................................................................................. 10

**Other Authorities**

J. THOMAS MCCARTHY, MCCARTHY
    ON TRADEMARKS AND UNFAIR COMPETITION § 31:13 (4th ed. 2016) ......................................... 6

V

## ADDITIONAL FACTS

1. As is the practice in the administration of the Court, Magistrate Judge Pead was randomly selected as the judge initially assigned to this case when the Complaint (ECF No. 2) was filed on September 9, 2015 and remained the randomly selected judge until March 4, 2016. *See* ECF Nos. 1, 2 and 19.

2. Neither a summons nor copy of the Complaint was served on September 9, 2015. *See* ECF No. 6 at 1-2.

3. Eleutian Technology, Inc. ("ETI") filed its motion for extension of time to make service of the summons and Complaint on January 26, 2016 (the "Motion"). *Id.*

4. ETI's Motion was not served on Ellucian (or even emailed to Ellucian's counsel). *See* ECF No. 20-1 ¶ 4.

5. Magistrate Judge Pead signed and entered the order on ETI's Motion on January 28, 2016 (the "Order"). *See* ECF No. 7.

6. ETI finally served a summons and copy of the Complaint on Ellucian on January 29, 2016. *See* ECF No. 9.

7. Ellucian first learned of the Order on January 29, 2016. *See* Declaration of Brandon C. Martin In Support of Ellucian's Reply (the "Martin Decl.") ¶ 2.

8. Article III Judge Jenkins became the new randomly selected judge assigned to this case on March 4, 2016 (after the parties submitted their respective "Consent/Reassignment Forms" as to a Magistrate Judge being randomly initially assigned to the case). *See* ECF No. 19.

9.  Ellucian filed its Motion to Dismiss with Article III Judge Jenkins on March 11, 2016. *See* ECF No. 20.

10. Neither Ellucian nor Simpson Thacher & Bartlett LLP ("Simpson Thacher") received any communications from ETI or its counsel from November 26, 2012 until ETI's counsel sent an email containing the Complaint to Lori Lesser, a Partner at Simpson Thacher on September 9, 2015. *See* Martin Decl. ¶ 3.

I.     **Ellucian's Rule 12(b)(5) Arguments Must Be Considered**

ETI presents Magistrate Pead's Order as a *fait accompli* that Ellucian is powerless to challenge and this Court is powerless to review. However, close examination of Rule 72 and ETI's cited cases shows that failure to consider Ellucian's arguments would be reversible error.

A.     **It is doubtful that Rule 72(a) applies**

No part of this case has ever been "referred to a magistrate" pursuant to Rule 72(a) or 28 U.S.C. § 636(b)(1). Thus, it is doubtful that Rule 72(a) can apply. Even if it does, there was no "district judge" to whom to address objections, *id.*, until Judge Jenkins was assigned on March 4. If the 14-day deadline has any application, Ellucian's Motion to Dismiss, which asserted that ETI did not deserve an extension, was timely-filed 7 days after a "district judge" was assigned. Finally, ETI's argument that the deadline started running when the Order was posted to ECF rests on a case in which "[c]opies" of the magistrate order were "sent by Chambers" to the late-objecting party. *See* Ex. 1. at Entry 80 (Dec. 6, 2010) and Ex. 2 at 11. That did not happen here.

B.     **If not reviewed *de novo*, the Order was dispositive of certain defenses**

In the Tenth Circuit, "motions not designated on their face as [dispositive] are . . . treated as such . . . when they have an identical effect." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). Orders disposing of statute of limitations ("SOL") defenses are treated as "dispositive." *See, e.g., Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1182-83, 1183 n.13 (3d Cir. 1994) (magistrate order granting motion to amend naming a new party after SOL expired during service period "was dispositive of [defendant's SOL] defense"); *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998) (motion to amend to add SOL defense held dispositive). The table below illustrates how the Order, which was effective immediately,

extinguished Ellucian's affirmative SOL defenses to ETI's Lanham Act claims insofar as they could be based on a filing date more than three years after ETI's knowledge of Ellucian's use of the ELLUCIAN marks on November 26, 2015 ("SOL Defenses").

| 11/26/2012 | ETI knows of Ellucian's use of ELLUCIAN. Three year SOL begins to run. | |
|---|---|---|
| 9/9/2015 | ETI files its Complaint. | |
| 11/26/2015 | SOL on ETI's Lanham Act claims expires no later than this date. | |
| 1/7/2016 | Deadline for service expires. From this moment forward, Ellucian can assert plausible SOL Defenses if ETI refiles the Complaint. | |
| | **What Happened** | **What Should Have Happened** |
| 1/26/2016 | ETI seeks a permissive extension, but does not serve its Motion on Ellucian. | ETI serves its Motion on Ellucian. Ellucian can oppose it. |
| 1/28/2016 | Magistrate Pead issues the Order allowing service within the next 14 days. | Magistrate Pead issues report and recommendation ("R&R"), but does not extend, or refuse to extend, the deadline himself. |
| 1/29/2016 | ETI makes "timely" service. Ellucian cannot plead facts sufficient to state plausible SOL Defenses. | The R&R is served on Ellucian, kicking off the Rule 72(b) process under which Ellucian would have objected. |

ETI's argument that service of the Complaint was "timely," *see* ECF No. 25 ("Opp.") at 6, assumes the Order was valid. If ETI is right, then Ellucian had only one day to object to the Order before ETI made "timely" service and extinguished Ellucian's SOL Defenses.

C.     **The Court must decide the merits without deference to the Order**

Although it does not explain why it did not email its Motion to Ellucian's counsel, ETI maintains that "it was not required" to serve the Motion because Ellucian had not appeared in the case when it was filed. *See* Opp. at 6 n.1 & 8. But the rule is that "[n]o service is required on a party who is in ***default***." Rule 5(a)(2) (emphasis added). According to *N.Y. Life Ins. Co. v. Brown*, a case cited by ETI, *see* Opp. at 6, n.1, a defendant not in default is "entitled under Rule 5(a) to service of all papers in the suit" and if it is not given "notice of an impending grant" of a motion, the defendant has "no opportunity to be heard," 84 F.3d 137, 142-43 (5th Cir. 1996),

2

4828-5023-7233 v1

which is "[t]he fundamental requisite of due process." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). ETI's failure to serve its dispositive motion, however presented, thus "denied [Ellucian] due process of law." *N.Y. Life Ins.*, 84 F.3d at 143 (voiding summary judgment).

In addition, ETI would have this Court defer to an unconstitutional order. Magistrate Pead is not an Article III judge and so his authority is limited to the "jurisdiction and powers" granted by Congress in 28 U.S.C. § 636. *See Ocelot Oil*, 847 F.2d at 1461. Rule 72 places those powers into practice, but it does not grant authority beyond section 636 and that section does not "confer more power . . . than the Constitution permits." *Id.* at 1463. In turn, the "Constitution requires that Article III judges exercise final decisionmaking authority" on matters that are dispositive of a party's defense. *Id.*; *see also Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512-13 (11th Cir. 1990) ("nonconsensual reference [of dispositive matters] saved from constitutional infirmity [only] by the retention in the Article III judge of the ultimate adjudicatory power").

Magistrates "may *hear* dispositive motions," but can only make "recommendations." *Ocelot Oil*, 847 F.2d at 1642 (emphasis added); *see also* Rule 72(b). By issuing the Order, "as opposed to a recommendation to the district judge," Magistrate Pead inadvertently transcended the jurisdiction allotted to him, *see David v. District of Columbia*, 252 F.R.D. 56, 59 (D.D.C. 2008), and deprived Ellucian of its right to have an Article III judge determine whether it could raise its SOL Defenses. ETI asks the Court to ratify that mistake. But none of the authority that ETI identifies provides a basis in law for doing so. In each cited case, no dispositive matter was presented to the magistrate and/or the magistrate's order was granted without prejudice to

3

defendant's claims and defenses. *See Carling v. Peter*, 760 F. Supp. 2d 400, 403 (S.D.N.Y. 2011) (no dispositive matter); *Phillip M. Adams& Assocs., LLC v. Winbond*, No. 1:05-CV-64 TS, 2010 WL 2574151, at *1 (D. Utah June 24, 2010) (same); *In re Nature's Sunshine Prods. Sec. Litig.*, No. 2:06-CV-267 TS, 2008 WL 4442151, at *1 (D. Utah Sept. 23, 2008) (same); *Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92, 94 (D. Minn. 1995) (extension without prejudice to "any . . . defense"); *Littelfuse, Inc. v. Pac. Eng'g Corp*, No. 2:12-cv-11430 (E.D. Mich. July 24, 2012), ECF No. 5 (motion for extension not implicating SOL) (Ex. 3 hereto at 2-3).

### D. There are many ways for the Court to reach Ellucian's arguments

The simplest solution is to vacate the Order and consider the parties' fully briefed arguments on the merits *de novo*.[1] *See Jeffrey S.*, 896 F.2d at 513 (vacating for failure to review *de novo* and remanding for full hearing on the merits). ETI does not argue that it would be prejudiced by a full hearing. Alternatively, because Magistrate Pead exceeded his jurisdiction, the Order is "void"—allowing reconsideration under Rule 60(b). *See David*, 252 F.R.D. at 58-59 (voiding magistrate order on dispositive motion under Rule 60(b)). The Court could also find the Order "contrary to law [because] it fails to apply . . . rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006), and review it *de novo*. *See, e.g., Ocelot Oil*, 847 F.2d at 1463-64 (remanding for *de novo* review of dispositive magistrate order).

---

[1] This allows the Court to "consider, after full briefing, the propriety of the extension." *Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co.*, 2012 WL 115422, at *5 (D. Md. Jan. 13, 2012).

4

## II. ETI Has Not Shown That It Should Be Given A Permissive Extension

### A. ETI does not prove that Ellucian had "actual notice" or explain its delay

ETI states, without authority, that "it is undisputed that Ellucian had actual notice," Opp. at 11, but the "*burden*" is on ETI, not Ellucian.[2] *Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *1 (D. Kan. Feb. 27, 2015). ETI has not identified authority holding a party to be on actual notice because of an email to counsel, *see* Opp. at 10-11 ("actual notice" in *Peel v. Rose* not based on email to counsel), and there is no reason for the Court to create such a rule now.

ETI previously argued that it did not "immediately" serve Ellucian because it hoped for "talks," ECF No. 6 at 2, but did not explain why it did not effect service for over four months. *See* ECF No. 20 at 9. ETI now admits no "discussions" took place, Opp. at 3, but blames Ellucian and its counsel for ETI's failure to effect "immediate" service. *Id.* This explanation does not justify the initial delay, let alone four months of inactivity, and "is fatal" because "it is plaintiff's *burden* to show grounds for an extension." *Moore*, 2015 WL 859074, at *1.

### B. ETI is unable to refute Ellucian's showing of prejudice

ETI does not dispute Ellucian's investments in its marks or its accumulation of goodwill. *Compare* ECF No. 20 at 11-12, *with* Opp. at 14-16. Instead, ETI argues, without citation to authority, that its delay in asserting its rights was not prejudicial to Ellucian because Ellucian was allegedly aware of ETI's objections starting in November 2012. *See* Opp. at 16. But ETI

---

[2] Ellucian's cases considered "actual notice" in deciding whether Rule 4 was satisfied, but there is no reason that "actual notice" would differ for purposes of extending Rule 4's deadline. *See, e.g., Crowley v. Factor 5, Inc.*, No. C 11-05528 SBA, 2014 WL 1868851, at *4 n.11 (N.D. Cal. May 7, 2014) (considering extension, notice to attorney not "actual notice").

admits that Ellucian informed ETI that its objections were baseless and requested that ETI contact Ellucian's counsel if it had further concerns almost three years before ETI sued. *See* ECF No. 25-2 at ¶8 and *id.*, Ex. B at 3. This is a "classic case" of prejudice because ETI "knew" of Ellucian's use, "objected[,] and then did nothing for" years. *See* J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:13 (4th ed. 2016).

C. **ETI does not argue that all of its claims will be barred by the SOL**

Rather than explain its position, ETI claims it does not *know* whether any claims would be barred by the SOL. *See* Opp. at 13. Similarly, instead of addressing *Tines v. PepsiAmericas, Inc.*, 265 F.R.D. 285 (W.D. Tenn. 2010), ETI offers the conclusion that it is an "erroneous" outlier and not binding on the Court. Opp. at 14. But *Tines* is no outlier. There are similar holdings from other courts, including within the Tenth Circuit. *See infra* Section II.D. Moreover, if its claims are barred, by filing "shortly before the running of the three-year [SOL, ETI] assumed the risk that the dismissal of [its] claims under Rule 4(m) would . . . bar [it] from refiling [its] claims." *See Crowley*, 2014 WL 1868851, at *4 n.12; *see also Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) (Easterbrook, J.) ("one day's tardiness can be fatal").

D. **A permissive extension of time to serve is an abuse of discretion**

ETI argues that the Order should be reviewed only for clear error. *See, e.g.*, Opp. at 17. While Ellucian disagrees, *see supra* Section I, courts analyzing facts that are very similar to those in this case hold that a permissive extension is an abuse of discretion. In *Riddle v. Wichita Pub. Sch., Unified, Sch. Dist. No. 259*, the plaintiff, much like ETI: (1) refused to explain exactly which of its claims were time barred and why, "leaving the court to [independently] ferret[ ] out" that some claims would "remain viable for some time following a dismissal"; (2) "waited until

the last possible moment to file [its] claim"; (3) failed to effect service in the 120 days allowed; and (4) failed to offer "any explanation whatsoever" for its dilatory conduct. No. Civ.A.04-1400-MBL, 2005 WL 1563444, at *4-5 (D. Kan. June 30, 2005). On these facts, the Kansas district court held that granting a permissive extension "would be a perversion of Rule 4(m) and an abuse of discretion," because it "would reward th[e] plaintiff for waiting until the last minute to file and obtain service." *Id.* at *5.

*Riddle* is not alone. In *Crowley*, a court in the Northern District of California refused to grant a permissive extension where: (1) there was no evidence that "Defendant [as opposed to attorneys][3] had actual notice"; (2) plaintiff argued only that dismissal "create[d] potential [SOL] issues"; (3) plaintiff failed to offer "a reasonable explanation for . . . excessive delay"; and (4) plaintiff failed to show that defendant "would not be prejudiced by an extension of time to effect service." 2014 WL 1868851, at *3-4; *see also Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *3-4 (D. Kan. Mar. 7, 2008) ("almost identical" to *Riddle*, except ***all*** claims were time barred). ETI has not provided a reason why the outcome here should be different.

### III. ETI Does Not Identify Allegations To Support The False Advertising And Utah Unfair Competition Claims

ETI argues that paragraphs 39-40, 47, and 59-60 of its Complaint allege that Ellucian "made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product," Opp. at 18-20, and that those paragraphs along with paragraphs 44-45, 51, 86-87 allege something "beyond" trademark infringement, namely, that "Ellucian . . . ***advertised*** its services implicitly ***as being affiliated with***" ETI and that it did so

---

[3] *See Crowley*, 2014 WL 1868851, at *4 n.11 (court "not persuaded" that defendants "had actual notice of th[e] lawsuit simply because their attorney received notice of" it).

7

with knowledge and intent to trade on ETI's goodwill. Opp. at 21-22 (emphasis added). But paragraphs 39-40, 59-60, and 86-87 are recitations of law that are devoid of factual content. *See* Martin Decl. ¶ 4. The remaining paragraphs do not allege statements of fact or mention ***Ellucian's*** advertising at all. They allege only that the parties' marks are similar, *see* Complaint ¶ 47, that Ellucian used its own marks with knowledge of ***ETI's*** "advertising," *id.* ¶ 44, with the intent to trade on ETI's goodwill, *id.* ¶ 45, and that ETI should therefore get punitive damages, *id.* ¶ 51. ETI's argument that it sufficiently alleged Ellucian's advertising confuses consumers boils down to one idea: Ellucian alleged the parties' marks are "similar," therefore any Ellucian advertising misleading. This is a trademark infringement issue. It has nothing to do with whether ETI sufficiently alleged a "false or misleading representations of fact in connection with [Ellucian's] commercial advertising or promotion of its product." *See* Opp. at 18-19.

There is thus no "misleading representation of fact," on which to base a Lanham Act false advertising claim. Even if there were, the claim would still fail as a matter of law because ETI's damages allegations are wholly conclusory: "the complaint does not indicate how much [ETI's] profits have decreased" due to such statements, nor does it "quantify or estimate the [alleged] decrease in goodwill" or "quantify the number of potential customers who allegedly have been lost." *See Vincent v. Utah Plastic Surgery Soc.*, 621 F. App'x 546, 550-51 (10th Cir. 2015) (damages allegation lacking such details held "a formulaic recitation" and therefore insufficient under *Twombly*). Moreover, asserting trademark infringement does not properly allege ETI's Utah state claim. *See* ECF No. 20 at 17.

ETI's legal arguments are equally unconvincing. While a plaintiff may "prov[e] falsity" by showing that a statement is true but "likely to confuse or mislead consumers," *see* ECF No.

8

25 at 19, ETI is not thereby excused from pleading a specific *factual* misrepresentation. ETI's cases[4] illustrate this rule. *See* Ex. 4 (Complaint from *Zoller Labs*) (alleging specific factual statements); *see also Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1137 (9th Cir. 1997) (evaluating specific alleged fact statements). Nor does *Intermountain Stroke Ctr., Inc. v. Intermountain Health Care, Inc.*, No. 14-4045, 2016 WL 523613 (10th Cir. Feb. 9, 2016), allow ETI to bring a claim because it believes it "*is likely to be damaged*," *see* Opp. at 19, by an unpled misleading factual statement. *See* 2016 WL 523613 (not addressing issue of unpled statements).

*Icon Health & Fitness, Inc. v. Johnson Health Tech N. Am., Inc.*, if it is relevant,[5] shows that ETI did not allege sufficient facts for its Utah state claim. Icon alleged an "intentional business practice of stealing and copying [its] patented inventions [and its] time, effort, and talent that [went] into creating and developing the invention" that gave the defendant a "competitive advantage." No. 1:10-CV-00209-DN-DBP, 2015 WL 164607 at *3 (D. Utah Jan. 13, 2015). ETI does not allege that Ellucian competes with it in providing "online language instruction," *see* ECF No. 20 at 17 n.9; Complaint ¶¶ 10-13, and its conclusion that consumers are confused by Ellucian's use of ELLUCIAN marks (fair and lawful except purported trademark infringement) is based only on its allegation of similarity. *See* Opp. at 20-21.

### IV. ETI Does Not Identify Allegations Supporting Its Tarnishment Claims

Rather than identify supporting factual allegations, ETI makes four unconvincing arguments and improperly seeks to amend its Complaint. ***First***, ETI's apparent argument that it

---

[4] Neither of these pre-*Twombly/Iqbal* opinions shed much light on whether ETI properly pleaded its Lanham Act unfair advertising claim because they did not evaluate motions to dismiss.

[5] The court in *Icon* analyzed whether the claim was pre-empted by federal patent law. *Id.* at *3.

9

is sufficient to plead that Ellucian's products might be of shoddy quality in the future, *see* Opp. at 23 ("threat of [] future dilution is sufficient"), cannot pass muster under *Twombly* and *Iqbal*, and the cases ETI cites in support did not analyze tarnishment pleadings. *Gen. Motors Co. v. Urban Gorilla, LLC*, No. 2:06-CV-00133 BSJ, 2010 WL 5395065 (D. Utah Dec. 27, 2010), mentions "tarnishment" in footnote 33 and *Intermountain Stroke Ctr.* does not discuss dilution, 2016 WL 523613. **Second**, ETI's argument that the conclusory statements in paragraphs 47-48 and 67-68 of its Complaint are sufficient, *see* Opp. at 23-24, fails under *Iqbal*. 556 U.S. at 678. **Third**, ETI's contention that it need not plead "shoddy quality" to state its claim under Utah Code Ann. § 70-3a-403, *see* Opp. at 24, ignores that the statute is to be "interpreted . . . *in a manner substantially consistent with the federal system* of trademark" protection. *See Utah Republican Party v. Herbert*, No. 2:14-cv-00876-DN-DBP, 2015 WL 6395587, at *3 (D. Utah Oct. 22, 2015) (quoting and emphasizing Utah Code Ann. § 70-3a-102(1)). **Fourth**, ETI's belated "submi[ssion]," *see* Opp. at 24, does not remedy its faulty Complaint because the "reviews" that ETI found on the Internet do not change the Complaint's content. Moreover, unless it converts Ellucian's Rule 12(b)(6) motion into one for summary judgment, the Court must disregard the "reviews" as matters outside the pleadings. *See* Rule 12(d). Even if Ellucian's motion was heard under Rule 56, the Court could not consider the reviews because they are hearsay and have not been properly authenticated. *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064-65 (C.D. Cal. 2002). **Finally**, ETI's request to amend should be denied because (1) ETI had years to draft its Complaint and (2) it disregarded Local Rule 15-1.

Dated: May 19, 2016

Respectfully submitted,

/s/ John E. Delaney
John E. Delaney (UT #8481)
Erik A. Christiansen (UT #7372)
PARSONS BEHLE & LATIMER
#1800, 201 Main Street
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: jwhite@parsonsbehle.com
Email: echristiansen@parsonsbehle.com

/s/ Brandon C. Martin
Jeffrey E. Ostrow (*pro hac vice*)
Brandon C. Martin (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5030
Facsimile: (650) 251-5002
Email: jostrow@stblaw.com
Email: bmartin@stblaw.com

*Attorneys for Defendant Ellucian Company, L.P.*

4828-5023-7233 v1

# CERTIFICATE OF SERVICE

On this 19th day of May 2016, I hereby certify that I electronically filed the foregoing **ELLUCIAN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

/s/ John E. Delaney