Gregory M. Hess (UT #5611)
Bentley J. Tolk (UT #6665)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
Facsimile: 801-532-7750
ghess@parrbrown.com
btolk@parrbrown.com

Attorneys for Eleutian Technology, Inc.

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC., <br><br>       Plaintiff, <br><br>   vs. <br><br> ELLUCIAN COMPANY, L.P., <br><br>    Defendant. | **ADDITIONAL REQUESTED BRIEFING IN OPPOSITION TO MOTION TO DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P 12(b)(5) AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) AND 8** <br><br><br> Civil No. 2:15-CV-00649-BSJ <br><br> Judge Bruce S. Jenkins |

Plaintiff Eleutian Technology, Inc. ("Eleutian"), by and through its counsel of record in this matter, hereby submits this additional requested briefing in opposition to the Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and For Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Dkt. 20) (the "Motion to Dismiss").

**INTRODUCTION**

This case was initially "deemed to be assigned to the Chief Judge and referred to" Magistrate Judge Pead under General Order 11-001 "for the exercise of all authority under 28 U.S.C. § 636(b) as provided in DUCivR 72-2(a)(6)" during the period of time before the parties decided whether to consent to full civil jurisdiction of the magistrate under 28 U.S.C. § 636(c). Magistrate Judge Pead therefore had authority to decide, in his discretion, the non-dispositive pretrial Motion for Extension at issue. As a result, Magistrate Judge Pead's decision granting the motion should be upheld under the "clearly erroneous or contrary to law" standard.

**STATEMENT OF FACTS**

1.      On June 15, 2016, the Court conducted a hearing on the Motion to Dismiss (the "Hearing").

2.      During the Hearing, the Court referenced a "question" about the "the power of the magistrate to deal with" Eleutian's Motion for Extension of Time to Serve Complaint (Dkt. 6) (the "Motion for Extension"). [Transcript for June 15, 2016 Motion Hearing at 12.]

3.      Specifically, the Court had questions about whether a "formal order of reference" was necessary as a prerequisite for Magistrate Judge Pead's January 28, 2016 Ruling and Order Extending Time to Serve Complaint (Dkt. 7) (the "Order Extending Time to Serve Complaint"). [*Id.* at 29-32.]

4.      The Court also had questions about "the manner in which a matter has been referred and the scope of the referral." [*Id.* at 29-32.]

5.      In addition, the Court had questions about who actually assigns a case in the District of Utah to a magistrate judge, and whether there is a "court ruling or some kind of court order" whereby cases are initially assigned to a magistrate judge. [*Id.* at 38-39.]

6.      Near the end of the Hearing, the Court stated: " . . . I'm trying to resolve in my own mind the power of the magistrate to enter an order extending time absent something that all of us can point to by way of rule, statute or order in reference to that, and even though the practice has been what it is, this case I think raises an interesting question as to what needs to occur or what has occurred prior to the time that you deal with the question as to the standard for sustaining or overruling an order entered by a magistrate." [*Id.* at 56.]

7.      The Court also stated: "I think it might be a useful exercise on the part of everybody here if I said to the plaintiff, as best you can deal with the legitimacy of the exercise of power by the magistrate in entering the order that he entered. To what do you point authorizing him to deal with that particular subject pre-consent and post-assignment? . . . I am dealing with that specific subject which is a power question preceding the standard question, preceding a ratification question or, indeed, entering an order that says that it is okay or not okay." [*Id.* at 56-57.]

8.      The Court asked Eleutian to file its additional briefing on the above-referenced matters by July 10, 2016 (which is July 11th, since July 10th is a Sunday), and Ellucian Company, L.P. ("Ellucian") to file its responsive additional briefing 15 days following Eleutian's briefing. [*Id.* at 59.]

-3-

## ARGUMENT

Magistrate Judge Pead was authorized to issue the Order Extending Time to Serve Complaint, and his exercise of discretion in issuing that Order should be upheld under the "clearly erroneous or contrary to law" standard of review.

## I.     MAGISTRATE JUDGE PEAD WAS AUTHORIZED TO ISSUE THE ORDER EXTENDING TIME TO SERVE COMPLAINT.

As set forth below, Magistrate Judge Pead was authorized to decide the non-dispositive Motion for Extension through a referral from the Chief Judge of the United States District Court for the District of Utah.

### A.     This Case Was Deemed to be Assigned to the Chief Judge and Referred to Magistrate Judge Pead for the Exercise of all Authority under 28 U.S.C. § 636(b) as Provided in DUCivR 72-2(a)(6).

Local Rule 83-2 states that "[s]upervision of the random assignment of civil cases to the judges of the court is the responsibility of the chief judge," and that "[a]ll case assignments are randomly assigned by an automated case assignment system approved by the judges of the court and managed by the clerk under the direction of the chief judge." DUCivR 83-2. General Order 15-003 of the United States District Court for the District of Utah states that "[p]ursuant to DUCiv R 83-2, supervision of the random case assignment system is the responsibility of the chief judge." [*See* General Order 15-003, a copy of which is attached as Exhibit "A."] General Order 15-003 also states that the clerk of the court will use the following procedure (among others) in assigning cases: the "chief judge will adjust the case assignment wheel to reflect the needs of the court and the availability of magistrate judges for the direct assignment of civil cases to magistrate judges at case opening to facilitate parties' [] consent to the magistrate judge's exercise of full civil jurisdiction." [*Id.*]

General Order 11-001 of the United States District Court for the District of Utah

"establishes the process for assigning civil cases from the initial case assignment wheel." [*See*

General Order 11-001, a copy of which is attached as Exhibit "B."] General Order 11-001 states

that "[a]ll full time Magistrate Judges in the District will be included in the civil case assignment

process at the time the civil case is opened." [*Id.*] In addition, cases "so assigned shall be deemed

to be assigned to the Chief Judge and *referred* to the magistrate judge for the exercise of all

authority under 28 U.S.C. [§] 636(b) as provided in DUCivR 72-2(a)(6) during the period of time

when the parties enter the case and decide whether to consent to the exercise of full civil

jurisdiction under 28 U.S.C. § 636(c)." [*Id.* (emphasis added).]

Pursuant to 28 U.S.C. § 636(b)(1)(A), a "judge may designate a magistrate judge to hear

and determine any pretrial matter pending before the court, except a motion for injunctive relief,

for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or

information made by the defendant, to suppress evidence in a criminal case, to dismiss or to

permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can

be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) of the Federal Rules of Civil Procedure ("Rule 72(a)") states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a
> magistrate judge to hear and decide, the magistrate judge must promptly conduct
> the required proceedings and, when appropriate, issue a written order stating the
> decision. A party may serve and file objections to the order within 14 days after
> being served with a copy. A party may not assign as error a defect in the order not
> timely objected to. The district judge in the case must consider timely objections
> and modify or set aside any part of the order that is clearly erroneous or is
> contrary to law.

Fed. R. Civ. P. 72(a). Local Rule 72-2(a)(6) states that magistrate judges "are authorized to: . . .

conduct all pretrial proceedings contemplated by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 in

cases assigned to them under General Order 11-001." DUCivR 72-2(a)(6). Local Rule 72-2(b) states that "[o]n order of reference and under Fed. R. Civ. P. 72(a), magistrate judges are authorized to hear and determine any procedural motion, discovery motion, or other non-dispositive motion." DUCivR 72-2(b).

Pursuant to Local Rule 83-2, General Order 15-003 and General Order 11-001, this case was initially assigned by the Chief Judge to Magistrate Judge Pead. In addition, General Order 11-001 clarifies that this case is "deemed to be assigned to the Chief Judge and referred to" Magistrate Judge Pead "for the exercise of all authority under 28 U.S.C. [§] 636(b) as provided in DUCivR 72-2(a)(6) during the period of time when the parties enter the case and decide whether to consent to the exercise of full civil jurisdiction under 28 U.S.C. § 636(c)." Under 28 U.S.C. § 636(b)(1)(A), Local Rule 72-2 and Rule 72(a), Magistrate Judge Pead (to whom the case was deemed referred) was authorized to consider and decide the Motion for Extension.

### B.     The Motion for Extension Was a Non-Dispositive Pretrial Matter.

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), motions for an extension of time are considered non-dispositive pretrial matters. *See, e.g.*, *Anastasion v. Credit Service of Logan, Inc.*, 2011 WL 1376050, (D. Utah Apr. 12, 2011) (holding that motions for leave to amend a pleading, to add a new party, and to extend discovery are each "nondispositive pretrial motions" for purposes of reviewing a magistrate judge's decision, despite "Plaintiff's efforts to construe her motions as covering ultimate issues to be tried at later proceedings" ); *Tucker v. U.S. Dept. of Army*, 56 F.3d 1384, 1995 WL 337670, *2 (5th Cir. May 16, 1995) (noting that defendants' motion for extension of time in which to answer, which was granted by a magistrate judge, was a "nondispositive motion" that the "magistrate had authority to grant"); *Cooper v. Shelby County,*

4850-3382-1236 v. 1

*Tenn.*, 2010 WL 3211677, *2 (W.D. Tenn. Aug. 10, 2010) (holding that a motion to extend the dispositive motion deadline is a nondispositive preliminary matter for purposes of reviewing a magistrate judge's order).

Although a motion for leave to amend a pleading or to add a new party (as in the *Anastasion* case) or a motion for an extension of time to answer a complaint (as in *Tucker*) or a motion to extend the dispositive motion deadline (as in *Cooper*) would or could have the effect of precluding or allowing a party's claim or defense, such motions for extension are nevertheless treated as non-dispositive pretrial matters. Such treatment makes sense because adjudication of an actual claim or defense is not at issue or before the court in connection with such a motion. Similarly, in connection with the Motion for Extension, adjudication of a potential statute of limitations defense or any other defense was not at issue or before Magistrate Judge Pead. Ellucian had not yet pled (and still has not to date pled) a statute of limitations defense, and the parties have not briefed the merits of any such hypothetical defense.

Any such briefing about a potential statute of limitations defense would be fact-dependent, would need to be preceded by discovery, and would need to include an analysis of the Utah Savings Statute under Utah Code Ann. § 78B-2-111(1) and other applicable law. As Ellucian argues in the Motion to Dismiss, "[w]hether [Eleutian's] claims are barred by a statute of limitations is an issue that should be addressed by the Court *after [Eleutian] has refiled its Complaint, after discovery has taken place on the issue, and after full briefing by the parties*." [Motion to Dismiss at 14 (emphasis added).] Eleutian's Motion for Extension was not a "dispositive" motion.

Courts – including a district court within the Tenth Circuit – that have specifically addressed motions for extension decided by magistrate judges under Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") have held that such motions are non-dispositive pretrial matters. *See Lynn v. Schultz*, 2013 WL 3935122, *3 (D. Kan. July 30, 2013) (noting that the "review set forth in Rule 72(a) governs because [the magistrate judge] was only called upon to decide whether an extension should be granted under Rule 4(m), a nondispositive pretrial matter"); *Paden v. Testor Corp.*, 2004 WL 2491633, *1 (N.D. Ill. Nov. 2, 2004) (noting that "the magistrate judge was only called upon to decide whether an extension should be granted under Rule 4(m), a nondispositive pretrial matter, which is governed by the standard of Rule 72(a)"); *Kalra v. City of New York*, 2009 WL 857391, *3 (S.D.N.Y. Mar. 31, 2009) (noting that a "magistrate judge's decision to grant an extension of time to effect service under Rule 4(m) is a non-dispositive pretrial matter," and that the court would only reverse the magistrate judge's decision if it was "clearly erroneous or contrary to law"). The Motion for Extension was a non-dispositive pretrial matter under Rule 4(m).[1]

---

[1] Ellucian's purported cases to the contrary in its Reply Memo (Dkt. 27) are all distinguishable in that they do not involve a motion for extension under Rule 4(m), and they are not on point. The *Ocelot Oil Corp.* case involved a magistrate's order to strike certain pleadings with prejudice, which constituted the "involuntary dismissal of an action within the meaning of section 636(b)(1)(a)." *See Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-63 (10th Cir. 1988). *Lundy* involved a motion to amend under Rule 15 and whether an amendment would relate back to the date of the original pleading. *See Lundy v. Adamar of N.J., Inc*, 34 F.3d 1173, 1181-84 (3rd Cir. 1994). The *Allendale Mut. Ins. Co.* case involved a Rule 15 motion to amend an answer, and not a motion for extension under Rule 4(m). *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, *1-3 (D. Me. 1998). In addition, the defendant in *Allendale Mut. Ins. Co* filed timely objections. *Id.* at *1-2.

II.     **MAGISTRATE JUDGE PEAD'S DISCRETIONARY ORDER EXTENDING TIME TO SERVE COMPLAINT SHOULD BE REVIEWED AND UPHELD UNDER THE "CLEARLY ERRONEOUS OR CONTRARY TO LAW" STANDARD.**

It is settled law that a "permissible extension of time within the district court's discretion" may be granted to a plaintiff that has not served a summons and complaint within the required time frame. *See Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995). For "non-dispositive pretrial matters," a district court in the District of Utah reviews a Magistrate Judge's order or ruling "under a 'clearly erroneous or contrary to law' standard of review." *Phillip M. Adams & Associates, LLC v. Winbond*, 2010 WL 2574151, *1 (D. Utah June 24, 2010) (citation omitted); *see also In re Nature's Sunshine Products Securities Litigation*, 2008 WL 4442151, *1 (D. Utah Sep. 23, 2008); Fed. R. Civ. P. 72(a). Under the "clearly erroneous standard," a district court in Utah "will affirm the Magistrate Judge's ruling 'unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Phillip M. Adams & Associates*, 2010 WL 2574151 at *1 (citations omitted); *see also In re Nature's Sunshine Products Securities Litigation*, 2008 WL 4442151 at *1; *Miller v. Corinthian Colleges, Inc.*, 2011 WL 1740153, *2 (D. Utah May 5, 2011).

Pursuant to the "clearly erroneous or contrary to law" standard of review (or any other standard of review), and pursuant to the reasons set forth in Eleutian's Memorandum in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Dkt. 25), Magistrate Judge Pead's exercise of discretion to grant a permissive extension should be upheld.

**<u>CONCLUSION</u>**

For the foregoing reasons, and for the reasons set forth in its Memorandum in Opposition,

Eleutian respectfully requests that the Court deny Ellucian's Motion to Dismiss in its entirety.

DATED this 11th day of July, 2016.

PARR BROWN GEE & LOVELESS, P.C.

By:  /s/ Bentley J. Tolk_____
   Gregory M. Hess, Esq.
   Bentley J. Tolk, Esq.
   Attorneys for Plaintiff Eleutian Technology, Inc.

-10-

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 11th day of July, 2016, a true and correct copy of the

foregoing **ADDITIONAL REQUESTED BRIEFING IN OPPOSITION TO MOTION TO**

**DISMISS FOR LATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P 12(b)(5)**

**AND 4(m) AND FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

**AND 8** was served via CM/ECF electronic notification service on the following:

> Erik A. Christiansen
> PARSONS BEHLE & LATIMER
> #1800, 201 Main Street
> Salt Lake City, UT 84111
> echristiansen@parsonsbehle.com
>
>
> Jeffrey E. Ostrow (*pro hac vice*)
> Brandon C. Martin (*pro hac vice*)
> SIMPSON THACHER & BARTLETT LLP
> 2475 Hanover Street
> Palo Alto, CA 94304
> jostrow@stblaw.com
> bmartin@stblaw.com

/s/ Bentley J. Tolk

4850-3382-1236 v. 1