IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELLUCIAN COMPANY, L.P.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [20] MOTION TO DISMISS**<br><br>Case No. 2:15-CV-00649<br><br>District Judge David Nuffer |

Defendant Ellucian Company, L.P. moved to dismiss the complaint for late service of process and for failure to state a claim.[1] Plaintiff Eleutian Technology, Inc., responded in opposition.[2] Ellucian replied in support of the motion.[3]

After a hearing before Judge Jenkins,[4] both parties were ordered to supplement the briefing.[5] Eleutian[6] and Ellucian[7] provided additional briefing.

---

[1] Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Motion to Dismiss), docket no. 20, filed March 11, 2016.

[2] Memorandum in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Opposition), docket no. 25, filed May 2, 2016.

[3] Ellucian's Reply in Support of Its Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8 (Reply), docket no. 27, filed May 19, 2016.

[4] Minute Entry for proceeding held before Judge Bruce S. Jenkins, docket no. 28, entered June 15, 2016.

[5] *Id.*

[6] Additional Requested Briefing in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8, docket no. 32, filed July 11, 2016.

[7] Ellucian's Additional Requested Briefing in Support of Its Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8, docket no. 33, filed July 26, 2016.

On November 29, 2016, Judge Jenkins recused and the case was reassigned to Judge Waddoups.[8] On November 30, 2017, Judge Waddoups recused and the case was reassigned to the undersigned.[9]

The 12(b)(5) portion of the Motion to Dismiss depends on the validity of a Ruling and Order Extending Time to Serve Complaint[10] entered by the magistrate judge prior to Judge Jenkin's assignment as case presiding judge. Because the Ruling and Order Extending Time to Serve Complaint resolves dispositive issues in the case, it is reviewed de novo.

The Ruling and Order Extending Time to Serve Complaint[11] is ADOPTED as the order of the court. The Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The third claim for relief is DISMISSED WITH PREJUDICE; the portions of the fourth and eighth claims for relief are DISMISSED WITHOUT PREJUDICE; and the seventh claim for relief is DISMISSED WITH PREJUDICE.

**Table of Contents**

Background Procedure and Facts ................................................................................................. 3
Discussion ..................................................................................................................................... 5
      The Complaint will not be dismissed for late service. ........................................................... 5
            The Motion for Extension of Time will be reviewed de novo. ............................. 5
            The Ruling and Order Extending Time to Serve Complaint is adopted. ............... 8
      The third and seventh claims for relief are dismissed with prejudice and portions of the
            fourth and eighth claims for relief are dismissed without prejudice. .................... 11
            The third claim for relief is dismissed with prejudice for failure to state a claim. 13
            The portions of the fourth and eighth claims for relief that relate to dilution by
               tarnishment are dismissed without prejudice for failure to state a claim. .. 15
            The seventh claim for relief is dismissed with prejudice for failure to state a
               claim. ......................................................................................................... 19
Order   21

---

[8] Order Reassigning Case, docket no. 36, entered November 29, 2016.

[9] Order of Recusal, docket no. 37, entered November 30, 2016.

[10] Docket no. 7, entered January 28, 2016.

[11] Docket no. 7, entered January 28, 2016.

**BACKGROUND PROCEDURE AND FACTS**

1.      Eleutian filed the complaint on September 9, 2015.[12]

2.      The case was assigned to Magistrate Judge Pead.[13]

3.      Counsel for Eleutian emailed a "courtesy copy" of the complaint to Lori Lesser, an individual at Ellucian's counsel's firm.[14]

4.      The time period allotted by Federal Rule of Civil Procedure 4(m) for service expired on January 7, 2016.

5.      On January 26, 2016, Eleutian moved for an extension of time to serve the complaint.[15]

6.      In that motion, Eleutian requested a permissive extension.[16]

7.      Magistrate Judge Pead granted the Motion for Extension of Time in the Ruling and Order Extending Time to Serve Complaint.

8.      The Complaint includes the following causes of action:

   a.   First Claim: "Infringement of Plaintiff's Service Mark Certificate of Registration No. 4,649,191";[17]

---

[12] Complaint, docket no. 2, filed September 9, 2015.

[13] Docket no. 1, entered September 9, 2015.

[14] Exhibit A to Exhibit 1 (Declaration of Bentley Tolk), docket no. 25-1, filed May 2, 2016. Any reference to exhibits not attached to the complaint only relate to the Motion's 12(b)(5) basis for dismissal. They in no way affect the 12(b)(6) analysis.

[15] Motion for Extension of Time to Serve Complaint (Motion for Extension of Time), docket no. 6, filed January 26, 2016.

[16] *Id.* at 5.

[17] Complaint ¶¶ 53–57.

    b.   Second Claim: "Unfair Competition in Violation of Section 43(a)(1)(A) of the Lanham Act";[18]

    c.   Third Claim: "False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act";[19]

    d.   Fourth Claim: "Dilution of Famous Mark in Violation of Section 43(c) of the Lanham Act";[20]

    e.   Fifth Claim: "Cancelation of the Registrations for the ELLUCIAN marks and the ELLUCIAN GO mark under Section 37 of the Lanham Act";[21]

    f.   Sixth Claim: "Common Law Trademark and Trade Name Infringement";[22]

    g.   Seventh Claim: "Unfair Competition in Violation of Utah Code Annotated Sections 13-5a-101–103";[23] and

    h.   Eighth Claim: "Trademark Dilution in Violation of Utah Code Annotated Section 70-ca-403)."[24]

9.    Upon one or more party's request or failure to consent to the magistrate judge, the case was randomly assigned to Judge Jenkins on March 4, 2016.[25]

10.    On March 11, 2016, Ellucian filed this Motion to Dismiss.[26]

---

[18] *Id.* ¶¶ 58–61.

[19] *Id.* ¶¶ 62–64.

[20] *Id.* ¶¶ 65–70.

[21] *Id.* ¶¶ 71–76.

[22] *Id.* ¶¶ 77–84.

[23] *Id.* ¶¶ 85–89.

[24] *Id.* ¶¶ 90–93.

[25] Docket no. 19, entered March 4, 2016.

[26] Docket no. 20, filed March 11, 2016.

11.     On June 15, 2016, Judge Jenkins heard oral argument on this motion.[27]

## DISCUSSION

**The Complaint will not be dismissed for late service.**

The Motion to Dismiss seeks to dismiss for late service of process. Because Magistrate Judge Pead granted the Motion for Extension of Time, the nub of Ellucian's 12(b)(5) basis for dismissing Eleutian's complaint is whether Judge Pead's Ruling and Order Extending Time to Serve Complaint is effective.

**The Motion for Extension of Time will be reviewed *de novo*.**

General Order 11-001 states:

All full time Magistrate Judges in the District will be included in the civil case assignment process at the time the civil case is opened. The proportion of cases so assigned will be determined by the court and will be periodically reviewed and adjusted. Cases so assigned shall be deemed to be assigned to the Chief Judge and referred to the magistrate judge for the exercise of all authority under 28 U.S.C. 636(b) as provided in DUCivR 72-2(a)(6) during the period of time when the parties enter the case and decide whether to consent to the exercise of full civil jurisdiction under 28 U.S.C. § 636(c).

Upon its filing, this case was therefore assigned to Chief Judge David Nuffer and referred to Magistrate Judge Pead under 28 U.S.C. § 636(b).

28 U.S.C. § 636(b) provides two alternative paths for magistrate judge action on referral. Sub-section 636(b)(1)(A) states that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except" various specified motions, which go to the merits of the entire case and are commonly referred to as "dispositive motions." Thus, sub-section 636(b)(1)(A) enables a magistrate judge to "determine" any non-dispositive motion.

---

[27] Minute Entry for proceedings held before Judge Bruce S. Jenkins, docket no. 28, entered June 15, 2016.

Any objection to such an order is reviewed to determine if it is clearly erroneous or contrary to law.[28]

By contrast, sub-section 636(b)(1)(B) states that "a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in" sub-section A. A magistrate judge may not determine a dispositive motion, but must report and recommend action to the district judge. The district judge reviews these matters de novo.[29]

General Order 11-001 authorizes a magistrate judge to take action under sub-section 636(b)(1)(A) and under sub-section 636(b)(1)(B). Any objection to an order issued under sub-section 636(b)(1)(A) or to a report and recommendation issued under sub-section 636(b)(1)(B) is handled by the Chief District Judge.

Regardless of the form of a magistrate judge's order, the nature of the motion governs whether the magistrate judge's order will be considered as an order with immediate effect under sub-section A or as a report and recommendation under sub-section B.[30]

Eleutian's Motion for Extension of Time appears, superficially, to be a non-dispositive motion. It only seeks to extend time for service of process. In *Ocelot Oil Corp. v. Sparrow Industries*,[31] the Tenth Circuit held that motions are not deemed dispositive on categorical bases,

---

[28] Fed. R. of Civ. Pro. 72(a).

[29] Fed. R. of Civ. Pro. 72(b)(3).

[30] *See Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988) (finding error when district court reviewed magistrate order under clearly erroneous standard when the magistrate's order should have been reviewed *de novo* because so-called discovery motion had potentially dispositive effects). Examples abound of district courts construing a magistrate order as a report and recommendation. *See, e.g., Yunik v. McVey*, no. 2:08-cv-1706, 2013 WL 3776794 (W.D. Penn. July 17, 2013), *United States ex rel. Ruckh v. CMC, LLC*, no. 8: 11-cv-1303-T-23TBM, 2015 WL 12915544 (W.D. Fla. Aug. 12, 2015).

[31] 847 F.2d 1458, 1462 (10th Cir. 1988).

but rather are treated as dispositive motions "when they have an identical effect" to those motions excepted under section 636(b)(1)(A).[32]

The time allotted for service by Federal Rule of Civil Procedure 4(m) expired on January 7, 2016. After that date, Ellucian had a 12(b)(5) defense for insufficient service of process[33] and the potential defense that the statute of limitations had run on some of Eleutian's claims. The Motion for Extension of Time effectively sought to overcome those defenses.[34] Ellucian's motion was, therefore, a dispositive motion.[35] Magistrate Judge Pead's Order will be construed as a report and recommendation subject to de novo review.

Federal Rule of Civil Procedure 72(b) requires that "specific written objections" to the magistrate judge's findings and recommendations on dispositive motions must be filed "[w]ithin 14 days after being served with a copy of the recommended disposition." Ellucian failed to make any objections to the Ruling and Order Extending Time to Serve Complaint.

Failing to file objections or failing to file objections within 14 days precludes the *right* to an Article III judge's review.[36] Ellucian therefore has no right to complain about the effect of the Ruling and Order Extending Time to Serve Complaint. "[T]he district judge[, however] retains the power to engage in *sua sponte* review of any portion of the magistrate's report and

---

[32] *Id.* at 1463.

[33] *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2016) (collecting cases stating failure to comply with Fed. R. Civ. P. 4(m) may be basis for 12(b)(5) defense for insufficient service of process).

[34] The Motion for Extension of Time did state that Eleutian was "19 days past the expiration of the 120-day service period," but it did not mention its potential effects on Ellucian's possible defenses. Motion for Extension of Time at 4.

[35] *See Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 n.13 (3d Cir. 1994) ("The magistrate judge concluded that Dr. Carlino had reason to believe the Lundys, but for a mistake concerning the identity of the proper party, would have sued him. Accordingly, the magistrate judge granted the Lundys' motion to amend under Rule 15. This ruling was dispositive of Dr. Carlino's statute of limitations defense and the district court, accordingly, was free to rule *de novo* on the issue presented by this third requirement of Rule 15(c).")

[36] *Thomas v. Arn*, 474 U.S. 140, 148 (1985).

recommendation, regardless of the absence of objections."[37] "Such *sua sponte* review may be under a *de novo* standard, or any lesser standard of review."[38] Even when there is no objection, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."[39]

Because a district court judge has discretion to review a magistrate judge's report and recommendation even without objections, it is not necessary to construe Ellucian's Motion to Dismiss as an objection[40]—timely or not—to the Ruling and Order Extending Time to Serve Complaint. The court will exercise its discretion and review the Motion for Extension of Time *de novo*.

**The Ruling and Order Extending Time to Serve Complaint is adopted.**

In its Motion for Extension of Time, Eleutian sought "a permissive extension of the time for Eleutian to serve the Complaint on this matter . . . through and including fourteen . . . days from the entry of the Court's Order on this Motion."[41]

The version of Federal Rule of Civil Procedure 4(m) in place at the time Eleutian filed the complaint stated:

> If a defendant is not served within 120[42] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

---

[37] *Cespedes v. Coughlin*, 956 F.Supp. 454, 463 (S.D.N.Y. 1997) (internal quotation marks omitted) (I*quoting* 7 Pt. 2 Moore's Federal Practice, ¶ 72.04[10.–1], at 72–95). *See also* 91 C.J.S. United States Magistrates § 11.

[38] *Cespedes*, 956 F.Supp. at 463 (internal quotation marks omitted).

[39] *Hendersonv. Carlson*, 812 F.2d 874 (3d Cir. 1987); *see also Zimbauer v. Milwaukee Orthopaedic Group, Ltd.*, 920 F.Supp. 959 (E.D. Wisc. 1996) ("The Court may review *de novo* any other aspect of the Recommendation as it sees fit . . . . The statue should be read as permitting modifications and *de novo* determinations by the district judge at all times but *mandating de novo* determinations when objections are raised.").

[40] Though some courts have construed other papers as objections to the magistrate judge's report and recommendation. *See, e.g.*, Blakemore v. Director, TDCJ-CID, no. 6:10cv618, 2011 WL 2693490, at *1 (E.D. Tex. July 11, 2011).

[41] Motion for Extension of Time at 1.

[42] Beginning December 1, 2015, Rule 4(m) now requires service within 90 days.

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *Espinoza v. U.S.*,[43] the Tenth Circuit states the framework for granting a motion for an extension of time to effect service.

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service . . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service. [44]

The Tenth Circuit has not provided factors that should be considered when dismissing a case without prejudice.[45] It has stated, however, that dismissal without prejudice "can be an extreme sanction if the statute of limitations bars refiling," and consequently "the district court must explain why it imposed the extreme sanction of dismissal."[46] And further, "dismissal without prejudice when statute of limitations has run is an extreme sanction which should only be used when lesser sanctions would not serve interests of justice."[47]

Eleutian's Motion for Extension of Time stated that it "does not seek a mandatory extension of time due to good cause."[48] If good cause were shown, the extension would be mandatory.[49] Instead, Eleutian seeks a permissive extension.[50] Courts consider various factors when evaluating permissive extensions. "First, the advisory committee's note states that '[r]elief

---

[43] 52 F.3d 838 (10th Cir. 1995).

[44] *Id.* at 841.

[45] *Florence v. Decker*, 153 Fed. Appx. 478, 480 (10th Cir. 2005).

[46] *Id.* (internal quotation marks omitted).

[47] *Id.*

[48] Motion for Extension of Time at 4. Eleutian, however, did claim that it "originally had a reasonable motive for not formally serving the Complaint and summons on" *Id.*

[49] *Espinoza*, 52 F.3d at 841.

[50] Motion for Extension of Time at 4.

may be justified . . . if the applicable statute of limitations would bar the refiled action.'"[51]
Second, courts should consider the complexity of effecting service.[52]

      Eleutian notified Ellucian of trademark concerns on November 26, 2012.[53] On September
9, 2015, Eleutian filed the complaint.[54] That same day, counsel for Eleutian emailed the
complaint to Lori Lesser,[55] a partner at the firm representing defendant. Lesser had previously
corresponded with counsel for plaintiff. She sent the response to Eleutian's November 26, 2012,
notification of trademark concerns.[56] Sometime in November 2015, the statute of limitations for
some Eleutian's claims may have expired. On January 7, 2016, the 120-day service period
expired. On January 26, 2016, Eleutian filed the Motion for Extension of Time.[57]

      Eleutian could have served Ellucian. Service would not have been complicated. There
was no labyrinthine bureaucracy with which to contend. This seems to have been nothing more
than a breakdown in calendaring. Eleutian was aware of the possibility of bringing suit in 2012.
It waited to file a complaint until within two months of the expiration of the statute of
limitations. Then it appears to have done nothing for 139 days.

      Though Eleutian's practice is not approved, its failure to serve the complaint on Ellucian
does not justify dismissal without prejudice. Therefore, the Ruling and Order Extending Time to

---

[51] *Espinoza*, 52 F.3d at 842.

[52] *Id.* at 842.

[53] Declaration of Brian Holiday in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8 ¶ 4, docket no. 25-2, filed May 2, 2016.

[54] Complaint, docket no. 2, filed September 9, 2015.

[55] Exhibit A to Declaration of Bentley J. Tolk in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8, docket no. 25-1, filed May 2, 2016.

[56] Declaration of Brian Holiday ¶ 7.

[57] Docket no. 6, filed January 26, 2016.

Serve Complaint is adopted. The late service preserves the claims. The complaint will not be dismissed based on the time of Eleutian's service of process.

### The third and seventh claims for relief are dismissed with prejudice and portions of the fourth and eighth claims for relief are dismissed without prejudice.

Ellucian seeks to dismiss the following claims with prejudice: Third Claim, False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act; Fourth Claim, Dilution of Famous Mark in Violation of Section 43(c) of the Lanham Act; Seventh Claim, Unfair Competition in Violation of Utah Code Annotated Sections 13-5a-101–103; and Eighth Claim, Trademark Dilution in Violation of Utah Code Annotated Section 70-3a-403.

Ellucian is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[58] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but need not consider conclusory allegations.[59] Nor are the complaint's legal conclusions and opinions accepted, whether or not they are couched as facts.[60] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."[61]

The United States Supreme Court has held that satisfying the basic pleading requirements of the federal rules "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

---

[58] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[59] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[60] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[61] *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

elements of a cause of action will not do.'"[62] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[63] "[N]aked assertions devoid of further factual enhancement,"[64] do not state a claim sufficiently to survive a motion to dismiss.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'"[65] "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[66] That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[67] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."[68]

Measured against this legal standard, the third, fourth, seventh, and eighth causes of action fail to state a claim for the reasons stated below.

---

[62] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

[63] *Id.*

[64] *Id.*

[65] *Id.*at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[66] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[67] *Robbins v. Oklahoma* 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[68] *Id.* at 1248.

**The third claim for relief is dismissed with prejudice for failure to state a claim.**

Eleutian alleges that "Ellucian has used in commerce a false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact as to the nature, characteristics, and/or qualities of its services and/or goods, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)."[69]

> To prevail on false advertising claim under the Lanham Act, Eleutian must demonstrate:
>
> (1) that [Ellucian] made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure [Eleutian].[70]

Ellucian argues that the Complaint is deficient because it "does not allege that Ellucian made a material false or misleading representation[] of fact in connection with the commercial advertising or promotion of its product."[71] In other words, Ellucian only challenges the sufficiency of Eleutian's complaint on the first prong of the false advertising claim under the Lanham Act.

False advertising under the "Lanham Act encompasses more than literal falsehoods, because otherwise, clever use of innuendo, indirect intimations, and ambiguous suggestions could shield the advertisement from scrutiny precisely when protection against such sophisticated deception is most needed."[72] There are two types of false advertisements: advertisements that are literally false and advertisements that are impliedly false. If the complaint relies on this latter type of misstatement, "courts favor testing by consumer reaction surveys, but

---

[69] Complaint ¶ 63.

[70] *Sally beauty Co. Inc. v. Beautyco, Inc.*, 304 F.3d 964 (10th Cir. 2002).

[71] Motion at 16.

[72] *Cottrell, Ltd. v. Biotrol Intern., Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (internal quotation marks omitted).

have also found falsity based on their own independent reaction and the reaction of witnesses testifying before the court, including testimony based on test results, consumer surveys, complaints received, allegations of more than a few instance of misrepresentation, and otherwise."[73]

In *Vincent v. Utah Plastic Surgery Soc.*,[74] the Tenth Circuit affirmed the district court's dismissal of the plaintiff's complaint. Among others claims, plaintiffs asserted a false advertising claim under the Lanham Act. Specifically, plaintiffs alleged that defendants' advertisements "conveyed a contrived and deceptive" description of plaintiffs' trade. The plaintiffs alleged an implied falsity claim. The court stated that to prevail, plaintiffs "must show actual consumer deception."[75] The court continued, "Plaintiffs can make this showing by presenting extrinsic evidence that demonstrates a statistically significant part of the commercial audience holds the false belief allegedly communicated by the challenged advertisement." After reviewing the complaint, the court affirmed the dismissal, stating, "Plaintiffs' complaint contains no such factual allegation or any other specific factual allegation on the issue of actual consumer deception." The court also rejected plaintiffs' argument that they could produce reaction surveys if the court decided it were necessary:

> This argument is easily rejected. Plaintiffs have not indicated that they possess any such surveys. Further, Plaintiffs are required at the pleading stage to allege enough facts to raise a reasonable expectation that discovery will reveal evidence to support their claim . . . . While Plaintiffs' complaint need not contain sufficient evidence to prove their claim, they cannot file an inadequate complaint and then use the discovery process to develop a factual basis for their claims in the first instance.[76]

---

[73] *Id.*

[74] 621 Fed.Appx. 546 (10th Cir. 2015).

[75] *Id.* at 550 (internal quotation marks omitted).

[76] *Id.* at 550 n.7 (citation and internal quotation marks omitted).

Similarly, Eleutian fails to satisfy the necessary pleading requirements. Eleutian points to numerous paragraphs in the complaint,[77] but none provide more than a conclusory recitation of the elements, let alone provide anything beyond mere speculation that there was actual consumer deception.[78]

There is no indication in the briefing that Eleutian could remedy these deficiencies. Ellucian moved for dismissal with prejudice,[79] yet Eleutian does not proffer any additional facts or request the opportunity to amend the complaint. Therefore, Eleutian's third cause of action is dismissed with prejudice.

**The portions of the fourth and eighth claims for relief that relate to dilution by tarnishment are dismissed without prejudice for failure to state a claim.**

Eleutian alleges in the fourth claim for relief that

> Ellucian's use and sale of services and goods that are confusingly similar to the ELEUTIAN Mark, after the ELEUTIAN Mark became famous, have caused dilution of the distinctive quality of the ELEUTIAN Mark, in violation of 15 U.S.C. § 1125(c), by decreasing the capacity of the ELEUTIAN Mark to identify and distinguish Eleutian's services (blurring) and also by tarnishing the value of the ELEUTIAN Mark.[80]

To make a claim under § 1125(c), the owner of a distinctive and famous mark may bring action against another person who "commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic

---

[77] Opposition at 19–20.

[78] *See, e.g.* Complaint ¶ 59 ("Eleutian is informed, believes, and thereon alleges that Ellucian has used in commerce a false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive, as to whether Ellucian is affiliated, connected, or associated with Eleutian and/or as to whether Eleutian sponsored or approved of Ellucian's goods, services or commercial activities, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).").

[79] Motion at 1.

[80] Complaint ¶ 67.

injury."[81] Thus, there are two possible claims under § 1125(c), a claim for dilution by blurring

and a claim for dilution by tarnishment. Eleutian wraps both claims into its fourth claim for

relief.

Eleutian alleges in the eighth claim for relief that

Ellucian has used in commerce imitations of Eleutian's famous ELEUTIAN Mark in connection with the sale, offering for sale, distribution, and/or advertising of products and/or services, and such use is likely to cause injury to Eleutian's business reputation and/or to cause dilution of the distinctive quality of the ELEUTIAN Mark, in violation of Utah Code Annotated Section 70-3a-403 and the common law.[82]

Utah Code § 70-3a-403 states

(1) Subject to the principles of equity and upon the terms the court considers reasonable, the owner of a mark that is famous in this state is entitled to:
        (a) an injunction against another person's commercial use of a mark, if the use:
                (i) begins after the mark has become famous; and
                (ii) causes dilution of the distinctive quality of the mark;

The Tenth Circuit summarizes Utah's anti-dilution statute (actually, anti-dilution statutes

generally) and the common law concept of anti-dilution accordingly:

There is a likelihood of dilution due to (1) injury to the value of the mark caused by actual or potential confusion, (2) diminution in the uniqueness and individuality of the mark, or (3) injury resulting from use of the mark in a manner that tarnishes or appropriates the goodwill and reputation associated with plaintiff's mark.[83]

Though Utah's statute only refers to dilution generally, the Tenth Circuit's summary

captures the specific types of dilution available to plaintiffs. Thus, Eleutian's eighth claim for

relief encompasses all three types of dilution.

---

[81] 15 U.S.C. § 1125(c)(1).

[82] Complaint ¶ 91.

[83] *Jordache Enterprises, Inc. v. Hogg Wyld, Ltd.*, 828 F.2d 1482, 1489 (10th Cir. 1987).

Ellucian only challenges the portion of the fourth and eighth claims for relief that relate to dilution by tarnishment.[84]

"Tarnishment occurs when the plaintiff's trademark is likened to products of low quality, or is portrayed in a negative context. When the association is made through harmless or clean puns and parodies, however, tarnishment is unlikely."[85] "Tarnishment results when one party uses another's mark in a manner that tarnishes or appropriates the goodwill and reputation associated with the mark."[86] Said differently, "[t]arnishment generally arises when the plaintiff's trademark is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product."[87] To plead a claim for dilution by tarnishment under both federal and Utah law,[88] the plaintiff must allege some factual circumstances, such as those described above, that demonstrate tarnishment.

Ellucian argues that Eleutian fails to "allege Ellucian's products or services are of shoddy quality," and instead relies on speculation.[89] Ellucian further argues that Eleutian fails to "allege that Ellucian portrays its marks in an unwholesome or unsavory context."[90] Eleutian responds

---

[84] Motion at 1.

[85] *Harris Research, Inc. v. Lydon*, 505 F. Supp. 2d 1161, 1165 (D. Utah 2007). Case law interpreting 15 U.S.C. § 1125(c)(1) of the Lanham Act is relevant to understanding Utah's anti-dilution statute quoted above, Utah Code § 70-3a-403. *See* Utah Code § 70-3a-102(1) "This chapter [which includes Utah Code § 70-3a-403] shall be interpreted to provide for the registration and protection of trademarks and service marks in a manner substantially consistent with the federal system of trademark registration and protection under the Trademark Act of 1946, 15 U.S.C. Sec. 1051, et seq. [which includes 15 U.S.C. § 1125(c)(1)]."

[86] *Harris*, 505 F. Supp. 2d at 1165.

[87] *Deere & Co. v. MTD Products, Inc.*, 41 F.3d 39, 43 (2d Cir. 1994).

[88] Utah Code § 70-3a-102(1) "This chapter [which includes Utah Code § 70-3a-403] shall be interpreted to provide for the registration and protection of trademarks and service marks in a manner substantially consistent with the federal system of trademark registration and protection under the Trademark Act of 1946, 15 U.S.C. Sec. 1051, et seq. [which includes 15 U.S.C. § 1125(c)(1)]."

[89] Motion at 18.

[90] *Id.*

that under the Lanham Act it need only show a likely future dilution[91] and that under Utah's anti-dilution statute there is no requirement to allege that the defendant's products are of "shoddy quality" or portrayed "in an unwholesome or unsavory context."[92] In the alternative, Eleutian attaches a declaration to its opposition that provides examples of negative reviews of Ellucian's products.[93] Eleutian offers, if necessary, to "amend its Complaint to add allegations of Ellucian goods and services that are of shoddy or subpar quality."[94]

Extra-pleading material will not be considered. The Complaint does not allege that Ellucian's products are "of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about" Eleutian.[95] Eleutian only makes conclusory statements.[96] Those do not satisfy pleading requirements. And Eleutian's argument that it need only show the likelihood of future dilution is unhelpful because it fails to do that too.

Eleutian's offer to amend the complaint cannot be granted at this time. DUCivR 15-1 requires the amending party to "attach the proposed amended complaint as an exhibit to the motion for leave to file." Eleutian failed to formally move for an amendment and failed to attach the proposed amended complaint.

Therefore, the portions of the fourth and eighth cause of actions that relate to dilution by tarnishment are dismissed without prejudice. Eleutian may move to amend.

---

[91] Opposition at 23.

[92] *Id.* at 24.

[93] Declaration of Bentley J. Tolk in Opposition to Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and 8, docket no. 25-1, filed May 2, 2016.

[94] Opposition at 24.

[95] *Deere & Co.*, 41 F.3d at 43.

[96] *See* Complaint ¶¶ 67 and 91.

**The seventh claim for relief is dismissed with prejudice for failure to state a claim.**

Eleutian also alleges that

Ellucian has used in commerce false or misleading descriptions of fact that are likely to cause confusion (and have already caused actual confusion), or to cause mistake or to deceive, as to whether Ellucian is affiliated, connected, or associated with Eleutian and/or as to whether Eleutian sponsored or approved of Ellucian's activities, in violation of Utah Code Annotated Sections 13-5a-101 through -103.[97]

To prevail on an unfair competition claim under the Utah Unfair Competition Act (UUCA), Eleutian must demonstrate that there has been "an intentional business act or practice" that:

(i) (A) is unlawful, unfair, or fraudulent; and
    (B) leads to a material diminution in value of intellectual property; and
(ii) is one of the following:
    (A) malicious cyber activity;
    (B) infringement of a patent, trademark, or trade name;
    (C) a software license violation; or
    (D) predatory hiring practices.[98]

Courts interpreting the UUCA have found that the complaint must allege something "beyond simply trademark infringement,"[99] namely allegations of a practice that is "unlawful, unfair, or fraudulent." In short, in the trademark setting, the plaintiff must allege infringement-plus.[100]

Ellucian argues that

The only "business practice[s]" the Complaint alleges Ellucian has engaged in are (1) "using the mark ELLUCIAN GO in commerce [starting] on March 29, 2013"; (2) marketing and promoting its goods and services on the Internet; and (3) offering and selling "its goods and services . . . to the educational and college and

---

[97] Complaint ¶ 86. *See also* Complaint ¶ 87.

[98] Utah Code 1953 § 13-5a-102(4)(a).

[99] *Klein-Becker usa, LLC v. Home Shopping Nework, Inc. a Delaware Corporation*, no. 2:05-cv-00200-PGC, 2005 WL 2265007, at *6 (D. Utah Aug. 31, 2005).

[100] Eleutian agrees. *See* Opposition at 21 ("What is clear, however, is that a claim under the UUCA for unfair competition does require the plaintiff to plead something beyond mere trademark infringement.").

university market." The Complaint does not allege that any of these acts, absent [Eleutian's] allegation of trademark infringement, are "unlawful, unfair, or fraudulent."[101]

In response, Eleutian points to numerous paragraphs from the complaint that, it argues, allege something more than trademark infringement.[102] Specifically, they allege that Ellucian

- "[A]dvertised its services implicitly as being affiliated with Eleutian and/or approved or sponsored by Eleutian";[103]
- "continues to use the Ellucian and Ellucian Go marks despite full knowledge of the Eleutian mark and Eleutian's efforts in marketing, advertising and promoting the Eleutian mark";[104] and
- "used false or misleading descriptions of fact as to whether Ellucian is affiliated with Eleutian and as to whether Eleutian sponsored or approved of Ellucian's activities, and vice versa."[105]

These are allegations of trademark infringement. And similar to Eleutian's false advertisement claim, the allegations are conclusory. Eleutian's use of *Icon Health & Fitness, Inc. v. Johnson Health Tech North America, Inc.*,[106] is not helpful. *Icon Health* focused on whether the UUCA was preempted by federal patent law.[107] And as Ellucian properly summarizes,[108] the UUCA claim was not dismissed in that case because there were allegations that went beyond trademark infringement, actions that were "unlawful, unfair, or fraudulent."[109]

There is no indication in the briefing that Eleutian could remedy these deficiencies. Ellucian moved for dismissal with prejudice,[110] yet Eleutian does not proffer any additional facts

---

[101] Motion at 17 (citations to the Complaint omitted).

[102] Opposition at 21–22.

[103] *Id.* at 21.

[104] *Id.* at 22.

[105] *Id.*

[106] No. 1:10-cv-00209-DN-DBP, 2015 WL 164607 (D. Utah, Jan. 13, 2015.).

[107] *Id.* at *3.

[108] Reply at 9.

[109] *Id.*

[110] Motion at 1.

or request the opportunity to amend the complaint. Therefore, Eleutian's seventh claim for relief is dismissed with prejudice.

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss for Late Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) and 8[111] is GRANTED IN PART and DENIED IN PART. Because Magistrate Judge Pead's Ruling and Order Extending Time to Serve Complaint[112] is adopted, the 12(b)(5) grounds for dismissal are not considered. The third claim for relief is DISMISSED WITH PREJUDICE. The portions of the fourth and eighth Claims for relief that relate to dilution by tarnishment are DISMISSED WITHOUT PREJUDICE. And the seventh claim for relief is DISMISSED WITH PREJUDICE.

Signed February 21, 2017.

BY THE COURT

District Judge David Nuffer

---

[111] Docket no. 20, filed March 11, 2016.

[112] Docket no. 7, entered January 28, 2016.