Erik A. Christiansen, USB #7372
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
echristiansen@parsonsbehle.com
ecf@parsonsbehle.com

Jeffrey E. Ostrow (pro hac vice)
Brandon C. Martin (pro hac vice)
SIMPSON THACHER & BARTLETT
2475 Hanover Street
Palo Alto, CA 94304
Telephone:  650.251.5000
Facsimile:  650.251.5002
jostrow@stblaw.com
bmartin@stblaw.com

*Attorneys for Ellucian Company, L.P.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ELLUCIAN COMPANY, L.P.,<br><br>      Defendant. | **DEFENDANT ELLUCIAN COMPANY, L.P.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 2:15-CV-00649<br><br>Judge David Nuffer |

1

## ANSWER AND DEFENSES OF ELLUCIAN COMPANY, L.P. TO COMPLAINT

Defendant Ellucian Company, L.P. ("Ellucian"), by and through its undersigned counsel, responds to the Complaint filed by Plaintiff Eleutian Technology, Inc. ("ETI"), as follows:

1.      Ellucian admits that ETI purports to assert subject matter jurisdiction under 28 U.S.C. §§ 1131 and 1338(a) and 15 U.S.C. §§ 1121, 1114(1), 1125(a), 1125(c), and 1119.  The remaining allegations set forth in Paragraph 1 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

2.      Ellucian admits that ETI purports to assert supplemental jurisdiction over its Claims 6 through 8 under 28 U.S.C. § 1367(a).  The remaining allegations set forth in Paragraph 2 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

3.      Ellucian admits that ETI purports to assert that venue is proper under 28 U.S.C. § 1391(b).  That allegation and the allegation that Ellucian resides in this judicial district are legal conclusions to which no response is required; if such a response is required, Ellucian denies them.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 3 of the Complaint and, on that basis, denies them.

4.      The allegation that the Court has personal jurisdiction over Ellucian and that Ellucian resides in this judicial district are legal conclusions to which no response is required; if such a response is required, Ellucian denies them.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 4 of the Complaint and, on that basis, denies them.

## PARTIES

5.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, on that basis, denies them.

6.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, on that basis, denies them.

7.      Admit.

8.      Admit.

## ETI'S BUSINESS

9.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, on that basis, denies them.

10.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, on that basis, denies them.

11.      Ellucian denies that ETI is a market leader in the Learning Management System space.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 11 of the Complaint, and, on that basis, denies them.

12.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, on that basis, denies them.

13.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies them.

14.      Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, denies them.

15.     Ellucian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, denies them.

16.     Ellucian admits that ETI purports to be the owner of United States Service Mark Registration No. 4,649,191 (the "'191 Registration") and that the '191 Registration purportedly recites as covered goods and services: "conducting on-line programs in the field of language instruction, namely English; and providing courses of instruction, namely English-language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing."  Ellucian denies that the '191 Registration is valid.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 16 of the Complaint and, on that basis, denies them.

17.     Ellucian admits that ETI purports to have been the owner of United States Trademark and Service Mark Registration No. 3,279,732 (the "'732 Registration") and that the now cancelled '732 Registration purportedly recites as covered goods and services: "computer software for use in language instruction that may be downloaded from a global computer network; educational services, namely conducting on-line programs in the field of language instruction, namely English; and providing courses of instruction, namely English-language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing."  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 17 of the Complaint and, on that basis, denies them.

18.     Ellucian admits that the '732 Registration was cancelled on March 21, 2014. Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 18 of the Complaint and, on that basis, denies them.

19.     Ellucian denies that ETI's customers, potential customers, and the general public have come to know the ELEUTIAN Mark and to associate it with ETI and its goods and services.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 19 of the Complaint and, on that basis, denies them.

20.     Ellucian denies that ETI has built up extensive, valuable goodwill in the ELEUTIAN Mark.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 20 of the Complaint and, on that basis, denies them.

21.     Ellucian denies that the ELEUTIAN Mark is widely recognized by the general consuming public throughout the United States and the world as a designation of source of the services and goods provided by ETI.  The allegation that the ELEUTIAN Mark has become famous within the meaning of 15 U.S.C. § 1125(c)(2) in the United States generally is a legal conclusion to which no response is required; if such a response is required, Ellucian denies that the ELEUTIAN Mark has become famous within the meaning of 15 U.S.C. § 1125(c)(2) in the United States generally.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegation of Paragraph 21 of the Complaint and, on that basis, denies them.

5

## **DEFENDANT'S CONDUCT**

22.     Ellucian refers ETI to application serial number 85/569,141 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.

23.     Ellucian began using the Ellucian name in commerce as it appeared in application serial number 85/569,141 no later than March 26, 2012.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint and, on that basis, denies them.

24.     Ellucian refers ETI to United States Trademark Registration No. 4,380,887 and its prosecution and assignment history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint and, on that basis, denies them.

25.     Ellucian refers ETI to application serial number 85/569,153 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint and, on that basis, denies them.

26.     Ellucian began using the Ellucian name in commerce as it appeared in application serial number 85/569,153 no later than March 26, 2012.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and, on that basis, denies them.

27.     Ellucian refers ETI to United States Trademark Registration No. 4,380,888 and its prosecution and assignment history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and, on that basis, denies them.

28.     Ellucian refers ETI to application serial number 85/569,168 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and, on that basis, denies them.

29.     Ellucian began using the Ellucian name in commerce as it appeared in application serial number 85/569,168 no later than March 26, 2012.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and, on that basis, denies them.

30.     Ellucian refers ETI to United States Service Mark Registration No. 4,314,534 and its prosecution and assignment history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 of the Complaint and, on that basis, denies them.

31.     Ellucian refers ETI to application serial number 85/569,185 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint and, on that basis, denies them.

4842-6182-1508 v1

32.     Ellucian began using the Ellucian name in commerce as it appeared in application serial number 85/569,185 no later than March 26, 2012.  Ellucian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint and, on that basis, denies them.

33.     Ellucian refers ETI to United States Service Mark Registration No. 4,318,616 and its prosecution and assignment history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Complaint and, on that basis, denies them.

34.     Ellucian refers ETI to application serial number 85/892,101 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the Complaint and, on that basis, denies them.

35.     Ellucian refers ETI to application serial number 85/892,101 and its subsequent prosecution history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint and, on that basis, denies them.

36.     Ellucian refers ETI to United States Trademark Registration No. 4,443,019 and its prosecution and assignment history for its complete contents.  Ellucian denies any characterizations inconsistent therewith.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and, on that basis, denies them.

37.      Ellucian denies the allegations of Paragraph 37 of the Complaint.

38.      Ellucian admits that on November 26, 2012, Brian Holiday sent an email to Mindy Lok, who was then an associate at Simpson Thacher & Bartlett LLP.  Mr. Holiday's email stated that Eleutian "provide[s] software and services to the education market."  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint.

39.      Ellucian denies the allegations of Paragraph 39 of the Complaint.

40.      Ellucian denies the allegations of Paragraph 40 of the Complaint.

41.      Ellucian admits that it markets, advertises, and promotes its goods and services using the Internet.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 of the Complaint and, on that basis, denies them.

42.      Ellucian admits that it provides technology solutions and services to higher education institutions.   Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Complaint and, on that basis, denies them.

43.      Ellucian refers ETI to the complete prosecution histories of United States Trademark and Service Mark Registration Nos. 4,443,019; 4,318,616; 4,314,534; 4,380,888; and 4,380,887 (collectively the "Ellucian Marks"), none of which were opposed.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Complaint and, on that basis, denies them.

44.      Ellucian admits that it continues to use the Ellucian Marks in U.S. commerce. The allegation that the ELEUTIAN Mark has a famous nature is a legal conclusion to which no response is required; if such a response is required, Ellucian denies that the ELEUTIAN Mark

has a famous nature.  Ellucian is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint and, on that basis, denies them.

45.     Ellucian admits that it uses the Ellucian Marks in U.S. commerce.  Ellucian denies that the ELEUTIAN Mark has any goodwill.  The allegation that the ELEUTIAN Mark has "fame" is a legal conclusion to which no response is required; if such a response is required, Ellucian denies that the ELEUTIAN Mark has "fame."  Ellucian denies the remaining allegations of Paragraph 45 of the Complaint.

46.     Ellucian denies the allegations of Paragraph 46 of the Complaint.

47.     Ellucian denies the allegations of Paragraph 47 of the Complaint.

48.     Ellucian denies the allegations of Paragraph 48 of the Complaint.

49.     Ellucian denies the allegations of Paragraph 49 of the Complaint.

50.     Ellucian denies the allegations of Paragraph 50 of the Complaint.

51.     Ellucian admits that it uses the Ellucian Marks in U.S. commerce.  Ellucian denies the remaining allegations of Paragraph 51 of the Complaint.

52.     Ellucian denies the allegations of Paragraph 52 of the Complaint.

### FIRST CLAIM
### (Infringement of Plaintiff's Service Mark
### Certificate of Registration No. 4,649,191)

53.     Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 52, inclusive, as if fully set forth herein.

54.     Ellucian denies the allegations of Paragraph 54 of the Complaint.

55.     Ellucian denies the allegations of Paragraph 55 of the Complaint.

56.     Ellucian denies the allegations of Paragraph 56 of the Complaint.

4842-6182-1508 v1

57.     Ellucian admits that ETI purports to assert a claim against Ellucian for injunctive and monetary relief pursuant to Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1117.  The remaining allegations set forth in Paragraph 57 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

**SECOND CLAIM**
**(Unfair Competition in Violation of Section 43(a)(1)(A) of the Lanham Act)**

58.     Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 57, inclusive, as if fully set forth herein.

59.     Ellucian denies the allegations of Paragraph 59 of the Complaint.

60.     Ellucian denies the allegations of Paragraph 60 of the Complaint.

61.     Ellucian denies the allegations of Paragraph 61 of the Complaint.

**THIRD CLAIM**
**(False Advertising in Violation of**
**Section 43(a)(1)(B) of the Lanham Act)**

62.     This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 61, inclusive, as if fully set forth herein.

63.     This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 63 of the Complaint.

64.     This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 64 of the Complaint.

**FOURTH CLAIM**
**(Dilution of Famous Mark in Violation of**
**Section 43(c) of the Lanham Act)**

65.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian denies the allegations of Paragraph 66 of the Complaint.

67.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian denies the allegations of Paragraph 67 of the Complaint.

68.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian denies the allegations of Paragraph 68 of the Complaint.

69.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a

dilution by tarnishment claim.  To the extent a response is required, Ellucian denies the allegations of Paragraph 69 of the Complaint.

70.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian denies the allegations of Paragraph 70 of the Complaint.

## FIFTH CLAIM
### (Cancellation of the Registrations for the ELLUCIAN Marks and the ELLUCIAN GO Mark under Section 37 of the Lanham Act)

71.     Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 70, inclusive, as if fully set forth herein.

72.     Ellucian admits that it owns the Ellucian Marks, that those marks are registered on the Principal Register of the United States Patent and Trademark Office (the "USPTO"), and that ETI purports to state a claim for cancellation of those marks against Ellucian.  Ellucian denies the remaining allegations of Paragraph 72 of the Complaint.

73.     Ellucian admits that Section 37 of the Lanham Act, 15 U.S.C. § 1119, provides that the Court may order the cancelation of registrations.  The remaining allegations set forth in Paragraph 73 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

74.     Ellucian denies the allegations of Paragraph 74 of the Complaint.

75.     Ellucian denies the allegations of Paragraph 75 of the Complaint.

76.     Ellucian denies the allegations of Paragraph 76 of the Complaint.

4842-6182-1508 v1

### SIXTH CLAIM
### (Common Law Trademark and Trade Name Infringement)

77.     Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 76, inclusive, as if fully set forth herein.

78.     Ellucian is without knowledge or information sufficient to form a belief as to whether ETI has used its mark for many years and, on that basis, denies it.  The remaining allegations set forth in Paragraph 78 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

79.     Ellucian denies the allegations of Paragraph 79 of the Complaint.

80.     Ellucian denies the allegations of Paragraph 80 of the Complaint.

81.     Ellucian denies the allegations of Paragraph 81 of the Complaint.

82.     Ellucian denies the allegations of Paragraph 82 of the Complaint.

83.     Ellucian denies the allegation s of Paragraph 83 of the Complaint.

84.     Ellucian admits that ETI purports to assert a claim against Ellucian for injunctive and monetary relief for trademark and trade name infringement under the common law of the State of Utah.  The remaining allegations set forth in Paragraph 84 of the Complaint state legal conclusions to which no response is required; if such a response is required, Ellucian denies them.

### SEVENTH CLAIM
### (Unfair Competition in Violation of
### Utah Code Annotated Sections 13-5a-101 – 103)

85.     This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 84, inclusive, as if fully set forth herein.

4842-6182-1508 v1

86.    This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 86 of the Complaint.

87.    This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 87 of the Complaint.

88.    This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 88 of the Complaint.

89.    This claim has been dismissed with prejudice, and, accordingly, no response is required.  To the extent a response is required, Ellucian denies the allegations of Paragraph 89 of the Complaint.

**EIGHTH CLAIM**
**(Trademark Dilution in Violation of**
**Utah Code Annotated Section 70-3a-403)**

90.    The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim.  To the extent a response is required, Ellucian restates and incorporates by reference its responses to Paragraphs 1 through 89, inclusive, as if fully set forth herein.

91.    The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a

dilution by tarnishment claim. To the extent a response is required, Ellucian denies the allegations of Paragraph 91 of the Complaint.

92.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim. To the extent a response is required, Ellucian denies the allegations of Paragraph 92 of the Complaint.

93.     The portion of this claim relating to dilution by tarnishment has been dismissed, and, accordingly, no response is required with respect to the portion of the allegation relating to a dilution by tarnishment claim. To the extent a response is required, Ellucian denies the allegations of Paragraph 93 of the Complaint.

**PRAYER FOR RELIEF**

94.     Ellucian denies that ETI is entitled to any of the relief sought in the Complaint.

95.     To the extent any allegations of the Complaint have not been previously specifically admitted or denied, Ellucian denies them.

**DEFENSES**

96.     Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Ellucian pleads the following defenses:

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

97.     The Complaint and each claim alleged therein fail to state any claim against Ellucian upon which relief can be granted.

98.     The Complaint does not identify a single instance of confusion between the parties' goods and services.

4842-6182-1508 v1

**SECOND DEFENSE**
**(LACK OF STANDING)**

99.     ETI does not have the requisite rights to establish standing to sue.

**THIRD DEFENSE**
**(FAILURE TO MAKE TIMELY SERVICE OF PROCESS)**

100.    The Complaint and each alleged claim therein are barred, in whole or in part, by ETI's untimely service of process.

101.    ETI filed the Complaint on September 9, 2015.

102.    The time period allotted by Federal Rule of Civil Procedure 4(m) for service expired on January 7, 2016.

103.    On January 26, 2016, more than two weeks after the time for service expired, ETI moved for an extension of time to serve the Complaint.

104.    The magistrate granted the motion for extension on its January 28, 2016 Ruling and Ordering Extending Time to Serve Complaint.

105.    On January 29, 2016, more than three weeks after the time for service of process expired, ETI served the Complaint on Ellucian.

**FOURTH DEFENSE**
**(STATUTES OF LIMITATIONS)**

106.    The Complaint and each claim alleged therein are barred, in whole or in part, by applicable statutes of limitations.

107.    On information and belief, ETI first learned of the conduct of which it complains no later than November 26, 2012.

108.    On information and belief, Utah Code Annotated Section 78-12-26(3) governs ETI's claims and provides a three year limitation period that expired on November 26, 2015.

17

109.    ETI filed the Complaint on September 9, 2015.

110.    On January 29, 2016, ETI served the Complaint on Ellucian, more than three weeks after the time for service of process expired on January 7, 2016.

111.    Because ETI did not complete service of process prior to the expiration of the statute of limitations, ETIs claims are barred.

### FIFTH DEFENSE
### (LACHES)

112.    The Complaint and each claim alleged therein are barred, in whole or in part, by laches, in that ETI unreasonably and unduly delayed efforts to enforce its rights, if any, despite its full awareness of Ellucian's allegedly infringing actions.

113.    On information and belief, ETI first learned of the conduct of which it complains no later than November 26, 2012.

114.    On November 30, 2012, Ellucian informed ETI in a detailed written response that Ellucian Marks do not infringe on ETI's purported rights.

115.    Nearly three years later, ETI filed the Complaint on September 9, 2015.

116.    Ellucian did not receive any communication from ETI during that approximately three year period.

117.    ETI did not oppose the registration of the Ellucian Marks.

118.    On information and belief, there was no justifiable excuse for ETI's unreasonable and undue delay to contest Ellucian's use of the Ellucian Marks.

119.    In reliance on ETI's silence, since November 2012, Ellucian has invested significant amount of time and resources in advertising, marketing, and promoting its products and services that are associated with the Ellucian Marks.

4842-6182-1508 v1

120.    ETI's unreasonable and undue delay in bringing this action has materially prejudiced Ellucian's business.

## SIXTH DEFENSE
## (WAIVER, ACQUIESCENCE, AND ESTOPPEL)

121.    The Complaint and each claim alleged therein are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

122.    On information and belief, ETI first learned of the conduct of which it complains no later than November 26, 2012.

123.    On November 26, 2012, ETI's counsel sent a cease and desist letter to Ellucian's outside counsel, alleging, incorrectly, that Ellucian's marks had a likelihood to cause confusion in the marketplace.

124.    On November 30, 2012, Ellucian's outside counsel responded in writing and informed ETI that the Ellucian Marks were not likely to cause confusion in the marketplace.

125.    After receiving Ellucian's response and before it filed the Complaint on September 9, 2015, ETI did not object to Ellucian's response, request further explanations from Ellucian, seek any relief, or, on information and belief, even attempt to communicate with Ellucian.

126.    ETI did not oppose the registration of the Ellucian Marks.

127.    On information and belief, there was no justifiable excuse for ETI's unreasonable and undue delay to contest Ellucian's use of the Ellucian Marks.

128.    In reliance on ETI's silence, since November 2012, Ellucian has invested significant amount of time and resources in advertising, marketing, and promoting its products and services that are associated with the Ellucian Marks.

4842-6182-1508 v1

## SEVENTH DEFENSE
## (LACK OF SECONDARY MEANING)

129.    The Complaint and each claim alleged therein are barred, in whole or in part, on the basis that some or all of ETI's marks at issue have not acquired secondary meaning.

## EIGHTH DEFENSE
## (NON-INFRINGEMENT)

130.    Ellucian has not infringed any trademarks owned by ETI under federal or state law.

131.    There is no actual confusion and no likelihood of confusion between the Ellucian Marks and the ELEUTIAN Mark, at least because Ellucian and ETI advertise, market, and sell different products in different markets.

## NINTH DEFENSE
## (NO CAUSATION)

132.    ETI's claims against Ellucian are barred because ETI's damages, if any, were not caused by Ellucian.

## TENTH DEFENSE
## (UNCLEAN HANDS)

133.    The Complaint and each claim alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH DEFENSE
## (NO DAMAGE)

134.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Ellucian in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

4842-6182-1508 v1

**TWELFTH DEFENSE**
**(FAILURE TO MITIGATE)**

135.     The Complaint and each alleged claim therein are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**THIRTEENTH DEFENSE**
**(NO PUNITIVE DAMAGES)**

136.     Ellucian alleges that no punitive or exemplary damages should be awarded out of the claims made in the Complaint under the laws of the United States and Utah because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States Constitution, specifically under the First Amendment to the United States Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (iii) any such award is precluded or limited pursuant to Section 78B-8-201 of the Utah Code or the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (iv) punitive damages would violate the United States Constitution and federal and Utah common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary, and without sufficient constraints or protection against arbitrary and excessive awards.

**FOURTEENTH DEFENSE**
**(LACK OF IRREPARABLE HARM)**

137.     ETI's claims for injunctive relief are barred because ETI cannot show that it has suffered or will suffer any irreparable harm from Ellucian's actions.

4842-6182-1508 v1

**FIFTEENTH DEFENSE**
**(ADEQUACY OF REMEDY AT LAW)**

138.     The alleged injury or damage suffered by ETI, if any, would be adequately compensated by damages.  Accordingly, ETI has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**SIXTEENTH DEFENSE**
**(DUPLICATIVE CLAIMS)**

139.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

**SEVENTEENTH DEFENSE**
**(ABANDONMENT)**

140.     The Complaint and each alleged claim therein are barred, in whole or in part, by ETI's abandonment of its marks.

**ADDITIONAL DEFENSES RESERVED**
**(RESERVATION OF ADDITIONAL DEFENSES)**

141.     Ellucian reserves the right to assert all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the trademark and unfair competition laws of the United States and Utah, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, and any other factual investigation, or any other development relating to this case or any other action.

**RELIEF REQUESTED**

Wherefore, Ellucian respectfully requests:

22

A.      That the Court dismiss the Complaint against Ellucian with prejudice and find that ETI take nothing by way of its Complaint;

B.      That Ellucian be awarded its attorney's fees and expenses and costs of suit incurred herein;

C.      That the Court award Ellucian any and all other relief to which Ellucian may show itself to be entitled; and

D.      That the Court award Ellucian any and all other relief the Court may deem just, equitable, and proper.

<strong><u>COUNTERCLAIM</u></strong>

<strong><u>PARTIES</u></strong>

1.      Defendant and counterclaim plaintiff, Ellucian Company, L.P. ("Ellucian"), for its counterclaim against plaintiff and counterclaim defendant Eleutian Technology, Inc. ("ETI"), states and alleges as follows:

2.      Ellucian is a Delaware limited partnership with its principal place of business in Fairfax, Virginia.

3.      ETI is a Delaware corporation with its principal place of business in Cody, Wyoming.

4.      ETI has an office in Lehi, Utah.

<strong><u>JURISDICTION AND VENUE</u></strong>

5.      This Court has jurisdiction over the subject matter of the counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

4842-6182-1508 v1

6.      ETI is subject to venue and personal jurisdiction in this district because it chose to bring this action in this Court.

## ELLUCIAN'S BUSINESS

7.      Ellucian sells high-end software solutions designed for the various administrative functions of colleges and universities.  Ellucian's customers are universities.  Specifically, Ellucian markets and sells to university technology and systems officers, who buy products to meet their institutions' overall operational and administrative needs.

8.      Ellucian's sales are accomplished only after extensive personal interaction with specific, targeted customers.  Ellucian's customers are sophisticated, institutional buyers who take care in selecting their products.  Ellucian's offerings are provided pursuant to carefully and extensively negotiated license, maintenance, and service agreements.  The buying decisions for these highly technical solutions are made by committees that include a university's financial officer, functional users, and information technology professionals.  The acquisition process typically involves complex competitive bidding processes and detailed technical and functional analysis of solutions offered by competitors—of which ETI is not one.

9.      Ellucian does not offer lessons in how to speak English.  It never has.

## ELLUCIAN'S TRADEMARKS

10.      Ellucian is the registered owner of United States Trademark and Service Mark Registration Nos. 4,443,019; 4,318,616; 4,314,534; 4,380,888; and 4,380,887 (collectively, the "Ellucian Marks").

11.      Ellucian first began using the mark registered on August 6, 2013 as Registration No. 4,380,887 (the "'887 mark") in commerce for computer software used to manage, support,

and deliver administrative and academic record keeping capabilities to higher education institutions no later than March 26, 2012, and the '887 mark has been used continuously since that time by Ellucian.

12.     A copy of the registration for the '887 mark is attached hereto as Exhibit A.  The registration for the '887 mark is valid, subsisting, and in full force.

13.     Ellucian first began using the mark registered on August 6, 2013 as Registration No. 4,380,888 (the "'888 mark") in commerce for printed instructional materials and manuals in the field of computer software no later than March 26, 2012, and the '888 mark has been used continuously since that time by Ellucian.

14.     A copy of the registration for the '888 mark is attached hereto as Exhibit B.  The registration for the '888 mark is valid, subsisting, and in full force.

15.     Ellucian first began using the mark registered on April 2, 2013 as Registration No. 4,314,534 (the "'534 mark") in commerce in the fields of human resource management consulting services, financial aid consulting services, and educational services no later than March 26, 2012, and the '534 mark has been used continuously since that time by Ellucian.

16.     A copy of the registration for the '534 mark is attached hereto as Exhibit C.  The registration for the '534 mark is valid, subsisting, and in full force.

17.     Ellucian first began using the mark registered on April 9, 2013 as Registration No. 4,318,616 (the "'616 mark") in commerce for computer software development, design, consulting, support, hosting, installation, and maintenance services no later than March 26, 2012, and the '616 mark has been used continuously since that time by Ellucian.

18.    A copy of the registration for the '616 mark is attached hereto as Exhibit D.  The registration for the '616 mark is valid, subsisting, and in full force.

19.    Ellucian first began using the mark registered on December 3, 2013 as Registration No. 4,443,019 (the "'019 mark") in commerce in the field of downloadable software in the nature of a mobile application for use by higher education institutions in or around approximately March 2013, and the '019 mark has been used continuously since that time by Ellucian.

20.    A copy of the registration for the '019 mark is attached hereto as Exhibit E.  The registration for the '019 mark is valid, subsisting, and in full force.

21.    Since Ellucian's initial use of the Ellucian Marks, Ellucian has made a substantial investment in marketing and branding and promoting its good and services under the Ellucian Marks.  Ellucian has used, advertised, and promoted its goods and services by using the Ellucian Marks, and the customers, potential customers, and the general public have come to know and recognize the Ellucian Marks and associate the marks with Ellucian's goods and services.

22.    Ellucian's marketing and promotional efforts using the Ellucian Marks have included its partnership with Amazon.com to provide Ellucian software solution in the cloud to allow institutions across the world to benefit from Ellucian's higher education product portfolio and Ellucian's investment of more than $10 million in marketing since late 2012.

23.    As a result, the Ellucian Marks are widely recognized by the general consuming public throughout the United States and the world as a designation of source of the services and goods provided by Ellucian.  For example, University Business Magazine had named the "Ellucian eTranscripts" product to its list of "Readers' Choice Top Products" for 2016.

4842-6182-1508 v1

### ETI's BUSINESS

24.     On information and belief, ETI teaches lessons in English as a Second Language ("ESL") to students in foreign countries.  It does online English language instruction.  It does so through video-conferencing.  ETI claims that "live video-conferencing between students and teachers" is the "hallmark of [its] teaching."

25.     On information and belief, ETI does not sell online English language instruction to students in the United States.

26.     On information and belief, none of ETI's customers are located in the United States.

### ETI REGISTERS "ELEUTIAN" FOR THE FIRST TIME, BUT THE REGISTRATION IS CANCELLED BY THE USPTO

27.     ETI's predecessor, Eleutian Technology, LLC ("ETI1"), first submitted an application to register the ELEUTIAN Mark with the USPTO on April 28, 2006.  This application was given the serial number 78/872,479 (the "'479 Application").

28.     The '479 Application claimed two classes of goods and services.  Those were (i) international class 041 for "Educational services, namely e-learning solutions, teacher student conferencing, and other teaching methods" and (2) international class 009 for "Computer software for learning languages."

29.     The '479 Application claimed Section 1(a) as a filing basis for both types of goods and services and stated that the ELEUTIAN Mark was used in commerce for both types of goods and services "[a]t least as early as 11/08/2005."

30.     ETI1's representative signed a declaration stating "all statements made" in the '479 Application were true.

31.     However, the statement in the '479 Application that ETI1 had used the ELEUTIAN Mark in commerce for "[e]ducational services, namely e-learning solutions, teacher student conferencing, and other teaching methods" and for "[c]omputer software for learning languages" "[a]t least as early as 11/08/2005" was false.

32.     ETI1 submitted two specimens in support of the '479 Application.  The specimens are copies of, on information and belief, screenshots and/or printouts of the www.eleutian.com website.  ETI1 described the specimens in the '479 Application as "[a]n online brochure of the educational services and/or goods offered."

33.     The specimens submitted by ETI1 in support of the '479 Application are identical.  The specimens show that ETI1 purported to offer English lessons to speakers of the Japanese and Korean languages.

34.     On information and belief, ETI1 did not offer any goods or services aside from instruction in the English language as of April 28, 2006.

35.     In an office action dated October 10, 2006, the examining attorney stated that the "wording in the identification of goods and services" in the '479 Application was "too broad."

36.     The examining attorney suggested in the October 10, 2006 office action that ETI1 substitute new language for Class 9 ("Computer software recorded on data media for use in language instruction") and for Class 41 ("Educational services, namely conducting informal on-line programs in the field of language instruction, namely [specify the language(s), e.g. English]; Providing courses of instruction, namely [specify the language(s), e.g. English] language

courses, at the [specify the educational level, e.g. high school, college, post-graduate] level, including providing teacher-student conferencing.").

37.     On February 2, 2007, ETI1 appointed its counsel of record in this case, Gregory M. Hess, as its attorney for prosecution of the '479 Application.

38.     In response to the October 10, 2006 office action, ETI1 amended the '479 Application with new descriptions for both international class 009 and international class 041 on February 6, 2007.

39.     For international class 009, ETI1 proposed that its goods and services be described as "Computer software for use in language instruction that may be downloaded from a global computer network."

40.     For international class 041, ETI1 proposed that its goods and services be described as "Educational services, namely conducting on-line programs in the field of language instruction, namely English; Providing courses of instruction, namely English-language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing."

41.     On information and belief, ETI1 did not offer any goods or services aside from instruction in the English language prior to or as of February 6, 2007.

42.     In its February 6, 2007 response to the October 10, 2006 office action, ETI1 stated that it "coined" the term "Eleutian" "by combining the letter 'E' with part of the word 'Aleutian' from the Aleutian Island chain that bridges Asia and the US."

43.     In its February 6, 2007 response to the October 10, 2006 office action, ETI1 reaffirmed that it used "Eleutian" in commerce "[a]t least as early as 11/08/2005."

44.     The USPTO published the "Eleutian" mark on May 9, 2007 in the Official Gazette.

45.     The "Eleutian" mark was subsequently registered in the Principal Register as Trademark and Service Mark No. 3,279,732 (the "'732 Registration") on August 14, 2007 with the descriptions proposed by ETI1 on February 6, 2007.

46.     ETI1 assigned the '732 Registration to ETI on or about November 10, 2010, when ETI1 merged into ETI.

47.     ETI failed to provide a timely Section 8 Declaration of use of the '732 Registration.

48.     The '732 Registration was cancelled by the USPTO on March 21, 2014.

**ETI SENDS A CEASE AND DESIST LETTER TO ELLUCIAN'S COUNSEL**

49.     On or about November 26, 2012, a year and a half before the '732 Registration was cancelled, Mr. Brian Holiday sent an email to Mindy Lok.  A copy of Mr. Brian Holiday's November 26, 2012 email is attached hereto as Exhibit F (the "Cease and Desist Letter").

50.     Mr. Brian Holiday was ETI's Chief Legal Counsel at that time and was authorized to speak on behalf of ETI.

51.     Mr. Brian Holiday continues to hold himself out as Chief Legal Counsel of ETI.

52.     On information and belief, Mr. Brian Holiday was admitted as a member of the Utah State Bar on October 18, 2000 with Bar No. 8931.  On information and belief, Mr. Holiday remains a member of the Utah State Bar.

53.     As of November 26, 2012, Mindy Lok was an associate at Simpson Thacher & Bartlett LLP.

54.     Mr. Brian Holiday's email alleged that Ellucian's use of its Ellucian Marks infringed ETI's purported rights in the ELEUTIAN Mark.  According to Mr. Brian Holiday, Ellucian's use of its marks created "a likelihood to cause confusion in the marketplace" with ETI's mark.

55.     Ellucian responded by letter to Mr. Brian Holiday on November 30, 2012 – only four days later.  A copy of Ellucian's November 30, 2012 letter is attached hereto as Exhibit G (the "Response Letter").

56.     Ellucian's November 30, 2012 letter to Mr. Brian Holiday stated that Ellucian believed that "its use of the ELLUCIAN trademark does not infringe the trademark rights of Eleutian Technology, Inc." and laid out several reasons for that belief.

57.     Ellucian's November 30, 2012 letter to Mr. Brian Holiday stated that it was "not clear that ETI even sells software as a separate or distinct product, rather than simply using videoconferencing technology to enhance the students' learning experience."

58.     Ellucian's November 30, 2012 letter to Mr. Brian Holiday also stated that "[a]ll of the marketing content on ETI's website supports a business of providing teachers to instruct students in how to speak English."

59.     Ellucian's November 30, 2012 letter to Mr. Brian Holiday discussed various aspects of the use by Ellucian of its Ellucian Marks in commerce.

60.     On information and belief, as of November 30, 2012, ETI did not sell software as a separate or distinct product aside from using videoconferencing technology as a delivery method to enhance students' educational experience in learning English as a second language.

61.     On information and belief, as of November 30, 2012, ETI did not offer any goods or services aside from instruction of students in English as a second language.

62.     Mr. Brian Holiday and ETI were aware of the Ellucian Marks, Ellucian's use of those marks in U.S. commerce and its good-faith belief that it had the right to use those marks in U.S. commerce no later than November 30, 2012.

63.     Prior to the institution of this suit on September 9, 2015, neither Ellucian nor its counsel received any further communication from ETI or its representatives after Ellucian responded to Mr. Brian Holiday on November 30, 2012.

64.     ETI did not oppose Ellucian's registration of the Ellucian Marks.

## ETI FILES A NEW APPLICATION FOR REGISTRATION OF THE ELEUTIAN MARK

65.     After the USPTO cancelled ETI's '732 Registration for "ELEUTIAN," ETI filed a new application for "ELEUTIAN" on April 28, 2014.

66.     The new application for "ELEUTIAN" was given the serial number 86/264,479 (the "second '479 Application").

67.     The second '479 Application was filed by ETI on April 28, 2014, more than one year after ETI and Mr. Brian Holiday became aware of Ellucian and Ellucian's use of the Ellucian Marks in U.S. commerce.

68.     The second '479 Application was prosecuted by ETI's counsel of record, Mr. Gregory M. Hess.

69.     ETI's second '479 Application sought registration only in international class 041.

70.     The second '479 Application identified ETI's goods and services as "Educational services, namely conducting on-line programs in the field of language instruction, namely English; Providing courses of instruction, namely English-language courses, at the elementary school, junior high school, high school, college, and post-graduate levels, including providing teacher-student conferencing."

71.     ETI submitted five specimens of its use of "ELEUTIAN" to the USPTO in support of the second '479 Application.

72.     These five specimens were printouts from ETI's website.

73.     None of the five specimens indicate that ETI offered any goods or services in U.S. commerce aside from instruction of students in English as a second language.

74.     None of the five specimens indicate that ETI offered instruction in the English language to students in the United States.

75.     On information and belief, as of April 28, 2014, ETI did not offer any goods or services aside from instruction of students in English as a second language.

76.     On information and belief, as of April 28, 2014, ETI did not offer instruction in the English language to students in the United States.

77.     On April 28, 2014, at approximately 9:27 p.m. Eastern Time, Mr. Brian Holiday, acting on behalf of ETI as its General Counsel, submitted a declaration in support of the second '479 Application to the USPTO.  The declaration in support of the second '479 Application bears Mr. Brian Holiday's signature.  A copy of Mr. Brian Holiday's declaration is attached hereto as Exhibit H (the "Declaration").

78.     That Declaration states: "The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive.  The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

79.     Mr. Brian Holiday signed the Declaration on April 28, 2014.

80.     Mr. Brian Holiday signed the Declaration as ETI's General Counsel.

81.     Mr. Brian Holiday knew of Ellucian before he signed the Declaration.

82.     On information and belief, Mr. Brian Holiday knew that the Ellucian Marks were registered before he signed the Declaration.

83.     Mr. Brian Holiday knew that Ellucian was using the Ellucian Marks in U.S. commerce at the time he signed the Declaration.

84.     Mr. Brian Holiday believed that Ellucian's use of its Ellucian Marks had a likelihood to cause confusion in the marketplace at the time he signed the Declaration.

85.     Mr. Brian Holiday's representation that he "believe[d] that to the best of [his] knowledge and belief, no other person ha[d] the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with

34

the goods/services of such other person, to cause confusion or mistake, or to deceive" was therefore false.

86.     Mr. Brian Holiday knew that this representation was false.

87.     Mr. Brian Holiday should have known that this representation was false.

88.     ETI and Mr. Brian Holiday intended for the USPTO to rely on this false representation.

89.     The USPTO reasonably relied on Mr. Brian Holiday's false representation.

90.     Ellucian was harmed by Mr. Brian Holiday's false representation because the USPTO, in reliance on Mr. Brian Holiday's false representation, allowed the ELEUTIAN Mark to be registered in the Principal Register as Registration No. 4,649,191 (the "'191 Registration"). After the USPTO allowed the mark to be registered, ETI sued Ellucian in the instant lawsuit.

91.     In the instant lawsuit, ETI alleges causes of action that it could not assert if the ELEUTIAN Mark were not registered, including at least its First Claim, Infringement of Plaintiff's Service Mark Certificate of Registration No. 4,649,191.

92.     In the instant lawsuit, ETI demands relief that it could not demand if the ELEUTIAN Mark were not registered, including at least its demand for treble damages.

93.     On information and belief, ETI would not have sued Ellucian at all if the ELEUTIAN Mark were not registered.

94.     ETI's lawsuit against Ellucian has damaged the goodwill in Ellucian's Ellucian Marks and caused Ellucian to spend money defending the suit.

95.     The second '479 Application further stated that ETI had used "ELEUTIAN" in commerce "[a]t least as early as 11/08/2005."

96.      This statement was false.

97.      The USPTO allowed the ELEUTIAN Mark to be registered in the Principal

Register on December 2, 2014 for "Educational services, namely conducting on-line programs in

the field of language instruction, namely English; Providing courses of instruction, namely

English-language courses, at the elementary school, junior high school, high school, college, and

post-graduate levels, including providing teacher-student conferencing."

98.      On September 11, 2015, two days after commencing the present lawsuit, ETI filed

a Section 7 Request form with the USPTO.

99.      In its Section 7 Request, ETI notified the USPTO that it had not used the

ELEUTIAN Mark at least as early as November 8, 2005.  ETI requested that the USPTO correct

the date of first use in commerce to "at least as early as 04/00/2006."  ETI explained that the

ETI's predecessor had "believed in good faith that [it was] using the mark in commerce" as of

11/08/2005 and that it "did not understand that [it] actually had to be selling or transporting

existing branded goods or actually providing the referenced services under the mark to qualify as

trademark 'use.'"

100.     In its Section 7 Request, ETI did not notify the USPTO that Mr. Brian Holiday's

April 28, 2014 Declaration was false.

101.     In its Section 7 Request, ETI did not request any other changes to the '191

Registration.

102.     On information and belief, neither ETI nor its predecessor has ever used the

ELEUTIAN Mark in connection with the sale of software designed for the various administrative

functions of colleges and universities in the United States.

103.     By reason of Ellucian's November 30, 2012 letter to Mr. Brian Holiday, ETI was aware, before it filed the instant law suit, that Ellucian does not now and never has offered instruction in the English language.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT, 28 U.S.C. §§ 2201 & 2202)

104.     Ellucian restates and incorporates by reference the allegations contained in Paragraphs 1 through 103, inclusive, of the Counterclaim, as if fully set forth herein.

105.     ETI has alleged in this action that Ellucian has infringed the ELEUTIAN Mark.

106.     Ellucian denies that it has infringed or that its use of the Ellucian Marks in connection with the high-end software solutions designed for the various administrative functions of colleges and universities will ever infringe or in any way violate ETI's purported rights in the ELEUTIAN Mark, because there is no likelihood of consumer confusion.

107.     Ellucian has been and will continue to be damaged by the persistent uncertainty created by ETI's unsubstantiated claims with respect to Ellucian's legitimate use of the Ellucian Marks.

108.     Accordingly, Ellucian is entitled to a declaration by this Court that Ellucian and its use of the Ellucian Marks in U.S. commerce does not infringe or otherwise violate ETI's purported rights in the '191 Registration.

## SECOND COUNTERCLAIM
## (CANCELLATION OF U.S. SERVICE MARK REGISTRATION NO. 4,649,191, 15 U.S.C. §§ 1064 & 1119)

109.     Ellucian restates and incorporates by reference the allegations contained in Paragraphs 1 through 108, inclusive, of the Counterclaim, as if fully set forth herein.

110.     ETI has alleged in this action that it owns the '191 Registration.

37

111.    This Court should order the cancelation of ETI's registration of the '191

Registration pursuant to 15 U.S.C. §§ 1064 and 1119 because that registration issued as a result

of ETI's misrepresentations to the USPTO.  Specifically, in its application for federal registration

of the '191 Registration, ETI made false and misleading assertions and material omissions that it

knew to be false for the purpose of procuring a registered mark from the second '479

Application.

112.    On information and belief, when Mr. Brian Holiday, as ETI's General Counsel,

signed his Declaration on April 28, 2014, he knew that Ellucian Marks were registered and used

in commerce by Ellucian and he believed that the Ellucian Marks had a likelihood to cause

confusion with ETI's use of "ELEUTIAN."  In ETI's Cease and Desist Letter, dated

November 26, 2012, Mr. Brian Holiday wrote, "Please note that [Ellucian's] newly-registered

marks have a likelihood to cause confusion in the marketplace."  Exhibit F ("Cease and Desist

Letter").  Ellucian confirmed on November 30, 2012 that the Ellucian Marks were actively used

in commerce for several months prior to receiving the Cease and Desist Letter.  Exhibit G

("Response Letter") ("Ellucian publicly announced its new name in late March 2012 and used

the mark actively in commerce for eight months before receiving your e-mail.").

113.    On April 28, 2014, Mr. Brian Holiday and ETI believed that Ellucian's use of the

Ellucian Marks would likely cause consumer confusion.  Mr. Brian Holiday and ETI began to

believe so no later than November 26, 2012, *see* Exhibit F ("Cease and Desist Letter"), and still

believes so, *see* Complaint.

114.    Thus, Mr. Brian Holiday's Declaration, stating "to the best of [his] knowledge

and belief, no other person has the right to use the mark in commerce, either in the identical form

or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive," was literally false and misleading.

115.    When the Declaration was signed, Ellucian had clearly established legal rights in the federally-registered Ellucian Marks by reason of such registration.

116.    On information and belief, at the time Mr. Brian Holiday signed the Declaration, Mr. Brian Holiday and ETI knew or at least should have known that Ellucian had clearly established rights in the federally-registered Ellucian Marks.

117.    The second '479 Application further stated that ETI had used "ELEUTIAN" in commerce "[a]t least as early as 11/08/2005."

118.    This statement was false.

119.    ETI believed this statement to be false when the second '479 Application was filed.  ETI believed that the first use anywhere and the date of the first use in commerce of "ELEUTIAN" were in fact no earlier than April 1, 2006.

120.    Mr. Brian Holiday and ETI failed to disclose these material facts to the USPTO during the prosecution of the second '479 Application, intending to procure a registration to which it was not entitled.

121.    Mr. Brian Holiday's and ETI's false and material representations caused the USPTO to improperly register the '191 Registration.

122.    ETI is attempting to use that improperly issued registration to harm Ellucian and to preclude Ellucian from doing what it is otherwise authorized to do under the law.

123.     Ellucian has suffered, and will continue to suffer, damages as a result of the improperly issued '191 Registration.

124.     In light of the foregoing, the '191 Registration should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119.

**PRAYER FOR RELIEF**

Wherefore, Ellucian respectfully prays:

A.     That the Court enter an order adjudging and declaring that Ellucian's use of its Ellucian Marks does not infringe ETI's purported rights in its marks;

B.     That the Court enter an order cancelling U.S. Service Mark Registration No. 4,649,191;

C.     That the Court enter a permanent injunction enjoining ETI, its officers, agents, distributors, employees, and those participating or acting in concert with it, from interfering in any manner with Ellucian's use or registration of the Ellucian Marks in connection with the high-end software solutions designed for the various administrative functions of colleges and universities in the United States;

D.     That the Court award Ellucian compensatory damages in an amount to be determined at trial, plus trebled, enhanced, punitive, or any other damages that the Court deems appropriate under the circumstances of the case;

E.     That the Court award Ellucian costs associated with this action, including attorneys' fees and expenses;

F.     That the Court award Ellucian pre-judgment and post-judgment interest as allowed by law;

4842-6182-1508 v1

G.      That the Court award Ellucian any and all other relief to which Ellucian may

show itself to be entitled; and

H.      That the Court award Ellucian any and all other relief that the Court may deem

just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Ellucian, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

DATED:  March 7, 2017

/s/ Erik A. Christiansen
Erik A. Christiansen
PARSONS BEHLE & LATIMER

Jeffrey E. Ostrow (pro hac vice)
Brandon C. Martin (pro hac vice)
SIMPSON THACHER & BARTLETT

*Attorneys for Ellucian Company, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

On this 7th day of March, 2017, I hereby certify that I electronically filed the forgoing

**DEFENDANT ELLUCIAN COMPANY, L.P.'S ANSWER AND COUNTERCLAIM** with

the Clerk of Court using the CM/ECF system, which sent notification to all counsel of record.


<u>/s/ Erik A. Christiansen</u>

4842-6182-1508 v1