Gregory M. Hess (UT #5611)
Bentley J. Tolk (UT #6665)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
Facsimile: 801-532-7750
ghess@parrbrown.com
btolk@parrbrown.com

Attorneys for Eleutian Technology, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| ELEUTIAN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ELLUCIAN COMPANY, L.P., <br><br> Defendant. | **PLAINTIFF ELEUTIAN TECHNOLOGY, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM** <br><br> Civil No. 2:15-CV-00649-DN <br><br> Judge David Nuffer |

Plaintiff and counterclaim defendant Eleutian Technology, Inc. ("Eleutian") hereby answers the Counterclaim, dated March 17, 2017 (the "Counterclaim"), filed by defendant and counterclaim plaintiff Ellucian Company, L.P. ("Ellucian"), in the above-captioned case and, without prejudice to its right to file an amended Answer and/or Complaint after additional discovery or investigation, admits, denies and/or avers as follows:

## FIRST DEFENSE

Eleutian responds as follows to the allegations contained in the numbered paragraphs of the Counterclaim:

### PARTIES

1. Denies each and every allegation, except admits that Ellucian purports to assert a counterclaim against Eleutian.

2. Admits.

3. Admits.

4. Admits.

### JURISDICTION AND VENUE

5. Admits.

6. Admits.

### ELLUCIAN'S BUSINESS

7. Denies each and every allegation on the ground that Eleutian lacks knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "Denies for lack of information").

8. Denies for lack of information.

9. Denies for lack of information.

### ELLUCIAN'S TRADEMARKS

10. Denies for lack of information, except admits that those registration numbers were at one point issued to Ellucian.

11. Denies for lack of information.

12. Denies for lack of information, except admits that Ellucian has attached a copy of a registration as Exhibit A, and admits that the terms of that registration speak for themselves.

13. Denies for lack of information.

14. Denies for lack of information, except admits that Ellucian has attached a copy of a registration as Exhibit B, and admits that the terms of that registration speak for themselves.

15. Denies for lack of information.

16. Denies for lack of information, except admits that Ellucian has attached a copy of a registration as Exhibit C, and admits that the terms of that registration speak for themselves.

17. Denies for lack of information.

18. Denies for lack of information, except admits that Ellucian has attached a copy of a registration as Exhibit D, and admits that the terms of that registration speak for themselves.

19. Denies for lack of information.

20. Denies for lack of information, except admits that Ellucian has attached a copy of a registration as Exhibit E, and admits that the terms of that registration speak for themselves.

21. Denies each and every allegation, except denies for lack of information the first sentence of this paragraph and the first part of the second sentence of this paragraph.

22. Denies for lack of information.

23. Denies each and every allegation, except denies for lack of information the second sentence of this paragraph.

## ETI'S BUSINESS

24. Denies each and every allegation, except admits that the terms of Eleutian's website speak for themselves, and admits that Eleutian (1) since 2008 has continually offered a

Learning Management System to the schools, colleges and universities with which it does business; (2) is the industry leader of online language instruction for global business and education entities; (3) is an active partner with many corporations and schools in the development and delivery of custom English learning programs to meet their unique student needs; (4) has the world's largest network of U.S. Board Certified Teachers who teach English as a Second Language (ESL) to students around the globe, delivering many hours of video conference lessons via state-of-the-art technology; and (5) engages in online language instruction.

25. Admits, except affirmatively avers that some of Eleutian's English language students are located in the United States.

26. Denies.

## ETI REGISTERS "ELEUTIAN" FOR THE FIRST TIME, BUT THE REGISTRATION IS CANCELLED BY THE USPTO

27. Denies each and every allegation, except admits that on April 28, 2006, Eleutian Technology, LLC filed an application (the "2006 Application") with the USPTO to register the ELEUTIAN mark, and admits that the terms of the 2006 Application speak for themselves.

28. Denies each and every allegation, except admits that the terms of the 2006 Application speak for themselves.

29. Denies each and every allegation, except admits that the terms of the 2006 Application speak for themselves.

30. Denies each and every allegation, except admits that the terms of the 2006 Application speak for themselves.

31. Denies each and every allegation, except admits that Eleutian Technology, LLC ("Eleutian LLC") by November 8, 2005 had registered the domain name www.eleutian.com for purposes of carrying on the business of providing the services and distributing the goods stated in the '479 Application under the ELEUTIAN mark, had printed business cards that bore the ELEUTIAN mark, had developed a product plan for the specified goods and services, and had begun marketing the planned goods and services to potential customers using the ELEUTIAN mark; that Eleutian LLC believed in good faith it was using the ELEUTIAN mark in commerce for those goods and services, as required by Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a); that Eleutian LLC did not understand the technical legal definition of "used . . . in commerce" to mean that Eleutian LLC had to be selling or transporting the specified goods in commerce or providing the specified services to qualify as being "used . . . in commerce;" that Eleutian LLC therefore mistakenly claimed November 8, 2005 as the date of first use of the Mark in commerce for the specified goods and services; and that as soon as it learned of this good-faith mistake, its successor-in-interest, Eleutian Technology, Inc. ("Eleutian"), corrected that mistake, as shown in corrected U.S. Registration No. 4,649,191, a copy of which is attached hereto as Exhibit A.

32. Denies each and every allegation, except admits that Eleutian Technology, LLC submitted two specimens in support of the 2006 Application, and admits that the terms of those specimens and of the 2006 Application speak for themselves.

33. Denies each and every allegation, except admits that the terms of the specimens speak for themselves.

34. Denies.

35. Denies each and every allegation, except admits that the terms of the October 10, 2006 office action speak for themselves.

36. Denies each and every allegation, except admits that the terms of the October 10, 2006 office action speak for themselves.

37. Denies each and every allegation, except admits that on February 2, 2007, Eleutian Technology, LLC appointed Gregory M. Hess, counsel of record in this case, as its attorney in connection with the 2006 Application.

38. Denies each and every allegation, except admits that the terms of Eleutian Technology, LLC's February 6, 2007 response to office action speak for themselves.

39. Denies each and every allegation, except admits that the terms of Eleutian Technology, LLC's February 6, 2007 response to office action speak for themselves.

40. Denies each and every allegation, except admits that the terms of Eleutian Technology, LLC's February 6, 2007 response to office action speak for themselves.

41. Denies.

42. Denies each and every allegation, except admits that the terms of Eleutian Technology, LLC's February 6, 2007 response to office action speak for themselves.

43. Denies each and every allegation, except admits that the terms of Eleutian Technology, LLC's February 6, 2007 response to office action speak for themselves.

44. Denies each and every allegation, except admits that the terms of the USPTO's May 9, 2007 Notice of Publication under 12(a) speak for themselves.

45. Denies each and every allegation, except admits that the terms of the registration at issue in the Principal Register speak for themselves.

46. Denies each and every allegation, except admits that Eleutian LLC was merged with and into Eleutian pursuant to a Certificate of Merger dated November 17, 2010 and filed with the Secretary of State of Delaware on November 17, 2010, the result of which is that all right, title, and interest in and to U.S. Registration No. 3,279,732, the mark ELEUTIAN, and the goodwill symbolized therein became owned by Eleutian by operation of law.

47. Denies each and every allegation, except admits that, while Eleutian continued to use the ELEUTIAN mark in commerce without interruption, it did not file the affidavit required by Section 8 of the Lanham Act, 15 U.S.C. § 1058, for U.S. Registration No. 3,279,732.

48. Admits.

## ETI SENDS A CEASE AND DESIST LETTER TO ELLUCIAN'S COUNSEL

49. Denies each and every allegation, except admits that the terms of Brian Holiday's November 26, 2012 email to Mindy Lok speak for themselves, and admits that Ellucian's Exhibit F purports to be a copy of that email.

50. Denies each and every allegation, except admits that Brian Holiday was Eleutian's General Counsel at the time of the email at issue and that he was authorized to speak on behalf of Eleutian regarding the issues in that email.

51. Denies each and every allegation, except admits that Brian Holiday currently serves as Eleutian's General Counsel.

52. Admits.

53. Denies for lack of information.

54. Denies each and every allegation, except admits that the terms of Brian Holiday's email speak for themselves.

55. Denies each and every allegation, except admits that the terms of Lori E. Lesser's November 30, 2012 letter to Brian Holiday speak for themselves, and admits that Ellucian's Exhibit G purports to be a copy of that letter.

56. Denies each and every allegation, except admits that the terms of Ms. Lesser's letter speak for themselves.

57. Denies each and every allegation, except admits that the terms of Ms. Lesser's letter speak for themselves.

58. Denies each and every allegation, except admits that the terms of Ms. Lesser's letter speak for themselves.

59. Denies each and every allegation, except admits that the terms of Ms. Lesser's letter speak for themselves.

60. Denies, except admits that Eleutian does not "sell" software as opposed to licensing it.

61. Denies.

62. Denies each and every allegation, including without limitation the claim that Ellucian believed in good faith it had a right to use any ELLUCIAN mark in U.S. commerce, except otherwise admits that the terms of Ms. Lesser's letter speak for themselves.

63. Denies for lack of information.

64. Denies each and every allegation, including without limitation that Eleutian did not oppose Ellucian's registration of any marks with ELLUCIAN in them, as Eleutian had made it clear in Mr. Holiday's email that Eleutian opposed the registration of those marks and expected Ellucian to withdraw its applications to register them, except admits that Eleutian did not file a

notice of opposition with respect to such applications within the 30-day window provided for the filing of notices of opposition after the marks were published.

ETI FILES A NEW APPLICATION FOR REGISTRATION OF THE ELEUTIAN MARK

65. Denies each and every allegation, except admits that on April 28, 2014, Eleutian filed an application (the "2014 Application") for the ELEUTIAN mark, and admits that the terms of the 2014 Application speak for themselves.

66. Denies each and every allegation, except admits that the terms of the 2014 Application speak for themselves.

67. Denies each and every allegation, except admits that Eleutian filed the 2014 Application on April 28, 2014.

68. Denies each and every allegation, except admits that Gregory M. Hess, Eleutian's counsel of record in this case, is the attorney listed on the 2014 Application.

69. Denies each and every allegation, except admits that the terms of the 2014 Application speak for themselves.

70. Denies each and every allegation, except admits that the terms of the 2014 Application speak for themselves.

71. Denies each and every allegation, except admits that the terms of the 2014 Application and its accompanying specimens speak for themselves.

72. Denies each and every allegation, except admits that the terms of the five specimens speak for themselves.

73. Denies each and every allegation, except admits that the terms of the five specimens speak for themselves.

74. Denies each and every allegation, except admits that the terms of the five specimens speak for themselves.

75. Denies.

76. Denies.

77. Denies each and every allegation, except admits that the terms of Mr. Holiday's declaration in connection with the 2014 Application speak for themselves, and admits that Ellucian's Exhibit H purports to be a copy of that declaration.

78. Denies each and every allegation, except admits that the terms of the declaration speak for themselves.

79. Denies each and every allegation, except admits that the terms of the declaration speak for themselves.

80. Denies each and every allegation, except admits that the terms of the declaration speak for themselves.

81. Denies for lack of information as to the meaning of the vague and ambiguous phrase, "knew of Ellucian," but admits that Mr. Holiday understood that there was a company that was called by the name Ellucian.

82. Admits that Mr. Holiday believed that Ellucian had received registrations for the Ellucian Marks, but denies any implication that he believed that any such registrations were valid or that Ellucian had any right to use the Ellucian Marks and affirmatively avers that Mr. Holiday believed that Ellucian had no right to use the Ellucian Marks and that any such registrations were unlawful and subject to cancellation.

83. Admits that Mr. Holiday believed that Ellucian was using the Ellucian Marks in the United States, but denies any implication that he believed that Ellucian had any right to use the Ellucian Marks and affirmatively avers that Mr. Holiday believed that Ellucian had no legal right to use the Ellucian Marks in the United States and instead was using them illegally in violation of Eleutian's senior rights in the ELEUTIAN mark.

84. Admits.

85. Denies. Without limiting the generality of the foregoing denial, Eleutian affirmatively avers that, at the time of the Declaration of Brian Holiday, Mr. Holiday and Eleutian correctly believed that no other person had the right to use the ELEUTIAN mark or any other confusingly similar mark, such as ELLUCIAN, in commerce, because Section 2(d) of the Lanham Act prohibited the registration of any mark that "consist[ed] of or comprise[d] a mark which so resemble[d] a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive," 15 U.S.C. § 1052(d), Section 37 of the Lanham Act provided for cancellation of marks erroneously registered, *id.* § 1119, and Eleutian had senior common law trademark rights in the ELEUTIAN mark, making Ellucian's use of any mark with ELLUCIAN in it unlawful.

86. Denies.

87. Denies.

88. Denies each and every allegation, and denies that there was a false representation.

89. Denies each and every allegation, and denies that there was a false representation.

90. Denies each and every allegation, and denies that there was a false representation or any harm to Ellucian, except admits that the ELEUTIAN Mark was registered on December 2, 2014 as Registration No. 4,649,191, and admits that Eleutian filed its Complaint in this lawsuit on September 9, 2015.

91. Denies each and every allegation, except admits that the terms of the Complaint speak for themselves, and states that this paragraph alleges legal conclusions to which no response is required.

92. Denies each and every allegation, except admits that the terms of the Complaint speak for themselves, and states that this paragraph alleges legal conclusions to which no response is required.

93. Denies.

94. Denies each and every allegation, except denies for lack of information whether the lawsuit has caused Ellucian to spend money defending the suit.

95. Denies each and every allegation, except admits that the terms of the 2014 Application speak for themselves.

96. Denies, except admits that Eleutian LLC by November 8, 2005 had registered the domain name www.eleutian.com for purposes of carrying on the business of providing the services and distributing the goods stated in the '479 Application under the ELEUTIAN mark, had printed business cards that bore the ELEUTIAN mark, had developed a product plan for the specified goods and services, and had begun marketing the planned goods and services to potential customers using the ELEUTIAN mark; that Eleutian LLC believed in good faith it was using the ELEUTIAN mark in commerce for those goods and services, as required by Section 1(a)

of the Lanham Act, 15 U.S.C. § 1051(a); that Eleutian LLC did not understand the technical legal definition of "used . . . in commerce" to mean that Eleutian LLC had to be selling or transporting the specified goods in commerce or providing the specified services to qualify as being "used . . . in commerce;" that Eleutian LLC therefore mistakenly claimed November 8, 2005 as the date of first use of the Mark in commerce for the specified goods and services; that the same good-faith mistake was repeated in the 2014 Application; and that as soon as it learned of this good-faith mistake, Eleutian corrected that mistake, as shown in corrected U.S. Registration No. 4,649,191, a copy of which is attached hereto as Exhibit A.

97. Denies each and every allegation, except admits that the terms of the December 2, 2014 registration of the ELEUTIAN Mark in the Principal Register speak for themselves.

98. Denies each and every allegation, except admits that Eleutian filed a Section 7 Request Form with the USPTO on September 11, 2015, and admits that Eleutian filed its Complaint in this lawsuit on September 9, 2015.

99. Denies each and every allegation, except admits that the terms of the Section 7 Request Form speak for themselves.

100. Denies each and every allegation, except admits that the terms of the Section 7 Request Form speak for themselves.

101. Denies each and every allegation, except admits that the terms of the Section 7 Request Form speak for themselves.

102. Denies each and every allegation for lack of information about the meaning of the vague and ambiguous phrase "various administrative functions of colleges and universities in the United States," except admits that neither Eleutian nor its predecessor-in-interest has ever "sold"

software, as opposed to licensing it, and affirmatively avers that Eleutian and its predecessor-in-interest have done business with colleges and/or universities that have a presence and/or do business in the United States.

103. Denies each and every allegation, except admits that the terms of Lori E. Lesser's November 30, 2012 letter to Brian Holiday speak for themselves.

FIRST COUNTERCLAIM
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT, 28 U.S.C. §§ 2201 & 2202)

104. Eleutian restates and incorporates by references its responses to the allegations contained in Paragraphs 1 through 103, inclusive, of the Counterclaim, as if fully set forth herein.

105. Denies each and every allegation, except admits that the terms of the Complaint speak for themselves, and admits that Eleutian has alleged infringement on the part of Ellucian.

106. Denies each and every allegation, except admits that the terms of Ellucian's Answer to Complaint speak for themselves.

107. Denies.

108. Denies.

SECOND COUNTERCLAIM
(CANCELLATION OF U.S. SERVICE MARK REGISTRATION NO. 4,649,191, 15 U.S.C. §§ 1064 & 1119)

109. Eleutian restates and incorporates by references its responses to the allegations contained in Paragraphs 1 through 108, inclusive, of the Counterclaim, as if fully set forth herein.

110. Denies each and every allegation, except admits that the terms of the Complaint speak for themselves, and admits that Eleutian has alleged in the Complaint that it is the owner of United States Trademark Registration No. 4,649,191.

111. Denies each and every allegation, and denies that there were any misrepresentations, false assertions, misleading assertions, or material omissions that Eleutian knew to be false.

112. Denies each and every allegation, except admits that when Mr. Brian Holiday, as Eleutian's General Counsel signed his Declaration on or about April 28, 2014, he believed that the Ellucian Marks were registered and used in commerce by Ellucian in the United States and that such marks had a likelihood to cause confusion with Eleutian's use of the ELEUTIAN mark, and admits that Exhibits F and G speak for themselves. Without limiting the generality of the foregoing qualified denial, Eleutian denies any implication that Mr. Holiday believed at the time he signed the Declaration that any such registrations were valid or that Ellucian had any right to use the Ellucian Marks and affirmatively avers that Mr. Holiday believed that the registrations were unlawful and subject to cancellation and that Ellucian had no right to use the Ellucian Marks and that any such use was unlawful and violated Eleutian's rights as the senior user of the ELEUTIAN mark.

113. Admits.

114. Denies each and every allegation, except admits that the terms of Brian Holiday's declaration speak for themselves, and affirmatively avers that Mr. Holiday believed that Ellucian had no right to use the Ellucian Marks and that any such use was unlawful and violated Eleutian's rights as the senior user of the ELEUTIAN mark.

115. Denies.

116. Denies.

117. Denies each and every allegation, except admits that the terms of the 2014 Application speak for themselves.

118. Denies each and every allegation, except admits that Eleutian LLC by November 8, 2005 had registered the domain name www.eleutian.com for purposes of carrying on the business of providing the services and distributing the goods stated in the '479 Application under the ELEUTIAN mark, had printed business cards that bore the ELEUTIAN mark, had developed a product plan for the specified goods and services, and had begun marketing the planned goods and services to potential customers using the ELEUTIAN mark; that Eleutian LLC believed in good faith it was using the ELEUTIAN mark in commerce for those goods and services, as required by Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a); that Eleutian LLC did not understand the technical legal definition of "used . . . in commerce" to mean that Eleutian LLC had to be selling or transporting the specified goods in commerce or providing the specified services to qualify as being "used . . . in commerce;" that Eleutian LLC therefore mistakenly claimed November 8, 2005 as the date of first use of the Mark in commerce for the specified goods and services; and that as soon as it learned of this good-faith mistake, its successor-in-interest, Eleutian, corrected that mistake, as shown in corrected U.S. Registration No. 4,649,191, a copy of which is attached hereto as Exhibit A.

119. Denies.

120. Denies.

121. Denies.

122. Denies each and every allegation, and denies that the registration was improperly issued.

4818-0866-1062 v. 1

123. Denies each and every allegation, and denies that the registration was improperly issued.

124. Denies.

## SECOND DEFENSE

Eleutian denies generally and specifically each and every allegation contained in the Counterclaim which Eleutian does not specifically herein admit. Eleutian denies that Ellucian is entitled to any of the relief prayed for in the Counterclaim.

## THIRD DEFENSE

The Counterclaim, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Ellucian's claims are barred, in whole or in part, by its failure to properly or adequately mitigate its claimed damages, if any.

## FIFTH DEFENSE

Ellucian's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## SIXTH DEFENSE

To the extent that Ellucian has suffered any compensable damages, as alleged in the Counterclaim (which Eleutian denies), any such damages were caused not by Eleutian, but by the acts, omissions, knowledge and negligence of Ellucian or other persons acting on its behalf, and/or by third parties.

### SEVENTH DEFENSE

No act or omission of Eleutian was the cause of Ellucian's alleged damages, if any.

### EIGHTH DEFENSE

Ellucian's claims are barred by assumption of risk.

### NINTH DEFENSE

Ellucian's claims are barred, in whole or in part, by the right of offset and/or recoupment.

### TENTH DEFENSE

Ellucian's claims are barred, in whole or in part, by Ellucian's unclean hands.

### ELEVENTH DEFENSE

Eleutian acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Eleutian at the time it so acted. Accordingly, Ellucian is barred from any recovery in this action.

### TWELFTH DEFENSE

Eleutian reserves the right to assert additional defenses to Ellucian's claims as this case proceeds.

WHEREFORE, Eleutian prays as follows:

1. that the Counterclaim be dismissed with prejudice on its merits;

2. that Eleutian be awarded judgment against Ellucian in the amount of all attorneys' fees and costs incurred by Eleutian herein; and

3. that the Court grant such other and further relief to Eleutian as the Court deems proper.

Case 2:15-cv-00649-DN Document 43 Filed 04/11/17 PageID.671 Page 19 of 20

DATED this 11th day of April, 2017.

                                  PARR BROWN GEE & LOVELESS, P.C.

                                  By:  /s/ Bentley J. Tolk
                                        Gregory M. Hess, Esq.
                                        Bentley J. Tolk, Esq.
                                        Attorneys for Plaintiff Eleutian Technology, Inc.

4818-0866-1062 v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April, 2017, a true and correct copy of the foregoing **PLAINTIFF ELEUTIAN TECHNOLOGY, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM** was served via CM/ECF electronic notification service on the following:

>Erik A. Christiansen
>PARSONS BEHLE & LATIMER
>#1800, 201 Main Street
>Salt Lake City, UT 84111
>echristiansen@parsonsbehle.com

>Jeffrey E. Ostrow (*pro hac vice*)
>Brandon C. Martin (*pro hac vice*)
>SIMPSON THACHER & BARTLETT LLP
>2475 Hanover Street
>Palo Alto, CA 94304
>jostrow@stblaw.com
>bmartin@stblaw.com

/s/ Bentley J. Tolk

4818-0866-1062 v. 1